UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10361-NG

UNITED STATES OF AMERICA

v.

JOHN HANDY

## MEMORANDUM AND ORDER ON
## GOVERNMENT'S MOTION FOR DETENTION

August 16, 2005

DEIN, M.J.

## I.  GOVERNMENT'S MOTION FOR DETENTION

The defendant is charged in a one count indictment with being a felon in

possession of a firearm and ammunition.  An initial appearance was held on July 12,

2005, at which time the defendant was represented by counsel.  The government

moved for detention pursuant to 18 U.S.C. §§ 3142 (f)(1)(A), (f)(1)(B), (f)(1)(D) and

(f)(2)(A) on the grounds that the defendant is a danger to the community and poses a

serious risk of flight.  By agreement, the detention hearing was scheduled for August

10, 2005.

The detention hearing was held on August 10, 2005, at which time the defendant

was represented by counsel.  Special Agent Sheila O'Hara testified on behalf of the

government, and was cross-examined by the defendant's counsel.  For the reasons

detailed herein, this court concludes that there are no conditions which will reasonably

assure the safety of the community and the appearance of the defendant as required.
The court, therefore, orders that the defendant be detained prior to trial.

## II.  <u>THE BAIL REFORM ACT</u>

A.    Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the
judicial officer shall order that, pending trial, the defendant either be (1) released on his
or her own recognizance or upon execution of an unsecured bond; (2) released on a
condition or combination of conditions; (3) temporarily detained to permit revocation of
conditional release, deportation or exclusion; or (4) detained.  <u>See</u> 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the
judicial officer finds by clear and convincing evidence after a detention hearing "that no
condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably
assure the safety of any other person or the community . . . ," or if the judicial officer
finds by a preponderance of the evidence after a detention hearing "that no condition or
combination of conditions will reasonably assure the appearance of the person as
required . . . ."  <u>See</u> <u>United States v. Patriarca</u>, 948 F.2d 789, 792-93 (1st Cir. 1991).

B.    The government is entitled to move for detention on grounds of danger to
the community in a case that –

(1)    involves a crime of violence within the meaning of 18 U.S.C.
§ 3156(a)(4);

(2)    involves an offense punishable by death or life imprisonment;

(3)     involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; or

(4)     involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court sua sponte may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses.  See 18 U.S.C. § 3142(f).

C.     In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

(a)     the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(b)     the weight of the evidence against the accused;

(c)     the history and characteristics of the person, including --

---

[1]     The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines.  See United States v. Moss, 887 F.2d 33, 336-37 (1st Cir. 1989).

(i)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(ii)   whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(d)   the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

D.   Additionally, in making the determination, the judicial officer must

consider two rebuttable presumptions, to wit:

First, a rebuttable presumption arises that no condition or combination of

conditions will reasonably assure the safety of any other person or the community if the

judicial officer finds (1) that the defendant has been convicted of a federal crime of

violence within the meaning of § 3156(a)(4) [or a state crime of violence within the

meaning of § 3156(a)(4) if the offense would have been a federal offense if a

circumstance giving rise to federal jurisdiction had existed], a federal offense for which

the maximum sentence is life imprisonment or death, a federal offense for which a

maximum term of imprisonment of ten years or more is prescribed in the Controlled

Substances Act -- e.g., possession of cocaine, heroin, or more than 1000 pounds of

marijuana, with intent to distribute, the Controlled Substances Import and Export Act, or

any felony after the person has been convicted of two or more prior offenses as

described immediately above, or two or more state or local offenses that would have

-4-

been offenses described immediately above if circumstances giving rise to federal

jurisdiction had existed; (2) that prior offense was committed while the person was on

release pending trial; and (3) not more than five years has elapsed since the date of

conviction for that prior offense, or his or her release for that prior offense, whichever is

later.  See 18 U.S.C. § 3142(e).

Second, a rebuttable presumption arises that no condition or combination

of conditions will reasonably assure the appearance of the person as required and the

safety of the community if the judicial officer finds that there is probable cause to

believe that the person has committed an offense for which a maximum term of

imprisonment of ten years or more is prescribed by the Controlled Substances Act or

the Controlled Substances Import and Export Act or an offense under the provisions of

18 U.S.C. § 924(c) – i.e., use of or carrying a firearm during the commission of a

federal offense which is a felony.  See 18 U.S.C. § 3142(e).

Insofar as the latter "presumption" is applicable in assessing "risk of flight," the

burden remains with the government to establish "that no condition or combination of

conditions will reasonably assure the appearance of the person as required . . . ."  In

striking the proper balance, this court must bear in mind Congress' findings that major

drug offenders, as a class, pose a special danger of flight.  The burden then rests on

the defendant to come forward with "some evidence" indicating that these general

findings are not applicable to him for whatever reason advanced.  United States v.

Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  This "only imposes a burden of production

on a defendant.  The burden of persuasion remains with the government." United

States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987) (per curiam); see also United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988).  Even when a defendant produces "some evidence" in rebuttal, however, the presumption does not disappear.  Rather, it retains some evidentiary weight, the amount of which will depend on how closely the defendant's case "resembles the congressional paradigm" and other relevant factors.  Palmer-Contreras, 835 F.2d at 17-18; Dillon, 938 F.2d at 1416.  See United States v. Jessup, 757 F.2d 378, 387 (1st Cir. 1985).

### III.  DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant."  U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.  Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the safety of the community or the defendant's presence at trial.

### A.  The Offense Charged And Weight Of The Evidence

The defendant is charged with possession of a firearm and ammunition, and the evidence against him is strong.  Briefly, on June 2, 2004, the Massachusetts State Police conducted a search of the defendant's home pursuant to a search warrant issued by the Brockton District Court in connection with a drug investigation.  During the search, the officers found a plastic baggie containing a substance that appeared to be heroin, and a loaded (6 rounds) Smith and Wesson .38 caliber handgun in a black leather holster under a floorboard in the defendant's bedroom.  The defendant pleaded

guilty to the state charges brought against him, including possession of a firearm

without a license.[2]  Pursuant to an agreement he was sentenced to 6 months at the

Plymouth House of Corrections.  Following the completion of his sentence for that and

other charges he was brought to the federal court in connection with the present

charges.

The defendant has an extensive criminal record, as described briefly below.

There is no dispute that he has prior felony convictions which would preclude him from

lawfully possessing a handgun.

### B.  History And Characteristics Of The Defendant

The defendant, age 42, was born on April 4, 1963 in Boston, Massachusetts,

and has lived here his entire life.  He earned his diploma from Madison Park High

School in Roxbury, Massachusetts.  He is single and has 10 children.  Four of the

children live with their mother, three live with the defendant's brother, one lives with the

defendant's sister, and two live with their mother.  For his part, the defendant lives with

him mother who suffers from dementia.

The defendant has seven brothers and sisters, six of whom live in

Massachusetts.  They are all supportive of the defendant.  The defendant proposes

that he be released to live with his mother so that he can care for her.

The defendant has a lengthy history of drug abuse.  He started using heroin at

age 19.  Over the years the defendant has been in eight different detox programs but

---

[2]    The defendant argues, and the government seems to agree, that since the case against Mr. Handy had been targeted for federal prosecution, he should not have been allowed to plead guilty to the state charges. However, determination of the ramifications, if any, of the existence of both state and federal charges will have to await the filing of any motions deemed appropriate by the defense.

-7-

he has not successfully completed any.  The defendant says that the people that surround him in his environment trigger his urges to use illegal drugs.

The defendant has a lengthy criminal record dating back to 1982.  His prior convictions include, but are not limited to, a 2002 conviction for possession of a Class A controlled substance in Dorchester District Court, a 1999 conviction for assault and battery with a dangerous weapon in Brockton District Court, and 1997 conviction in West Roxbury District Court for the manufacture, distribution and possession of a Class A controlled substance.  His record is replete with defaults.

## C.  Danger To The Community

The government has met its burden of proof, by clear and convincing evidence, that there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community.  The defendant has an extensive record of drug-related crimes, as well convictions for violent crimes, including assault and battery and assault and battery with a dangerous weapon. Despite an extensive history with the criminal justice system, including periods of incarceration, the defendant does not appear able to modify his behavior.  The defendant's numerous opportunities for drug treatment, unfortunately, have proved unsuccessful.

Apparently the defendant's mother is willing to have the defendant live with her if he is released, and the defendant's extended family is very supportive of him. Unfortunately, however, it appears that the defendant's extensive criminal history involves crimes committed while he lived with his mother.  It does not appear to this

court that the defendant's family is able to exert sufficient control over the defendant to insure his compliance with orders of the court.  The danger to the community is high.

### D.  Risk Of Flight

I also find that the record evidence before this court warrants a conclusion that no condition or combination of conditions -- short of pretrial detention -- would reasonably assure the appearance of the defendant.  The prospect of a significant jail sentence provides a clear and unequivocal impetus to flee, and the defendant's record reveals a number of defaults.  In addition, the defendant's criminal record includes a number of aliases, further supporting the conclusion that there is a high risk of non-appearance.

### IV.  ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

(1)    That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)    On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy

United States Marshal for the purpose of any appearance in connection with a court

proceeding.


       / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge