UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      )
                              )
     v.                       )   CRIMINAL NO. 04-10361-NG
                              )
JOHN HANDY                    )
```

MOTION FOR DISCOVERY RE: COOPERATING WITNESSES

Defendant moves, pursuant to Fed. R. Crim. P. 16 and Local Rule 116.2, that the government be ordered to furnish the name and address of the cooperating informant used to plan and execute the search warrant giving rise to the one count in the indictment against the defendant. Defendant also moves that the government disclose the telephone number used by the cooperating witness to contact the defendant in the week leading to the execution of the search warrant June 2, 2994. The defendant further moves for specific items of discovery in regard to the cooperating informant.

**BACKGROUND**

As has become clear during the two days of hearings thus far precipitated by Defendant's Motion to Suppress, the issue at trial (should the Motion to Suppress be denied) will be whether Handy constructively possessed the weapon found beneath the floor of the bedroom in which he was found. Testimony and discovery previously provided has revealed that the home at 41 Weston St. in Brockton belonged not to Handy but a companion with whom he

has had an on-again, off-again relationship for several years. No witness at trial will testify that Handy actually possessed the weapon at any time; rather, the government's theory at trial will be that Handy lived at the address, specifically in the bedroom at issue, and that he therefore constructively possessed the weapon found beneath the floor.

As the Court has heard, the investigation giving rise to this case included direct participation of at least one cooperating witnesses who likely faced or could have faced significant criminal penalties and who was undoubtedly rewarded handsomely for his cooperation against defendant.  Testimony during defendant's Motion to Suppress has revealed that this witness was an active participant in the events underlying the conduct charged in this case up to just moments before police entry into the home.  Indeed, the cooperating witness was crucial to luring defendant to the home that police delayed execution of the warrant pending the witness's several day effort to ensure that Handy was on the premises.  See Transcript, Motion to Suppress Day II, at 104.  Police only executed the warrant once the cooperating informant telephoned the man he knew as "Joe" had agreed to travel to 41 Weston St. to meet him.  See Transcript, Motion to Suppress Day I, at 39-41.

Whether Handy actually lived at 41 Weston St. at the time the gun was stored there will be hotly contested at trial.  In

this light, the cooperating witnesses's testimony is crucial for the defense - if, as seems clear, luring Handy to 41 Weston St. took several days to accomplish, the witness's testimony would substantially undercut the government's theory that Handy actually lived in the bedroom at issue and therefore must have possessed the gun found below the floor.

Despite the centrality of this witness to the events at issue in the indictment (and the likely necessity that the defense will call him to testify at trial) the government has declined to disclose the identity of this cooperating witness during the automatic discovery process and has indicated its intention to continue to decline to reveal the informant's identity.

**ARGUMENT**

I.  UNDER <u>ROVIARO V. UNITED STATES</u>, THE GOVERNMENT MUST DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT GIVEN THAT THE INFORMANT SET UP AND PLAYED A PROMINENT PART IN THE EVENTS CHARGED IN THE INDICTMENT.

In <u>Roviaro v. United States</u>, 353 U.S. 53, 65 (1957), the Supreme Court reversed a conviction where the trial court had denied defendant's pretrial motion for disclosure of an informant who was "a participant in and a material witness to" the alleged criminal transaction.  The <u>Roviaro</u> standard for disclosure of confidential informants who play an active rather than passive role in the investigation is not a "fixed rule;" instead, the

district court must take into "consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." 353 U.S. at 62. In Roviaro, the informant "helped to set up the criminal occurrence and had played a prominent part in it." 353 U.S. at 64. The Supreme Court, held that the "desirability of calling [the informant] as a witness, or at least interviewing him in advance of trial, was a matter for the accused rather than the government to decide." 353 U.S. at 64.

The circumstances of the instant case are, in all essentials, identical to the facts in Roviaro. Consistent with the dictates of Roviaro, the cooperating informant's identity should be revealed. See, e.g., United States v. Ariza-Ibarra, 651 F.2d 2 (1st Cir. 1981); United States v. Nutile, 550 F.2d 701, 704 (1st Cir. 1977). See also Rodriguez v. City of Springfield, 127 F.R.D. 426, 430 (D. Mass. 1989) (Ponsor, M.J.) (where "informant was an active participant in the events underlying the [civil rights] lawsuit", court ordered disclosure of informant's identity).

A defendant is also entitled to disclosure of and access to a cooperating witness where "the informant's probable testimony would bear a direct relationship on the defendant's asserted defense." United States v. McDonald, 935 F.2d 1212, 1217 (11th Cir. 1991). See United States v. Bailey, 834 F.2d 218, 223 (1st

Cir. 1987) ("the right described in Roviaro, the right of an accused to have access to an available witness whose evidence is relevant, is of constitutional dimension"); United States v. Espinosa-Hernandez, 918 F.2d 911, 913-14 (11th Cir. 1990) (blocking defense access to informant who was central figure of undercover operation would justify new trial).  In United States v. Ayala, 643 F.2d 244, 247 (5th Cir. 1981), the court reversed the defendant's conviction based on the district court's failure to grant a motion to compel disclosure of the identity of an informant.  The Ayala court analyzed the Roviaro standard for disclosure, stating:  "The informer's level of involvement with the criminal activity is an important consideration. ... The more active the participation, the greater the need for identification."  Id., 643 F.2d at 246.

The importance of disclosure of the cooperating witness in this case is manifestly clear: the informant was present and participated in transactions in the week leading up to and just moments before the search of 41 Weston St.  None of the transactions were electronically monitored and law enforcement declined to make any written memorialization of the transactions or telephone calls.  The cooperating witness was instrumental in insuring Handy's presence at the home by making telephone calls to Handy through a telephone provided by police.  In short, the cooperating informant, and his telephone efforts to secure

"Joe's" appearance at 41 Weston St., was apparently an integral and active participant in the events charged in this case. He is thus an eyewitnesses who possess information that bears directly on the defense of the instant case.

The opportunity to interview this witness known to the government is crucial to the preparation of an effective defense and to the fair determination of the charges against him. Through an interview, the defendant will be able to uncover the true motives of the Cooperating Informant and to obtain evidence fundamental to his defense. The defendant will be better prepared to challenge law enforcement and other witness's statements at trial and may be able to rebut testimony. <u>United States v. Opager</u>, 589 F.2d 799, 804 (1979). Moreover, the defendant will be able to evaluate the firmness of the witness's testimony and thereby adequately prepare his defense strategy. <u>Gregory v. United States</u>, 369 F.2d 185, 188 (D.C. Cir. 1966), <u>cert. denied</u>, 396 U.S. 865 (1969).

Pursuant to <u>Roviaro</u>, the Confidential Informant's identity and whereabouts should be disclosed, as should the telephone number from which he made the calls in the week leading up to Handy's appearance at 41 Weston St.

II   THE GOVERNMENT MUST PROVIDE ALL EXCULPATORY INFORMATION
     CONCERNING THE CONFIDENTIAL INFORMANT

The government and ultimately the prosecutor is obligated to gather and produce the exculpatory information described below, whether it exists in the files of the prosecutor, the case agent, another prosecutor's office, or is otherwise reasonably available to the government. United States v. Osorio, 929 F.2d at 762. See also, e.g., United States v. Perdomo, 929 F.2d 967, 970 (3d Cir. 1991) (prosecutor must search local records for information about key witness' background); Briggs v. Raines, 652 F.2d 862, 865 (9th Cir. 1981) (FBI records treated as in possession of prosecution for production of exculpatory evidence, citing Martinez v. Wainwright, 621 F.2d 184, 187 (5th Cir. 1980)); United States v. Morell, 524 F.2d 550, 555 (2d Cir. 1975) (federal drug law enforcement agent is arm of prosecutor for purposes of production of exculpatory evidence).

In discussing the limitations of even judicial in camera review of potentially exculpatory material, the Supreme Court stated:

> [It is not] realistic to assume that the trial court's judgment as to the utility of material for impeachment or other legitimate purposes, however conscientiously made, would exhaust the possibilities.  In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate.  The trial judge's function in this respect is limited to deciding whether a case has been made for production, and to supervise the process ....

Dennis v. United States, 384 U.S. 855, 875 (1966).  This rationale cautions all the more against the prosecutor making the decision about whether at the margin potentially exculpatory information should be produced.  See, e.g., United States v. Perskins, 383 F. Supp. 922, 930 (N.D. Ohio 1974) (ordering government to turn over materials "since the government no doubt has a somewhat different view of the exculpatory or mitigating nature of materials in its possession").  The defendant moves for discovery of the following:

- A. Prior use of the cooperating witnesses at trials and hearings, see Brady v. Maryland, 373 U.S. 83 (1963);

- B. Agreements with the government, preferential treatment, and rewards;

- C. Cooperating witness's arrest and conviction record, unauthorized criminal activity, and misconduct, see United States v. Osorio, 929 F.2d at 756;

- E. Files reflecting the cooperating witness's bad character;

- F. The cooperating witness's credibility, see Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 97 (1976); and United States v. Bagley, 473 U.S. 667 (1985).

## CONCLUSION

For the forgoing reasons, defendant requests that the Court Order the government to disclose the name and address of the cooperating witness, the telephone number used by him to contact defendant, and the requested exculpatory evidence.

JOHN HANDY
By His Attorney:


/s/ Timothy G. Watkins
Timothy Watkins
 B.B.O. #567992
Federal Defender Office
408 Atlantic Ave., Third Floor
Boston, MA  02110
(617) 223-8061

CERTIFICATE OF SERVICE

    I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 10, 2006.


/s/ Timothy G. Watkins
Timothy G. Watkins