```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | Crim. Docket No. 04-10361-NG |
| ) | |
| **JOHN HANDY,** ) | |
| **Defendant.** ) | |

**GERTNER, D.J.:**

**MEMORANDUM AND ORDER REQUESTING
BRIEFING ON DUAL PROSECUTION ISSUE**
August 1, 2006

The office of the United States Attorney is prosecuting Defendant John Handy ("Handy") for possession of a firearm under 18 U.S.C. § 922(g)(1). It brings this prosecution fully cognizant of the fact that Massachusetts has already prosecuted Handy, based on the exact same facts, for illegal possession of the very same gun. In state court, Handy pled guilty to that offense and was sentenced to six months in jail, a sentence he served before the federal prosecution began.

The control of guns and the prevention of gun violence are of crucial importance. But so is a criminal justice system guided by principles of fairness, proportionality, and accountability. Equally important is a system that puts the considerable resources of the federal government where they will have the most impact -- namely, for the most violent and serious offenders in which the federal interest is truly substantial -- and defers to the state authorities where appropriate.

Two issues, among others, are raised by this prosecution. First, based on the decision of the United States Attorneys' office to prosecute Handy on federal charges, a decision that is ostensibly unreviewable in court, Handy, if convicted, faces a mandatory minimum sentence of fifteen years, in addition to the state court term he has already served. Secondly, the prior proceedings substantially complicate the current federal prosecution. For example, it is not at all clear whether, at the time Handy pled guilty to the state offense, he had been warned about the potential federal sentence he now faces. If the government offers Handy's prior state plea, is it admissible in the federal prosecution? And, if I were to conclude that the plea was uninformed (because he was not told about a potential fifteen-year federal sentence following his state conviction), and arguably inadmissible in the case before me, what impact, if any, would that have on Handy's state conviction?

In venerable precedent from forty-seven ago, the Supreme Court affirmed dual prosecutions on facts similar to the case at bar. In <u>Abbate et al v. United States</u>, 359 U.S. 187 (1959), the defendant pled guilty and served three months on a state court conviction before the federal authorities prosecuted him, convicted him, and sentenced him to five years. The Court observed that barring a subsequent federal prosecution could

hinder federal law enforcement interests, and wrote in a 6-3 decision:

> For example, the petitioners in this case insist that their Illinois convictions resulting in three months' prison sentences should bar this federal prosecution which could result in a sentence of up to five years. Such a disparity will very often arise when, as in this case, the defendants' acts impinge more seriously on a federal interest than on a state interest.

Abbate, 359 U.S. at 195.

But the fact that the federal government *can* constitutionally bring these charges, does not mean that it *should*. As Justice Black observed in dissent in Abbate:

> [T]he Bill of Rights' safeguard against double jeopardy was intended to establish a broad national policy against federal courts trying or punishing a man a second time after acquittal or conviction in any court. It is just as much an affront to human dignity and just as dangerous to human freedom for a man to be punished twice for the same offense, once by a State and once by the United States, as it would be for one of these two Governments to throw him in prison twice for the offense.

Id. at 203.

Clearly, dual prosecutions are to be the exception, not the rule. The United States Attorneys' Manual limits the circumstances in which dual prosecution is appropriate. The manual's "Petite Policy" states:

> This policy precludes the initiation or continuation of a federal prosecution, following a prior state or federal

-3-

>    prosecution based on substantially the same
>    act(s) or transaction(s) unless three
>    substantive prerequisites are satisfied:
>    first, the matter must involve a substantial
>    federal interest; second, the prior
>    prosecution must have left that interest
>    demonstrably unvindicated; and third,
>    applying the same test that is applicable to
>    all federal prosecutions, the government must
>    believe that the defendant's conduct
>    constitutes a federal offense, and that the
>    admissible evidence probably will be
>    sufficient to obtain and sustain a conviction
>    by an unbiased trier of fact. In addition,
>    there is a procedural prerequisite to be
>    satisfied, that is, the prosecution must be
>    approved by the appropriate Assistant
>    Attorney General.

United States Attorneys' Manual, § 9-2.031, available at:

http://www.usdoj.gov/usao/eousa/foia_reading_room/usam/title9/2mcrm.htm#9-2.030.

To be sure, this Court is well aware that other courts have repeatedly held that the United States Attorney is not accountable to the Court for its prosecution decisions (absent improper motives or discriminatory bias), and that the Petite policy is not enforceable by a defendant in federal court. See, e.g., United States v. Peterson, 233 F.3d 101 (1st Cir. 2000). And, case after case has concluded that dual prosecutions do not offend the double jeopardy clause, as a general matter. See, e.g., Heath v. Alabama, 474 U.S. 82 (1985); United States v. Lopez Andino, 831 F.2d 1164 (1st Cir. 1987); United States v. Bouthot, 685 F. Supp. 286 (D. Mass. 1988).

But while the cases have broadly affirmed dual prosecutions, the case law can be categorized as describing a continuum from cases that raise some concerns, to those that raise serious concerns. On the "some concern" end are cases in which state charges are brought, but before they can be litigated, the federal government assumes the prosecution. On the "serious concern" end are cases, like the case at bar, where the defendant pleads guilty in state court, possibly without being informed that a federal indictment will follow, and fully serves his state sentence. (Indeed, at the *most* serious end are cases in which a defendant is acquitted in state court but is nevertheless, prosecuted in federal court.)

In my twelve years on the bench and twenty-three years as a practicing attorney, I have never seen a dual prosecution brought under these circumstances. Even Special Agent Sheila O'Hara of the Federal Bureau of Alcohol, Tobacco, and Firearms testified she was "a little surprised" that the U.S. Attorney's office was going to adopt the case, despite the state conviction:

> I actually asked [the AUSA on the case at the time], I said can we do this because I had considered that he had already pled guilty in state court and then she walked me through this whole motion process, and I was – I had never experienced it in my probably, what, 17 years on the job back then so that it was all new to me.

Suppression Hr'g Tr. 41, July 11, 2006.

The issue is well-worth reexamining, particularly at a time when a number of long-standing federal criminal rules and standards have been reconsidered. See, e.g., United States v. Booker, 543 U.S. 220 (2005); Crawford v. Washington, 541 U.S. 36 (2004); United States v. Lopez, 514 U.S. 549 (1995).

In light of the highly unusual and extremely troubling circumstances of this case, I invite the parties to brief the following issues:

    A.    How does the Petite policy affect the case at bar? Are there issues raised here not already covered by the existing and well-established case law on the issue?

    B.    What effect, if any, does United States v. Lopez have on the legality of dual prosecution? That is, what are the implications of this dual prosecution for the federalism concerns that the Supreme Court described in Lopez?

    C.    What is the significance of the dual prosecution for the admissibility of defendant's state court plea?

Both sides are to simultaneously brief these issues by **August 14.** The Court will hear argument on these issues on **August 18** (along with the detention and discovery issues already scheduled for a hearing on that date).

**SO ORDERED.**

**Date: August 1, 2006**        **/s/NANCY GERTNER, U.S.D.J.**