UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
                                 )     CRIMINAL NO. 04-10361-NG
        v.                       )
                                 )
JOHN HANDY                       )


            **GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
            **MOTION FOR DISCOVERY RE: COOPERATING WITNESS**

    The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Antoinette E.M. Leoney, Assistant U.S. Attorney, hereby request that the Court to deny Defendant John Handy's Motion for Discovery Re: Cooperating Witness.  By his motion, Defendant John Handy ("Handy") requests that this Court order the government to disclose: 1) the name, address, and phone number of the confidential informant ("CI") used to plan and execute the search warrant; and 2) information concerning the CI, including prior use of the informant at trials and hearings; agreements with the government, preferential treatment, and rewards; the CI's arrest and conviction record; files reflecting the CI's bad character; and the CI's credibility.  Handy maintains that he needs this information in order to prepare his defense.

    In regards to Handy's request for the CI's name, address and phone number, the government need not disclose this information for the following reasons: 1) the identity of the CI provides no help to Handy whatsoever except to satisfy his curiosity about

which of his contacts betrayed him -- essentially, a "fishing expedition" for disclosure of the CI's identity, 2) this is not the kind of confidential informant addressed by the Supreme Court in Roviaro, 3) Handy has failed his burden to show there is a compelling need to disclose the CI's identity, and 4) disclosure of the information would place the CI at serious risk and potential reprisal.  See Roviaro v. United States, 353 U.S. 53, 64 (1957).  In regards to Handy's request for information about the CI's criminal history, character, and credibility, the government need not disclose this information because the CI is not a testifying witness.  The government is not aware of any general exculpatory information regarding the charged offense that somehow relates to the CI, as Handy seems to request.  Handy is simply fishing for information based on speculation.  Because the CI is not the type of informant whose identity must be revealed under Roviaro, and because there is a strong public interest in protecting the identity of confidential informants, the Court should deny the defendant's motion and protect the informant's identity.

   As an initial matter, the Court should note that the defendant mischaracterizes the status of the informant.  Although in his motion the defendant repeatedly refers to this person as a "cooperating witness," in fact this person is a "confidential informant."  On June 2, 2004, members of the Massachusetts State

Police executed a search warrant at defendant's residence located at 41 Weston Street in Brockton, Massachusetts, where officers seized a fully loaded firearm and some heroin. The seized firearm is the subject of the instant indictment. The search warrant was obtained by Trooper Edward T. McDonald based on two controlled purchases by a confidential informant from someone named "Joe" at 41 Weston Street in May 2004. The confidential informant was not present during the execution of the search warrant on June 2nd and thus has no knowledge of the firearm and drugs discovered in Handy's home on that day. Further, Handy has not been charged with any of the earlier controlled drug purchases made by the CI. As such, the CI will not be a witness in the government's case-in-chief at trial and is properly characterized as a confidential informant.

**ARGUMENT**

I.  The Court should deny defendant's request because the CI in this case is not the type of witness governed by the <u>Roviaro</u> rule.

Disclosure of the CI's identity in this case frustrates the purpose of the government's privilege to withhold informants' identities, which is the furtherance and protection of the public interest in effective law enforcement. See <u>Roviaro</u>, 353 U.S. at 59. The privilege recognizes the obligation of citizens to report any commission of crimes and, by preserving their identities, encourages them to perform that obligation. <u>Id.</u> The

Court must begin with a presumption in favor of confidentiality. United States v. Robinson, 144 F.3d 104, 106 (1st Cir. 1998). This presumption gives way only when disclosure of an informant's identity is vital to a fair trial, such as when it is relevant and helpful to the defense of an accused, when the informant is the sole participant with the accused in the offense charged, or when the informant is the only person able to contradict the government's witnesses. United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991). However, speculation is not sufficient to establish this burden. United States v. Giry, 818 F.2d 120, 130 (1st Cir. 1987). Rather, a defendant must explain how an informant's testimony would support his alleged defense. Id.

Here, the CI was neither a witness or participant in the firearm offenses for which Handy has been charged. Because the CI in this case was not a witness to the execution of the search warrant on June 2, 2004, he is not in a position to amplify, contradict, or clear up any inconsistencies in the government witnesses' testimony. See Martinez, 922 F.2d at 921. Thus, as to the events on June 2, 2004, the CI was a mere tipster who deserves anonymity, just as in Martinez where the court held that an informant who was not present on the day of the arrests was a mere tipster. Id.; Robinson, 144 F.3d at 107. Similarly, in United States v. Hemmer the court held that disclosure of confidential informant's identity was not required where he was

4

not a witness or participant in the offense charged, and where government did not mention the informant in its case-in-chief or use the information he provided. See 729 F.2d 10, 15-16 (1st Cir. 1984). Here also, the CI did not witness or participate in the charged offense and the government will not introduce any information provided by the informant. See id. Therefore, the testimony that the CI could provide is merely peripheral to the crimes charged because it is not related to the execution of the search warrant on June 2, 2004. See Robinson, 144 F.3d at 107.

Notwithstanding Handy's declaration on page four of his Motion for Discovery Re: Cooperating Witness, the facts of this case are not identical to the facts in Roviaro. See 353 U.S. at 55. In Roviaro, the informant played a prominent role in the actual offense charged, that is, the charge that defendant knowingly received and facilitated the transportation after importation of heroin. Id. at 55-57. There, the informant agreed to participate in an undercover drug buy in which he drove to a location while followed by police officers and with one officer secreted in his trunk, then picked up the accused, and drove to another location at which the accused exited the auto, walked to a tree, picked up a small package, placed the package (which contained heroin) in the car, and walked away. Id. at 56-58. The Supreme Court held that the government was required to disclose the informant's identity because his testimony might

have disclosed an entrapment, might have thrown doubt on the accused's identity or the identity of the package, or might have supported a possible lack of knowledge of the contents of the package on the part of the accused.  Id. at 64.

In contrast to Roviaro, where the informant was involved in the actual charged offense, here, the CI merely provided information regarding earlier drug activities that resulted in the application for and approval of a search warrant.  See 353 U.S. at 55-58.  The validity of the search warrant is not at issue because in the suppression hearing the Court indicated that the search warrant was valid.  Transcript, Motion to Suppress, Day 2, at 5.  Because the CI was not an active participant in the charged offense, the firearm possession, and because the CI is not in a position to contradict the officers' testimony regarding the execution of the search warrant, the CI in this case does not fall within the Roviaro rule.  See 353 U.S. at 55-58.

Because the CI does not fall within the Roviaro rule, disclosure is mandated only if the defendant meets his burden to point to concrete, exceptional circumstances that justify overriding the public interest in encouraging the flow of information and protecting informants' safety. See Martinez, 922 F.2d at 921; United States v. Batista-Polanco, 927 F.2d 14, 19 (1st Cir. 1991); United States v. Estrella, 567 F.2d 1151, 1153 (1st Cir. 1977); United States v. Pena, 17 F.Supp.2d 33, 36-37

(D. Mass. 1998).  To balance the defendant's need against the public interest, the Court must consider the particular circumstances of each case, including the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.  <u>Roviaro</u>, 353 U.S. at 62.

As to the significance of the CI's testimony in this case, Handy claims in his motion that disclosure is necessary to preparation of his defense.  Defendant's Motion, at 4-5.  Handy is using this excuse to fish for information, but his mere speculation is not sufficient to meet his burden.  See <u>Batista-Polanco</u>, 927 F.2d at 19; <u>Giry</u>, 818 F.2d at 130.  Rather, he must explain specifically how the CI's testimony would support his alleged defense.  <u>Id.</u>  Handy fails to meet that burden in his motion when he states that "defendant will be better prepared to challenge law enforcement and other witness's statements at trial and may be able to rebut testimony."  Defendant's Motion, at 6.  This assertion is too generic to meet Handy's burden.  <u>Giry</u>, 818 F.2d at 130.

Given the testimony at the suppression hearing, Handy cannot legitimately claim that he has no relationship to the premises searched.  Transcript, Motion to Suppress, Day 1, at 21-24.  Although he did not own the home at 41 Weston Street in Brockton, the testimony indicates that he resided there.  <u>Id.</u>  There is sufficient evidence to demonstrate Handy's relationship to the

premises, specifically to the bedroom in which he and the firearm were found. Id. First, the officers executing the search found Handy alone in the house when they arrived, behind a closed door in a bedroom on the second floor. Transcript, Motion to Suppress, Day 1, at 24. Certainly only a person with a relationship to a residence would spend time in a bedroom with no one else at home. Second, the officers found multiple pieces of mail in that bedroom that were addressed to "John Handy, 41 Weston Street, Brockton, MA." Id. at 21-22. The return addresses on the envelopes indicate that the items of mail were personal and important in nature, as one was from the Brockton Trial Court Probation Office, one from the Brockton Hospital, and the third was a bill. Id. The officers discovered the envelopes in a bureau in the same bedroom Handy occupied. Id. at 23. Third, the police officers discovered men's clothing in that same bedroom. Id. at 24. Fourth, the 41 Weston Street house is owned by Shirelle Carrigan, the mother of Handy's three children. This fact, combined with the observations of the police officers, indicates that Handy was a resident or at the very least a guest when the police searched the premises and found the firearm and heroin.

   Another piece of evidence supporting a finding of constructive possession of the firearm is the condition of the firearm and the compartment in which the police officers found

it.  Transcript, Motion to Suppress, Day 2, at 44.  Detective George Khoury testified that he found the firearm in some sort of laundry chute under the floorboard.  Id.  He testified that the firearm was in a holster on a really dusty ledge, but that the firearm and holster were not dusty.  Id.  Detective Khoury further testified that the firearm "looked like it was recently put there."  Id.  This evidence, along with the other items discovered that show a relationship between Handy and the premises, indicates that Handy's defense is a sham.

Also, contrary to Handy's assertion on page two of his motion, the testimony at the suppression hearing did not indicate that the police officers delayed execution of the search warrant pending a several day effort by the CI to ensure that Handy was on the premises.  Defendant's Motion, at 2.  In fact, in his testimony Lieutenant Anthony Thomas indicated that search warrants typically allow a window of time for execution and there are a number of factors that may delay execution.  Transcript, Motion to Suppress, Day 2, at 104.  And while Trooper Edward McDonald did testify that the CI made phone calls to "Joe," as Handy was known to the CI, on June 2, 2004 to make sure that he was at 41 Weston Street, he did not indicate that the CI had been trying for days to ensure that Handy was on the premises.  Quite the contrary.  Transcript, Motion to Suppress, Day 1, at 40-41. Indeed, Trooper McDonald testified that he had no recollection of

9

efforts in the seven days leading up to the search to get "Joe" to 41 Weston Street. Id. at 41.

Handy's assertion about the usefulness of the CI's testimony in this case certainly does not compare to the usefulness of the informant's testimony in Ayala, a Fifth Circuit case cited by the defendant. See United States v. Ayala, 643 F.2d 244, 247 (5th Cir. 1981). There, the court reversed a conviction because an informant had a closer view of the accused such that her testimony would cast doubt on an agent's identification of the defendant as the drug dealer. Id. at 247. The usefulness of the informant's testimony here also does not rise to the level of usefulness in Pena, where a court ordered the disclosure of an informant's identity where the defendant asserted an entrapment defense and the informant was an active participant in the activities leading to the charged offense. See 17 F.Supp.2d at 36-37. Here, Handy does not assert an entrapment defense.

Weighing against disclosure is the fact that the officers have indicated to government counsel that disclosure of the CI's identity would compromise his/her safety. Furthermore, the CI is still serving in a confidential capacity in other non-related cases and disclosure would jeopardize those investigations as well as put the CI in danger in those cases as well. In this case, as in Estrella, the defendant has failed to meet his burden to demonstrate concrete circumstances justifying the disclosure

of the informant's identity.  See 567 F.2d at 1153.  Because the minimal usefulness of the CI's testimony is outweighed by the significant public interest in promoting reporting of criminal activity and protecting CI's personal safety, the Court should deny the defendant's motion.

II.  **The Court should deny Handy's motion regarding any information about the CI because he is not entitled to information regarding a non-testifying witness.**

Presumably relying on Local Rule 116.2 of the United States District Court for the District of Massachusetts, Handy is asking this Court to order disclosure of impeachment information on the CI who helped supply the probable cause evidence for the underlying search warrant.  Specifically, Handy requests discovery of prior use of the CI at trials and hearings, agreements with the government, preferential treatment and rewards, the CI's criminal record, and files reflecting the CI's bad character and his credibility.  Defendant's Motion, at 8. Handy maintains that he needs this information to prepare his defense.  Defendant's Motion, at 7-8.  However, given the fact that the government will not call the CI to testify at trial, this argument goes beyond the scope of Local Rule 116.2, and thus should be rejected.  Handy is not entitled, as a matter of law, to "reliability" information regarding a non-testifying CI.  See United States v. Link, 238 F.3d 106, 111-12 (1st Cir. 2001).  The government objects to this request and, as a preliminary matter,

states that it has fully complied with its discovery obligations under Local Rule 116.2 and Brady v. Maryland. See 373 U.S. 83 (1963). Handy's motion is simply a back door attempt to obtain the identity of the CI, an informant who fears for his/her safety and who the government does not intend to call at trial.

Although Handy cites case law in section two of his brief, none of the cases actually supports his argument. Rather, Handy cites cases including Rosorio, Perdomo, Briggs, and Morell that deal with exculpatory information about testifying witnesses. Defendant's Motion, at 7. Those cases do not apply here because the CI will not testify. Certainly none of these cases supports Handy's implicit argument that Local Rule 116.2 requires the production of "reliability" evidence of non-testifying witnesses. Where the Court has indicated that the search warrant was valid, the credibility of the non-testifying CI is not an issue in the case. Link, 238 F.3d at 111-12. Handy also cites Dennis v. United States, for the notion that only an advocate for the defense can properly determine which evidence is exculpatory. See 384 U.S. 855 (1966). However, the issue in that case was whether the trial court should disclose grand jury testimony of government witnesses who would testify at trial. Id. at 872-75. That case differs from the present case because it involved access to grand jury testimony, rather than access to a confidential informant's identity, and involved testifying

12

witnesses. <u>Id.</u> Thus, the language cited by the defendant in his motion does not apply to the present case. Defendant's Motion, at 7.

Handy has failed to present any compelling case law or rule for the notion that the government must disclose information regarding a confidential informant's prior participation at trials and hearings, his/her criminal record, or his/her credibility. The only cited case that comes close to supporting this proposition is <u>United States v. Perkins</u>, a 1974 case from the Northern District of Ohio. <u>See</u> 383 F. Supp. 922 (N.D. Ohio 1974). Even that case, however, differs in significant ways from the present case. There, a defendant made a specific request for exculpatory materials regarding interviews by the government with witnesses it decided not to call to testify. <u>Id.</u> at 930. Here, in contrast, Handy seeks information about a confidential informant whose assistance led to a search warrant that this Court already has validated. Therefore, the Court should deny Handy's motion.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the government respectfully requests that this Court deny Handy's Motion for Discovery Re: Cooperating Witnesses.

Respectfully submitted,

13

```
                                    MICHAEL J. SULLIVAN,
                                    United States Attorney

                              By:   /s/Antoinette E.M. Leoney
                                    Antoinette E.M. Leoney
                                    Assistant U.S. Attorney
Dated: August 14, 2006              (617) 748-3100
```

**CERTIFICATE OF SERVICE**

Suffolk, ss.                                          August 14, 2006

I hereby certify that a copy of the foregoing was served electronically this day upon counsel for the defendant, Timothy G. Watkins, Esq., Federal Defender's Office, 408 Atlantic Avenue, 3rd Floor, Boston, MA 02210.

```
                                    /s/Antoinette E.M. Leoney
                                    ANTOINETTE E.M. LEONEY
```