UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
v.                            )        Criminal No. 04-10361-NG
                              )
JOHN HANDY,                   )
        Defendant             )

GOVERNMENT'S MOTION FOR RECONSIDERATION
OF COURT'S AUGUST 18, 2006 ORDER
<u>CONVENING EVIDENTIARY HEARING</u>

On August 18, 2006, the Court ordered a further hearing in this case, scheduled for October 4, 2006. The Court ordered that the hearing should be evidentiary, at which Michael Sullivan, the United States Attorney for the District of Massachusetts; Marianne C. Hinkle, formerly an Assistant United States Attorney ("AUSA") and now a district court judge for the Commonwealth of Massachusetts; and an Assistant District Attorney ("ADA") should testify. The government respectfully moves this Court to reconsider and vacate its order convening an evidentiary hearing. The government further asks this Court to deny the defendant's request for dismissal of the indictment or suppression of evidence.

<u>Procedural Background</u>

On August 1, 2006, this Court issued a <u>Memorandum and Order Requesting Briefing of Dual Prosecution Issue</u>. In this memorandum, the Court invited briefing on three issues: (1) the government's <u>Petite</u> policy and "how [it] affects the case at bar"; (2) "what

1

effect, if any...<u>United States v. Lopez</u> [has] on the legality of dual prosecution"; and (3) "the significance of the dual prosecution for the admissibility of the [defendant's July 1, 2004 guilty] plea" in <u>Commonwealth v. Handy</u>, Brockton District Court, Docket #0415-CR-004029 (**Exhibit 1**). [Docket entry #28]. The Court did not identify explicitly a remedy for the concerns expressed in its order, but suggested that these concerns might lead to suppression of the state-court guilty plea at the trial in this case. [Docket entry #28, page 2 ("If the government offers Handy's prior state plea, is it admissible in the federal prosecution?")].

In its memorandum in response to this order, the government explained that "after Handy pled guilty, the Plymouth District Attorney's Office realized that Handy had not been prosecuted using the state armed career criminal statute with its mandatory fifteen year term of incarceration...As a result, the Plymouth District Attorney's office referred the case to the United States Attorney's Office." [Docket entry #31, page 4]. The government noted that prior to indicting the defendant, it had obtained a waiver of the Department of Justice's <u>Petite</u> policy. [Docket entry #31, page 4]. It pointed out, however, that prosecution on both state and federal charges is constitutionally permissible under the dual sovereignty doctrine and that the government's <u>Petite</u> policy confers no

substantive rights upon defendants.[1] [Docket entry #31, pages 5-6 and 8-9].  With respect to the Court's Lopez[2] inquiry, the government pointed out that the First Circuit has already found 18 U.S.C. §922(g) to be a permissible exercise of the Commerce Clause and the Court is bound by this prior precedent. [Docket entry #31, pages 10-13].  Finally, the government argued that the defendant had not established that the federal prosecution was a sham prosecution theoretically remediable under Bartkus v. Illinois, 359 U.S. 121 (1959), and United States v. Guzman, 85 F.3d 823 (1st Cir. 1996).

In his response to the Court's order, the defendant argued that the Court should either dismiss this case or suppress evidence of the defendant's state-court guilty plea. [Docket entry #33].[3]

---

[1]Despite language in its first memorandum that might suggest otherwise, in the government's view, its decision to seek a waiver of the Petite policy is never reviewable.

Petite policy aside, a district court may inquire into the government's decision to prosecute only where a defendant has made a prima facie case that, inter alia, the government's selection of him for prosecution was "invidious or in bad faith, i.e., based upon such "impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights." United States v. Bassford, 812 F.2d 16, 19 (1st Cir. 1987).

[2]United States v. Lopez, 514 U.S. 549 (1995).

[3]The defendant submitted a copy of the affidavit the defendant's state-court lawyer filed in connection with an attempt to withdraw his state-court guilty plea.  That affidavit stated:

> ADA Flynn stated that moments after Mr. Handy
> was sentenced on July 1, 2004, the ADAs in the
> Pre-Trial Session were called by their

The defendant claimed that the federal prosecution was just a sham federal prosecution, designed to give the state another crack at the defendant. [Docket entry #33 ("the undisputed facts establish a *prima facie* case both that the federal and state authorities have colluded far beyond the ordinary forms of cooperation between law enforcement agencies, and also that this federal prosecution is being used as a tool of the Plymouth County District Attorney's Office to accomplish that which it did not even seek to accomplish in state court.")]. According to the defendant, because the federal government had not identified the defendant as a subject of prosecution "prior to the Plymouth County's second thoughts about the plea agreement it entered into," [Docket entry #33, page 10],

---

superiors and told not to take a plea in this case and that the Office would seek an indictment in Superior Court, but the call came too late. ADA Flynn stated that because another Plymouth County ADA had recently been hired by the U.S. Attorney's Office in Boston, that attorney would take the case with him in order to 'get more time' from Mr. Handy, or words to that effect.

The government asserted that according to the ADA involved, the conversation did not occur as described in the lawyer's affidavit. [8/18/06: 13-14].

It should be noted that in 2004, the AUSA in charge of the United States Attorney's gun program was Marianne C. Hinkle (now an Associate Justice in Dedham District Court). Ms. Hinkle did not come to the United States Attorney's Office from the Plymouth County District Attorney's Office and was an AUSA in this office by at least 1998. *See* United States v. Clay, 181 F.3d 80, 1998 WL 1085661 (1st Cir. 1998)(unpublished)(identifying Marianne C. Hinkle as the AUSA on brief).

the federal government must be viewed as merely "a tool of the state court prosecutors." [Id.].

At the hearing, the defendant acknowledged that the government's prosecution of the defendant was not racially motivated [8/18/06:4]; thus, he acknowledged implicitly that he could not establish that the government had selectively prosecuted him. [See footnote 1, above]. The defense argued, however, that the government's assertion in its memorandum that the District Attorney referred the case to the United States Attorney for federal prosecution because it realized that the defendant had not been prosecuted locally as a recidivist made out a prima facie case that the federal government's prosecution was a sham. [8/18/06: 5-6]. The Court concluded that this sequence of events made out a prima facie case of a Bartkus violation "[r]equiring now a hearing for the government to justify...the independent federal interest...other than helping out the Plymouth District Attorney's Office." [8/1/8/06: 12]:

> We'll set this down for a hearing leaving everything up in the air because it seems to me your brief has a concession as to the basis for the referral, but it doesn't establish what the government did, the U.S. attorney's office did once it got the referral, and so it seems to me that that has to be developed.
>
> * * *
>
> ...The question is if the only basis for the referral and the only basis for the federal prosecution is that the Plymouth County DA's Office didn't hit Mr. Handy hard enough,

5

didn't get the 15 year mandatory minimum, the
question is whether that's an independent
federal interest sufficient to justify the
<u>Guzman</u> and the <u>Bartkus</u> cases whether or not
there has to be an investigation, something
going on to suggest that this man is on a
federal radar screen as opposed to a state
radar screen.

[8/1/8/06: 14-15].

## The Federal Government's Interest

The defendant has an extensive criminal record and is an armed
career criminal under federal law.  His criminal record includes
the following convictions:

- In 1990, the defendant was found
  guilty of Possession of a Class B
  Substance with Intent to Distribute
  (offense date: August 12, 1990) in
  Dorchester District Court (Docket
  #90007-CR-6547), and given a
  suspended sentence.  In 1991, the
  defendant violated a condition of
  probation and was committed to the
  house of correction for one year.
  (**Exhibit 2**).

- In 1994, the defendant was found
  guilty of Possession of a Class B
  Substance with Intent to Distribute
  and Possession of a Class B
  Substance with Intent to Distribute
  Within 1,000 feet of a School
  (offense date: February 16, 1993) in
  the Dorchester Jury Session (Docket
  #9407-CR-0200), and was sentenced to
  two years in the house of
  correction, six months to serve,
  balance suspended.  (**Exhibit 3**).

- In May 1995, the defendant was found
  guilty of Assault by a Dangerous
  Weapon (offense date: April 24,
  1995) in West Roxbury District Court

6

(Docket #9506-CR-1756) and received a three-month suspended sentenced that, after a probation violation, was eventually imposed. (**Exhibit 4**).

- In November 1995, the defendant was found guilty of Prisoner Commit Assault/Assault and Battery on a Corrections Officer (offense date: October 4, 1995) in Roxbury District Court (Docket #9502-CR-7773), and sentenced to 90 days imprisonment (concurrent to the sentence then being served)(**Exhibit 5**).

- In November 1995, the defendant was found guilty of Assault and Battery with a Dangerous Weapon and Assault and Battery (offense date: October 13, 1992) in Brockton Trial Court (Docket #9215-CR-315345), and received a one-year committed sentence. (**Exhibit 6**).

- In 1997, the defendant was found guilty of Possession of a Class A Substance with Intent to Distribute (offense date: September 28, 1996) in West Roxbury District Court (Docket #9606-CR-3957) and received an 18-month committed sentence. (**Exhibit 7**).

- In 1998, the defendant was found guilty of Carrying a Dangerous Weapon (offense date: July 3, 1998) in Roxbury District Court (Docket #9802CR4477) and received a 30-day suspended sentence. (**Exhibit 8).**

- In 2000, the defendant was found guilty of Assault with a Dangerous Weapon (offense date: April 20, 1999) in Brockton Trial Court (Docket #9915-CR-002786). He was sentenced to 18 months in the house of correction, six months to serve;

after violating a condition of probation, he was committed for the balance of the sentence (one year). (**Exhibit 9**).

- In August 2000, the defendant was found guilty of Assault and Battery with a Dangerous Weapon (offense date: April 30, 1999) in Brockton Trial Court (Docket #9915-CR-003069). He was sentenced to 18 months in the house of correction, six months to serve; after violating a condition of probation, he was committed for the balance of the sentence (one year). (**Exhibit 10**).

- In 2000, the defendant was found guilty of Distributing a Class A Substance and a Drug Violation Near School/Park in Roxbury District Court (Docket #0002-CR-002529) and received a one-year committed sentence. (**Exhibit 11**).

The defendant has many other convictions for, *inter alia*, illegal drug possession (1985, 1989, 1993, 1994, 1997, and 2003 convictions), receiving stolen property (1989, 1993, 1994, and 1999 convictions), credit card misuse (1992 and 1993 convictions), larceny (1993 and 1999 convictions), and threatening (1995 and 1999 convictions). A fuller record is set out in the Massachusetts Criminal History Systems Record introduced by the government as an exhibit during the detention hearing on August 10, 2005 (**Exhibit 12**).

In sum, the defendant is the paradigm offender under the Armed Career Criminal Act, 18 U.S.C. §924(e) (the "ACCA"): he is a repeat offender who is responsible for numerous drug and violent

crimes and whose incapacitation through imprisonment will help reduce both state and federal crime. The ACCA, when enacted in 1984, was intended "to supplement the States' law enforcement efforts against 'career' criminals." <u>Taylor v. United States</u>, 495 U.S. 575, 581 (1984)(reviewing legislative history); House Report 98-1073, *reprinted in* 1984 U.S.C.C.A.N. 3661, 3661 ("This bill is designed to increase the participation of the federal law enforcement system in efforts to curb armed, habitual (career) criminals."); <u>id</u>. ("Statistics indicate that nearly 25 million American households – 3 out of every 10 – were affected by crimes involving theft or violence. It has also become increasingly clear that a large percentage of these crimes are committed by a very small percentage of repeat offenders.****Both Congress and local prosecutors around the nation have recognized the importance of incapacitating these repeat offenders."). Prior to its 1986 amendment (when, among other things, Congress added "serious drug offense" to the Act's list of predicates), "witnesses [at House and Senate hearings] reiterated the concerns that prompted the original enactment of the enhancement provision in 1984: the large proportion of crimes committed by a small number of career offenders, and the inadequacy of state prosecutorial resources to address this problem." <u>Taylor</u>, 495 U.S. at 583. The ACCA envisions that the federal government will respond to a state prosecutor's request that a defendant be federally prosecuted by

considering the merits of a federal prosecution. *See* House Report No. 98-1073, *reprinted in* 1984 U.S.C.C.A.N. 3661, 3665-3665 ("under [the] approach [envisioned by the ACCA] if the local authorities arrest a three-time loser in possession of a gun...and can convince the U.S. Attorney that circumstances warrant prosecution under the enhanced penalty provisions of this bill, the mandatory 15-year penalty is available.").

Since the enactment of the ACCA, the prosecution of armed career criminals has remained a national priority. In 2001, President Bush announced Project Safe Neighborhoods ("PSN"), a "comprehensive, gun reduction strategy" that links federal, state, and local law enforcement together to "provide a multifaceted approach to deterring and punishing gun crime." *See* Bureau of Justice Assistance, <u>Project Safe Neighborhoods: America's Network Against Gun Violence</u> (June 2004)(**Exhibit 13**). Boston was one of the pioneers of PSN and, in fact, Brockton – where the defendant in this case possessed a firearm in violation of 18 U.S.C. §922(g) -- is one of the district's target cities. Under PSN, District Attorneys in targeted communities collaborate with the U.S. Attorney's Office to, *inter alia,* "refer firearm related cases for potential federal prosecution when viable." [<u>Id</u>.].

Here, just as PSN is meant to operate, the defendant was referred to the federal government by the Plymouth County District Attorney's Office. The federal government then decided – on its

10

own – that the state prosecution did not vindicate the federal government's interest in deterring and punishing armed career criminals and that a federal gun prosecution was warranted in this case. [**Exhibit 14** (request for waiver of <u>Petite</u> Policy; United States Attorney requested waiver because the defendant is an armed career criminal under 18 U.S.C. §924(e) who has numerous prior convictions, the offense occurred in one of the PSN target cites for the district, and "the state-court sentence fails to adequately vindicate the substantial federal interest here"); and **Exhibit 15** (waiver; Department of Justice granted waiver because "the state prosecution failed to vindicate federal interests")].[4]

<u>Relevant Law</u>

In <u>Bartkus</u>, the Supreme Court rejected a defendant's claim that his state-court conviction should be set aside because the case followed an unsuccessful federal prosecution. In *dicta,* the Court pointed out that although the federal government had turned over its evidence to the state, the second case "was undertaken by state prosecuting officials within their discretionary responsibility and on the basis of evidence that conduct contrary

---

[4]The government has chosen to produce its request for a waiver of the <u>Petite</u> policy and the waiver it received from the Department of Justice in light of the present posture of the case. As noted earlier, however, the <u>Petite</u> policy confers no rights on the defendant. *See, for example*, <u>United States v. Gary</u>, 74 F.3d 304 (1st Cir. 1996), and <u>United States v. McCoy</u>, 977 F.2d 706 (1st Cir. 1992). The documents are not discoverable and the government does not intend to produce them whenever a defendant makes a <u>Bartkus</u> claim.

to [their] penal code...had occurred in their jurisdiction." 359
U.S. at 123. The evidence did not, the Court found, support the
claim that the state government was "merely a tool of the federal
authorities, who thereby avoided the prohibition of the Fifth
Amendment against a retrial." Id. This *dicta* has become known as
the Bartkus exception.

    In Guzman, the First Circuit accepted the existence of the
Bartkus exception to the dual sovereignty doctrine, but emphasized
that it was a "narrow" exception and "limited to situations in
which one sovereign so thoroughly dominates or manipulates the
prosecutorial machinery of another that the latter retains little
or no volition in its own proceedings." Guzman, 85 F.3d at 827.
Under Guzman,

> the defendant must produce some evidence
> tending to prove that the rule should not
> apply because one sovereign was a pawn of the
> other, with the result that the notion of two
> supposedly independent prosecutions is merely
> a sham. If the defendant proffers evidence
> sufficient to support such a finding--in
> effect, a *prima facie* case--the government
> must shoulder the burden of proving that one
> sovereign did not orchestrate both
> prosecutions, or, put another way, that one
> sovereign was not a tool of the other.

Guzman, 85 F.3d at 827.

    The rendering of routine inter-governmental assistance does
not establish a *prima facie* case under Bartkus. Guzman, 85 F.3d at
828 (federal government's drug prosecution following the
defendant's conviction in St. Maarten did not implicate Bartkus,

12

even though both cases involved a single attempted smuggle of drugs and the federal government assisted in the St. Maarten case; the routine inter-governmental assistance that occurred did not establish that the Dutch authorities "were merely handmaidens of the DEA or that the Dutch prosecution was in a reality a prosecution undertaken *sub rosa* by the United States"). *See also* United States v. Coker, 433 F.3d 39, 46 (1st Cir. 2005)(state's notification of ATF of the possibility of federal prosecution and the subsequent investigation of defendant by both sovereigns for a period of time did not establish that the federal government's prosecution was a sham for purposes of analyzing the defendant's Sixth Amendment claim).

A *prima facie* case is also not established when a state prosecuting agency refers a case for federal prosecution because it has unsuccessfully prosecuted the defendant -- either by losing the case entirely or by failing to obtain an adequate state sentence.  For example, in United States v. Tirrell, 120 F.3d 670, 677 (7th Cir. 1997), the Court of Appeals for the Seventh Circuit found that a state government's referral of a case for federal prosecution after a disappointing state prosecution was not a sufficient basis for a Bartkus claim.  In Tirrell, the defendant received a probationary sentence for unlawful use of firearms in state court.  The county attorney, apparently dissatisfied with this sentence, referred the case for federal prosecution and the

defendant was thereafter indicted and convicted of being a felon in possession of a firearm under 18 U.S.C. §922(g).  The <u>Tirrell</u> Court found that these facts did not establish a *prima facie* case under <u>Bartkus</u> (assuming the <u>Bartkus</u> exception to exist): "no evidence suggests that the federal government was acting as a mere puppet of the state.   The state merely requested the United States to prosecute Mr. Tirrell a second time."  120 F.3d at 677.  *See also* <u>United States v. Angleton</u>, 314 F.3d 767 (5th Cir. 2002)(the federal government's failure to investigate the murder leading to federal murder-for-hire charge until contacted by the Harris County District Attorney's Office which had unsuccessfully prosecuted the defendant on a related state charge did not establish a *prima facie* case under <u>Bartkus</u>); and <u>United States v. Trammell</u>, 133 F.3d 1343, 1349-1351 (10th Cir. 1998)(federal fraud prosecution was not a sham, even though the state government referred the case for federal prosecution after the state court granted the defendant's motion for judgment of acquittal; "[i]t is...irrelevant that a state prosecutor, after unsuccessfully prosecuting a defendant, encourages or requests federal authorities to prosecute the defendant.").[5]

---

[5]The <u>Trammell</u> court also found that "a defendant is not entitled to application of the exception simply because the same attorney represented both the state and the United States in the two prosecutions against the defendant."  133 F.3d at 1350.  *See also* <u>United States v. Johnson</u>, 169 F.3d 1092, 1096 (8th Cir. 1999)(although the AUSA prosecuting the defendant had been a county attorney holding a dual appointment as a Special AUSA at the time

<u>United States v. Leathers</u>, 354 F.3d 955 (8th Cir.), *cert denied*, 543 U.S. 844 (2004), is also instructive.  There, the Court of Appeals for the Eighth Circuit found that even if the <u>Bartkus</u> exception exists, the state prosecutor's referral of the case to the federal government after a disappointing post-verdict bail hearing, 354 F.3d at 959 (and possibly in anticipation of an inadequate state sentence, 354 F.3d at 961), did not establish a *prima facie* case under <u>Bartkus</u>:

> A referral made by a state prosecutor does not undermine the independence of federal prosecutors, regardless of the state prosecutor's motives in making the referral. The inquiry is not whether the prosecution would have taken place but for the referral, but rather whether the state has effectively manipulated the actions of the federal government, so that the federal officials retained little or no independent volition.

(internal quotation marks and citation deleted).

The case law thus compels the conclusion that the defendant has failed to establish a *prima facie* case under <u>Bartkus</u>.  All the defendant has asserted -- indeed, that the government has

---

of the state prosecution, there was no evidence that he actually participated in the state prosecution and plea agreement; for this and other reasons, the defendant failed to establish that the federal case was a sham prosecution).

The defendant's unsubstantiated allegation that an unidentified ADA left the Plymouth County District Attorney's office to work for the federal government and brought the defendant's case with him (an allegation that the government disputes; *see* footnote 3, *above*) does not establish a <u>Bartkus</u> claim under <u>Trammel</u> and <u>Johnson</u>.

acknowledged -- is that the state referred the defendant's case to the government after it realized that it had failed to prosecute him as a recidivist. Such a referral does not establish a *prima facie* case that the federal government did not act independently and that its prosecution therefore is a sham. Nor could it, given the government's independent interest in prosecuting armed career criminals. *Cf*. United States v. Berry, 164 F.3d 844 (3rd Cir. 1999)(rejecting Bartkus claim because, *inter alia*, the defendant's case was "selected for federal prosecution based on facts implicating valid federal interests," for example, the defendant's status as a career offender under the Sentencing Guidelines). Moreover, the record now before the Court makes it abundantly clear (even assuming, that is, that it was not clear before) that the government independently determined that the state's prosecution did not vindicate the federal government's interest in incapacitating armed career criminals.[6] A *prima facie* case is not established when "the sovereign bringing the second prosecution was acting independently." Johnson, 169 F.3d at 1096 (federal drug prosecution following state conviction and sentence on related drug

------------------------------------------------------------

[6]Indeed, the Petite policy ensures that the federal government (through the United States Attorney and then through Department of Justice in Washington, D.C.) will take an independent look at the case and that a prosecution will be pursued only if it will serve "compelling interests of federal law enforcement." *See, e.g.*, United States v. Gary, 74 F.3d 304, 313 (1st Cir. 1996)(exceptions to the Petite policy "are made only if the prosecution will serve compelling interests of federal law enforcement.").

charges was not a sham prosecution).

## Conclusion

In sum, the defendant has not established a *prima facie* case that the government's prosecution is a sham, and there is no legitimate reason to further inquire into the government's charging decision or to require the United States Attorney for the District of Massachusetts[7] and a state-court judge to divert their attention from other important duties to testify here.  The Court should reconsider and vacate its August 18, 2006 order requiring an evidentiary hearing, and it should deny the defendant's request for dismissal or suppression.[8]  In any event, for the reasons set out

---

[7]The United States Attorney has also been designated by President Bush to be the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, and has responsibilities outside of the District of Massachusetts.

[8]In his Defendant's Memorandum Re: Dual Prosecution Issues, the defendant also claimed that his state-court plea should be suppressed under United States v. Bouthot, 878 F.2d 1506 (1st Cir. 1989).  Bouthot is unavailing.  The Bouthot court stated that a plea-bargaining defendant does not have "a constitutional right to information possessed by the prosecutor regarding an ongoing or potential prosecution by another sovereign." 878 F.2d at 1512. Absent evidence of misrepresentation, the state guilty plea is admissible.  Id.  *See also* United States v. Campusano, 947 F.2d 1, 5 (1st Cir. 1994).  Here, the defendant has not alleged that the state made a misrepresentation regarding federal prosecution.  Nor does the transcript of the state-court plea (**Exhibit 16**) reveal any misrepresentations.  Thus, the defendant's Bouthot claim must be rejected.

The defendant's FRE 403 claim is, in the government's view, without merit (*e.g.*, some of the conversations which the defendant claims he would seek to introduce and which would prolong the trial would not be admissible), but the issue is premature in any event. The government has not decided whether it will seek to introduce

in this motion, the government declines to call the witnesses that the Court suggested testify on October 4, 2006.

Respectfully submitted,

MICHAEL J. SULLIVAN,
United States Attorney

By:  /s/Antoinette E.M. Leoney
ANTOINETTE E.M. LEONEY
Assistant U.S. Attorney

DINA MICHAEL CHAITOWITZ
Chief of Appeals

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2006, this motion for reconsideration filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/Antoinette E.M. Leoney
ANTOINETTE E.M. LEONEY,
Assistant U.S. Attorney

---

the plea in its case in chief, rather than during cross-examination and rebuttal.

18

# EXHIBIT  1

| RECORD OF CRIMINAL CASE | DOCKET NO.<br>0415 CR 004029 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

| DEFENDANT NAME<br>JOHN HANDY, JR<br><br>DEFENDANT ALIAS(ES) | COURT NAME & ADDRESS<br>BROCKTON DISTRICT COURT<br>215 MAIN ST P.O. BOX 7610<br>BROCKTON MA 02303-7610<br>(508) 587-8000 |
|---|---|

| DEFENDANT ADDRESS<br>42 THEODORE STREET | CITY / TOWN<br>DORCHESTER | STATE<br>MA | ZIP CODE |
|---|---|---|---|

| SEX<br>M | DATE OF BIRTH | CITY OF BIRTH | STATE OF BIRTH | SOCIAL SECURITY NO. |
|---|---|---|---|---|

| MOTHER'S MAIDEN NAME | FATHER'S NAME |
|---|---|

| PCF NO.<br>482390 | SID NO. | DRIVERS LICENSE NO. | LICENSE STATE |
|---|---|---|---|

## CASE INFORMATION

| NO. COUNTS<br>4 | POLICE DEPT<br>SP | POLICE INCIDENT NO.<br>04006829 | OFFENSE LOCATION<br>BROCKTON | ARREST DATE<br>6/02/04 | MV CITATION NO. |
|---|---|---|---|---|---|

| CURRENT DEFENSE ATTORNEY<br>KIMBERLY LURIE | ATTORNEY TYPE<br>APPOINTED – INDIGENT |
|---|---|

| CURRENT PROSECUTOR | COMPLAINANT<br>BUSHFAN, SGT. HENRY G. |
|---|---|

## OFFENSE AND JUDGMENT INFORMATION

COUNT:   1 OFFENSE DATE: JUNE 2, 2004
 269/10/J       FIREARM. CARRY WITHOUT LICENSE

JUDGMENT DATE:  7/01/04           JUDGMENT JUDGE: HON. W. JAMES O'NEILL
JUDGMENT METHOD: AMENDED OTH OFF      JUDGMENT: AMENDED TO OTHER OFFENSE

COUNT:  2 OFFENSE DATE: JUNE 2, 2004
 269/10/G       FIREARM WITHOUT FID CARD, POSSESS

JUDGMENT DATE:  7/01/04           JUDGMENT JUDGE: HON. W. JAMES O'NEILL
JUDGMENT METHOD: ADM SUFF FACTS      JUDGMENT: GUILTY; FILED

COUNT:  3 OFFENSE DATE: JUNE 2, 2004
 94C/34/A       DRUG, POSSESS CLASS A

JUDGMENT DATE:  7/01/04           JUDGMENT JUDGE: HON. W. JAMES O'NEILL
JUDGMENT METHOD: ADM SUFF FACTS      JUDGMENT: GUILTY
JAIL START DATE:  7/01/04      INSTITUTION: PLYMOUTH HOUSE OF CORRECTION
TERM OF SENTENCE:         6 MONTHS
AMOUNT TO BE SERVED:      6 MONTHS
JAIL CREDIT DAYS:  30 CONSECUTIVE TO:           CONCURRENT WITH:

COUNT:  4 OFFENSE DATE: JUNE 2, 2004
 269/10/G       FIREARM WITHOUT FID CARD, POSSESS

JUDGMENT DATE:  7/01/04           JUDGMENT JUDGE: HON. W. JAMES O'NEILL
JUDGMENT METHOD: ADM SUFF FACTS      JUDGMENT: GUILTY
JAIL START DATE:  7/01/04      INSTITUTION: PLYMOUTH HOUSE OF CORRECTION
TERM OF SENTENCE:         6 MONTHS
AMOUNT TO BE SERVED:      6 MONTHS
JAIL CREDIT DAYS:  30 CONSECUTIVE TO:           CONCURRENT WITH: COUNT 3

| PAGE<br>1 | DATE RECORD PRINTED<br>8/10/06 | A TRUE<br>COPY<br>ATTEST | CLERK MAGISTRATE<br>*Kenji P. Gueder* |
|---|---|---|---|

CRF21A 8/10/06 9:23 AM

| RECORD OF CRIMINAL CASE | DOCKET NO.<br>0415 CR 004029 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

---

## BAIL/BOND INFORMATION

---

| BAIL TYPE | BOND AMT SET | CASH AMT SET | DATE SET | JUDGE |
|---|---|---|---|---|
| SURETY BOND/10% $ | $100,000.00 | $10,000.00 | 6/03/04 | HON. TOBY S. MOONEY |

---

## FINES/FEES/COSTS ASSESSED

---

| COUNT # FEE CODE DESC | AMOUNT ASSESSED | AMOUNT PAID/WAIVED | BALANCE DUE |
|---|---|---|---|
| COUNSEL FEE | $150.00 | $150.00 | $.00 |
| TOTAL | $150.00 | $150.00 | $.00 |

---

## PAYMENT HISTORY

---

| RECEIPT NO. | RECEIPT DATE | RECEIPT AMOUNT | METHOD OF PAYMENT |
|---|---|---|---|
| 133380 | 7/01/04 | $150.00 | WAIVED |

---

## BAIL HISTORY

---

RECEIPT#:   21743   DATE POSTED: 06/03/2004   AMOUNT POSTED:   $700.00
                    METHOD: CASH

  SURETY: HANDY, JENNIS
  RETURNED:              06/07/2004        $700.00  CHECK

---

## DOCKET ENTRIES

---

| DATE | CODE | DOCKET ENTRY | JDG/MAG | ACTION DATE |
|---|---|---|---|---|
| 6/03/04 | AC | APPLICATION FOR COMPLAINT FILED | | |
| 6/03/04 | ZCI | COMPLAINT ISSUED | KML | |
| 6/03/04 | ARR | ARRAIGNMENT SCHEDULED FOR | | 6/03/04 |
| 6/03/04 | PI | PROBATION INTAKE FORM PRINTED | KML | |
| 6/03/04 | BRW | BAIL REVOCATION WARNING (276 §58) GIVEN DEFT | | |
| 6/03/04 | BRN | BAIL REVIEW NOTICE GIVEN DEFENDANT | TSM | |
| 6/03/04 | ARRH | ARRAIGNMENT HELD | TSM | 6/03/04 |
| 6/03/04 | PT | PRETRIAL HEARING SCHEDULED FOR | | 7/01/04 |
| 6/03/04 | CAI | COUNSEL APPOINTED FOR INDIGENT DEFENDANT | TSM | |
| 6/03/04 | | 633851  HUMPHREYS, DAVID J. | | |
| 6/03/04 | MITB | MITTIMUS IN LIEU OF BAIL TO | | |
| 6/03/04 | | PJ  : PLYMOUTH JAIL | | |
| 6/07/04 | BF | BROUGHT FORWARD | JMM | 7/01/04 |
| 6/07/04 | M | MOTION(S) SCHEDULED FOR HEARING ON | | 6/07/04 |
| 6/07/04 | AIC | ACTION IN COURT FORM | | |
| 6/07/04 | | MOTION FILED BY SURETY TO REVOKE BAIL | | |
| 6/07/04 | | MOTION WAS ALLOWED BY JUDGE DGN. SURETY | | |
| 6/07/04 | | MAYBE ALLOWED TO GET $700 ALREADY POSTED. | | |
| 6/07/04 | MA | MOTION ALLOWED | DGN | 6/07/04 |
| 6/07/04 | PT | PRETRIAL HEARING SCHEDULED FOR | | 7/01/04 |
| 7/01/04 | COLL | GUILTY PLEA/ASF COLLOQUY GIVEN | WJO | 7/01/04 |
| 7/01/04 | ZCOM | CASE CLOSED-DEFENDANT COMMITTED | WJO | |
| 7/01/04 | | WEAPON ORDERED DESTROYED | | |

---

| PAGE | DATE DOCKET PRINTED | A TRUE COPY ATTEST | CLERK-MAGISTRATE |
|---|---|---|---|
| 2 | 8/10/06 | |  |

RF21B 8/10/06 9:23 AM

| RECORD OF CRIMINAL CASE | DOCKET NO. 0415 CR 004029 | Trial Court of Massachusetts District Court Department |
|---|---|---|



```
 7/01/04   JE     JUDGMENT ENTERED                                 WJO
 7/01/04   ARMV   ABSTRACT SENT TO REGISTRY OF MOTOR VEHICLES      WJO        7/01/04
 7/01/04          AMENDED JUDGMENT OR SENTENCE ENTERED             WJO
 7/01/04   MIT    MITTIMUS FOR SENTENCE ISSUED                     WJO
 7/01/04          PHC  : PLYMOUTH HOUSE OF CORRECTION
 8/31/04          SSN CHANGED FROM: 028 54 4093
 8/31/04          NAME CHANGED FROM:
 8/31/04          JOHN H HANDY
 8/31/04          PCF CHANGED FROM T0063414
 9/17/04          ADA MARYCLARE FLYNN FILED:
 9/17/04          COMMONWEALTH'S MOTION TO RECIND THE COURT'S
 9/17/04              ORDER TO DESTRUCT FIREARM;
 9/17/04          AFFIDAVIT OF ADA MARYCLARE FLYNN IN SUPPORT
 9/17/04              OF COMMONWEALTH'S MOTION TO REMOVE
 9/17/04              ORDER OF DESTRUCTION
 9/17/04   TUA    JUDGE O'NEILL                                    KML
 9/27/04          FAXED TO JUDGE O'NEILL IN ORLEANS
10/01/04   MA     MOTION TO RECIND ORDER TO DESTRUCT FIREARM       WJO
10/01/04          ALLOWED WITHOUT HEARING
12/02/04   CAI    COUNSEL APPOINTED FOR INDIGENT DEFENDANT         KML
12/02/04              556129  PENKETHMAN JR, WILLIAM C
12/02/04          FOR COLLATERAL ENHANCED SCREENING
 1/20/05          ATTY WM PENKETHMAN, JR FILED:
 1/20/05          MOTION FOR FUNDS
 1/20/05   TUA    JUDGE DINNEEN                                    KML
 2/07/05   MD     MOTION DENIED. DEFT ADMITTED SUFFICIENT FACTS    FXD
 2/09/05              AND RECEIVED SENTENCE HE ASKED FOR.
 2/09/05          THERE ARE NOT POST TRIAL MOTIONS FILED
 2/09/05          IN THIS COURT.  THE TAPE OF THE
 2/09/05          COLLOQUY IS AVAILABLE FOR REVIEW.
 2/10/05   CAI    COUNSEL APPOINTED FOR INDIGENT DEFENDANT         KML
 2/10/05              632802  LURIE, KIMBERLY
 8/19/05          ATTY K. LURIE FILED:
 8/19/05          MOTION TO WITHDRAW AN ADMISSION TO SUFFICIENT
 8/19/05              FACTS/GUILTY PLEA;
 8/19/05          MEMORANDUM IN SUPPORT OF THE MOTION TO
 8/19/05              WITHDRAW ADMISSION/PLEA;
 8/19/05          AFFIDAVIT (OF DEFENDANT);
 8/19/05          AFFIDAVIT I OF DAVID J. HUMPHREYS;
 8/19/05          AFFIDAVIT II OF DAVID J. HUMPHREYS;
 8/19/05          AFFIDAVIT OF KIMBERLY WITTENBERG LURIE
 8/19/05   TUA    JUDGE NAGLE                                      KML
 8/22/05          ATTY K. WITTNEBERG LURIE FILED:
 8/22/05          MOTION FOR FUNDS;
 8/22/05          COUNSEL'S AFFIDAVIT IN SUPPORT OF MOTION
 8/22/05   TUA    JUDGE NAGLE                                      KML
 9/26/05   TUA    JUDGE O'NEILL IN NEW BEDFORD                     KML
10/17/05          ATTY K. LURIE FILED:
10/17/05          MOTION TO AMEND THE MOTION TO WITHDRAW AN
10/17/05              ADMISSION TO SUFFICIENT FACTS/GUILTY
10/17/05              PLEA
10/17/05   TUA    JUDGE O'NEILL                                    KML
10/21/05   BF     BROUGHT FORWARD                                  WJO        7/01/04
10/21/05   MWP    MOTION TO WITHDRAW GUILTY PLEA SCHEDULED FOR                11/17/05
10/21/05   NONE   NOTICE OF NEXT EVENT ISSUED
11/17/05   MH     MOTION TO WITHDRAW GUILTY PLEA (7/1/04) HEARD    WJO
11/17/05   TUA    TAKEN UNDER ADVISEMENT                           WJO
11/17/05          MOTION TO WITHDRAW GUILTY PLEA TENDER OF
11/17/05          7/1/04 TAKEN UNDER ADVISEMENT
11/17/05          COURT FINDS ORIGINAL COLLOQUY ADEQUATE
11/17/05          COURT ORDERS CORRECTION OF ORIGINAL DOCKET TO
11/17/05          REFLECT:  COUNT 1 FIREARM, CARRY WITHOUT
11/17/05          LICENSE 269/10/J TO READ POSSESSION OF
```

| PAGE | DATE DOCKET PRINTED | | CLERK MAGISTRATE |
|---|---|---|---|
| 3 | 8/10/06 | A TRUE COPY ATTEST |  |

RF21B 8/10/06 9:23 AM

| RECORD OF CRIMINAL CASE | DOCKET NO.<br>0415 CR 004029 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| 11/17/05 | | FIREARM WITHOUT FID CARD 269/10H-GUILTY 6 | | |
| 11/17/05 | | MONTHS HOUSE OF CORRECTION COMMITTED WITH | | |
| 11/17/05 | | 30 DAYS CREDIT CONCURRENT WITH COUNT 3 | | |
| 11/17/05 | | POSSESS CLASS A-SENTENCE IS ALREADY SERVED | | |
| 11/17/05 | | AMENDED JUDGMENT OR SENTENCE ENTERED | WJO | |
| 11/17/05 | JHH | JUDGE'S HEARING HELD | WJO | 11/17/05 |
| 11/17/05 | ZCOM | CASE CLOSED-DEFENDANT COMMITTED | | 7/01/04 |
| 11/17/05 | | ATTY K. WITTENBERG-LURIE FILED: | | |
| 11/17/05 | | MEMORANDUM IN SUPPORT OF VACATING GUILTY PLEA | | |
| 12/23/05 | | JUDGE W J O'NEILL FILED: | | |
| 12/23/05 | | FINDINGS ON MOTION TO WITHDRAW PLEA | | |
| 12/23/05 | MD | MOTION TO WITHDRAW HIS ADMISSION/PLEA DENIED | WJO | |
| 1/12/06 | | ATTY K. WITTENBERG LURIE FILED: | | |
| 1/12/06 | | NOTICE OF APPEAL | | |
| 1/12/06 | BF | BROUGHT FORWARD | KML | 7/01/04 |
| 1/12/06 | AFD | APPEAL FILED BY DEFT; CC: JUDGE & PROSECUTOR | | 1/12/06 |
| 1/12/06 | | REQUEST FROM CPCS ATTORNEY LURIE TO PLEASE | | |
| 1/12/06 | | SEND HER APPEAL TO THE APPEALS COURT | | |
| 1/12/06 | | SHORT OF HAVING A COPY OF THE TRANSCRIPT | | |
| 1/27/06 | | NOTICE OF ENTRY RECEIVED FROM APPEALS COURT | | |
| 1/27/06 | | ENTERED JANUARY 23, 2006  NO. 2006-P-0106 | | |
| 5/04/06 | | NOTICE OF DOCKET ENTRY FROM APPEALS COURT | | |
| 5/04/06 | | RE #5: CASE STAYED TO 05/25/06. . . | | |
| 5/25/06 | | NOTICE OF DOCKET ENTRY RECEIVED FROM APPEALS | | |
| 5/25/06 | | COURT: RE#7: CASE STAYED TO 06/19/2006 | | |

| PAGE | DATE DOCKET PRINTED | A TRUE<br>COPY<br>ATTEST | CLERK MAGISTRATE |
|---|---|---|---|
| 4 | 8/10/06 | | |

CRF21B 8/10/06 9:23 AM

| TENDER OF PLEA OR ADMISSION WAIVER OF RIGHTS | DOCKET NO. 04I5 CR 409 | NO. OF COUNTS 3 | Trial Court of Massachusetts District Court Department |
|---|---|---|---|

| INSTRUCTIONS: This form must be typed or printed clearly, completed prior to the Pretrial Hearing, signed by both counsel and submitted to the court by the defendant at or before the Pretrial Hearing. | NAME OF DEFENDANT John Hardy | COURT DIVISION Brockton District Court 215 Main Street Brockton, MA. 02301 |
|---|---|---|

**SECTION I** — TENDER OF PLEA

Defendant in this case hereby tenders the following: ☐ PLEA OF GUILTY    ☒ ADMISSION TO FACTS SUFFICIENT FOR A FINDING OF GUILTY conditioned on the dispositional terms indicated below. Include all proposed terms (guilty finding, finding of sufficient facts, continued without finding, dismissal, fine, costs, probation period and supervision terms, restitution amount including the identification of the recipient of restitution, and any sentence of incarceration, split sentence or suspended sentence, etc.). Number each count and specify terms for each count separately.

| COUNT NO. | DEFENDANT'S DISPOSITIONAL TERMS (Check "Yes" if Prosecution agrees - Check "No" if Prosecution disagrees) | | PROSECUTOR'S RECOMMENDATION (Required if Prosecutor disagrees with terms) |
|---|---|---|---|
| 1 | FIREARM §10J AMEND to §10H    6 MOS CMTD | ☐ YES ☐ NO | G. 2½ HOC CMTD  AMEND 10H |
| 2 | FIREARM NO FID    G-FILE | ☐ YES ☐ NO | G. 2yrs HOC CMTD |
| 3 | DRUG A    6 MOS CMTD Concurrent 1 | ☒ YES ☐ NO | G. 1yr HOC CMTD |
|  | 30 days jail credit | ☐ YES ☐ NO |  |
|  |  | ☐ YES ☐ NO |  |

WE HAVE CONSULTED WITH THE PROBATION DEPARTMENT REGARDING ANY PROBATION TERMS SET FORTH ABOVE.

| DATE 7/1/04 | SIGNATURE OF DEFENSE COUNSEL X | SIGNATURE OF PROSECUTING OFFICER X Timott A Shyne | DATE 7/1/04 |
|---|---|---|---|

**SECTION II** — PLEA OR ADMISSION ACCEPTED BY THE COURT

The Court: ☒ ACCEPTS the tendered Plea or Admission on defendant's terms set forth in Section I. and will impose sentence in accordance with said terms, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form), completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS.

**SECTION III** — PLEA OR ADMISSION REJECTED BY THE COURT

| The Court: ☐ REJECTS the defendant's dispositional terms set forth above and, in accordance with Mass. R. Crim. P. 12(c) (6), has set forth to the defendant the dispositional terms it would find acceptable, to wit: | COURT'S DECISION IF COURT REJECTS TENDERED PLEA OR ADMISSION: ☐ Defendant WITHDRAWS the tendered Plea or Admission; the parties must complete and file a Pretrial Conference Report, a Pretrial Hearing must be conducted and a trial date scheduled, if necessary. ☐ Defendant ACCEPTS terms set forth by the Court, a Plea or Admission will be accepted by the court and said dispositional terms imposed, subject to submission of defendant's written WAIVER (see Section IV on reverse of this form). Completion of the required oral COLLOQUY, a determination that there is a FACTUAL BASIS for the Plea or Admission, and notice of ALIEN RIGHTS. |
|---|---|

| DATE 7/1/04 | SIGNATURE OF JUDGE ACCEPTING OR REJECTING PLEA OR ADMISSION X | SIGNATURE OF DEFENSE COUNSEL (if rejection decision made) X | DATE |
|---|---|---|---|

**SECTION IV**   DEFENDANT'S WAIVER OF RIGHTS (G.L.c. 263, § 6) & ALIEN RIGHTS NOTICE (G.L.c.278,§ 29D)

I, the undersigned defendant, understand and acknowledge that I am voluntarily giving up the right to be tried by a jury or a judge without a jury on these charges.

I have discussed my constitutional and other rights with my attorney. I understand that the jury would consist of six jurors chosen at random from the community, and that I could participate in selecting those jurors, who would determine unanimously whether I was guilty or not guilty. I understand that by entering my plea of guilty or admission, I will also be giving up my right to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to testify or provide evidence against myself by asserting my privilege against self-incrimination, all with the assistance of my defense attorney; and to be presumed innocent until proven guilty by the prosecution beyond a reasonable doubt.

I am aware of the nature and elements of the charge or charges to which I am entering my guilty plea or admission. I am also aware of the nature and range of the possible sentence or sentences.

My guilty plea or admission is not the result of force or threats. It is not the result of assurances or promises, other than any agreed-upon recommendation by the prosecution, as set forth in Section I of this form. I have decided to plead guilty, or admit to sufficient facts, voluntarily and freely.

I am not now under the influence of any drug, medication, liquor or other substance that would impair ability to fully understand the constitutional and statutory rights that I am waiving when I plead guilty, or admit to sufficient facts to support a finding of guilty.

I understand that if I am not a citizen of the United States, conviction of this offense may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.

| SIGNATURE OF DEFENDANT<br>X | DATE<br>7/1/04 | |

**SECTION V**   DEFENSE COUNSEL'S CERTIFICATE (G.L.c. 218, § 26A)

As required by G.L .c 218, § 26A, I certify that as legal counsel to the defendant in this case, I have explained to the defendant the above-stated provisions of law regarding the defendant's waiver of jury trial and rights so as to enable the defendant to tender his or her plea of guilty or admission knowing, intelligently and voluntarily.

| SIGNATURE OF DEFENSE COUNSEL<br>X | B.B.O. NO.<br>633851 | DATE<br>7/1/04 |

**SECTION VI**   JUDGE'S CERTIFICATION

I, the undersigned Justice of the District Court, addressed the defendant directly in open court. I made appropriate inquiry into the education and background of the defendant and am satisfied that he or she fully understands all of his or her rights as set forth in Section IV of this form, and that he or she is not under the influence of any drug, medication, liquor or other substance that would impair his or her ability to fully understand those rights. I find, after an oral colloquy with the defendant, that the defendant has knowingly, intelligently and voluntarily waived all of his or her rights as explained during these proceedings and as set forth in this form.

After a hearing, I have found a factual basis for the charge(s) to which the defendant is pleading guilty or admitting and I have found that the facts as related by the prosecution and admitted by the defendant would support a conviction on the charges to which the plea or admission is made.

I further certify that the defendant was informed and advised that if he or she is not a citizen of the United States, a conviction of the offense with which he or she was charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization, pursuant to the laws of the United States.

| SIGNATURE OF JUDGE | DATE<br>07/01/04 | |

| | | |
| --- | --- | --- |

DC-CR 22 (8/96)                    TENDPLEA.wpd

# EXHIBIT  2

| COURT DIVISION<br>Dorchester | | | NAME, ADDRESS AND ZIP CODE OF DEFENDANT | ☐ Waived<br>☐ Retained<br>☐ Assigned *Ruby 40 atty fee* |
|---|---|---|---|---|

John Handy
20 Intervale St., #2
Dor.,MA

**TERMS OF RELEASE** *500 cost 3000 surety*

CC# 01711204

| DEF. DOB AND SEX | OFFENSE CODE(S)<br>802 |
|---|---|

| DATE OF OFFENSE<br>08/12/90 | PLACE OF OFFENSE<br>Intervale St./Blue Hill Av |
|---|---|

| COMPLAINANT<br>P.O. Fratalia, et al | POLICE DEPARTMENT<br>AGVO |
|---|---|

| DATE OF COMPLAINT<br>08/13/90 | RETURN DATE AND TIME<br>Arrested |
|---|---|

| DATE | PROCEEDING |
|---|---|
| 8/28/90 | ☐ Arraigned before J. *Dolan* |
| | ☐ Advised of right to counsel |
| | ☐ Advised of right to drug exam |
| | ☐ Advised of right to bail review |
| | ☐ Advised of right to F.I. Jury Trial |
| | ☐ Waives   ☐ Requests F.I. Jury Trial |
| 8-14-90 | ☐ Warrant issued  ☐ Default warrant issued *Dol* |
| 8-28-90 | ☐ Default removed   ☐ Warrant recalled |
| 10-10-90 | ☐ Warrant issued   ☐ Default warrant issued |
| 2-22-91 | ☐ Default removed   ☐ Warrant recalled |
| 8-28-90 | Cash Bo. / 260.00  50 |

| COUNT-OFFENSE<br>A.POSS. CLASS B SUB. W/INT.TO DISTRIB./MFG. C94C S32 | FINE | SURFINE<br>50. | DRUG<br>150. | TOTAL DUE<br>200. |
|---|---|---|---|---|

| DATE 8/28/90 | PLEA<br>☐ Not Guilty  ☐ Guilty  ☐ Nolo<br>☐ New Plea:  ☐ Admits suff. facts<br>FINDING SH | IMPRISONMENT AND OTHER DISPOSITION<br>2 yrs H of C S/S 4-5-93<br>V.W.F. — 50.<br>DRUG FEE —150.<br>PROBATION FEE ASSESSED |
|---|---|---|
| 3-1-91 | Guilty   JUDGE *Dolan* | |
| | ☐ Cont. w/o finding until:<br>☐ Appeal of find. & disp.   Appeal of disp. | FINAL DISPOSITION   DATE<br>☐ Discharged from probation<br>☐ Dismissed at request of probation |

| COUNT-OFFENSE | | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|

| DATE | PLEA<br>☐ Not Guilty  Guilty  Nolo<br>☐ New Plea:  ☐ Admits suff. facts<br>FINDING   JUDGE | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Cont. w/o finding until:<br>☐ Appeal of find. & disp.   Appeal of disp. | FINAL DISPOSITION   DATE<br>☐ Discharged from probation<br>☐ Dismissed at request of probation |

| COUNT-OFFENSE | | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|

| DATE | PLEA<br>☐ Not Guilty  Guilty  Nolo<br>☐ New Plea:  ☐ Admits suff. facts<br>FINDING   JUDGE | IMPRISONMENT AND OTHER DISPOSITION<br>I HEREBY CERTIFY THAT THIS IS A TRUE<br>COPY, GIVEN UNDER MY HAND AND SEAL<br>THIS 12th DAY OF *August* 2004 |
|---|---|---|
| | ☐ Cont. w/o finding until:<br>☐ Appeal of find. & disp.   Appeal of disp. | CLERK-MAGISTRATE<br>ASSISTANT CLERK<br>FINAL DISPOSITION   DATE<br>☐ Discharged from probation<br>☐ Dismissed at request of probation |

| COUNT-OFFENSE | | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|---|

| DATE | PLEA<br>☐ Not Guilty  Guilty  Nolo<br>☐ New Plea:  ☐ Admits suff. facts<br>FINDING   JUDGE | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Cont. w/o finding until:<br>☐ Appeal of find. & disp.   Appeal of disp. | FINAL DISPOSITION   DATE<br>☐ Discharged from probation<br>☐ Dismissed at request of probation |

| CONT TO | PURPOSE | CONT TO | PURPOSE | | DATE | TAPE NO | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 10-10-90 | Trial | 1-7-93 | SH | | 3-1-91 | 273 | 3361 | 3521 |
| 3-1-91 | Trial | 2-1953 | S.E. | | 4-5-91 | 458 | 70 | 200 |
| 4-5-91 | dispo. | 3-3-93 | S.E. | | 10-29-91 | 1468 | 1 | |
| 4-5-93 | | 2-25-93 | S.E. | | | | | |

| DATE | DOCKET ENTRIES |
|------|----------------|
| 8/14/90 | def warr issued to AGVU - MJ |
| 8/21/90 | Deft bef Ct on D/W    enclosed  ⓑ |
| 8-28-90 | Subp. issued to PO. Robert Fratalia. Ret: 10-10-90 @ 8:30 AM.Ng. |
| 10 10 90 | BAIL FORFEITED - JACUN J |
| 10-12-90 | Bail Forfeited $200.00 SP |
| 10-10-90 | Df Warr issued to area A G V U, mjk |
| 2/22/91 | Deft bef Ct on DW enclosed,  ⓙⓟ |
| 2 22 91 | $50 TO RAW DF - OUTLAW J |
| | ATTY BARKER APPTD |
| | $40 ATTY FEE |
| | $500 CASH/ $5000 SURETY |
| 2/22/91 | prithings completed  ⓙⓟ |
| 2-25-91 | Subp. issued to PO. Robert Fratalia. Ret: 3-1-91 @ 8:30 AM.Ng. |
| 3-1-91 | Cash Bail $500.00 SP |
| 4/16/91 | 500    check # 962 Sur. |
| | Bail released $_____ check #_____ |
| | On 5/3/91 Probation Violation filed |
| | by P.O. Meyers    6/3/91 SH |
| 6 13 91 | DF WARR TO ISSUE - OUTLAW J |
| 06-13-91 | default Warrant issued to AGVU.    (L.V.) |
| 10/29/91 | deft bef ctn waiv. (waiv red) ⓚⓨ |
| 10 29 91 | AFTER SH CAUSE FOUND SS REVOKED & comm |
| | $ 1 YR HC BAL OF 1 YRS SS UNTIL 4-5-93 |
| | HANLON J |
| 10/29/91 | Mitt. Issued.    JP/ |
| | CLOSED    Closed |
| | 10-30-91  [signature]  in error |
| | DATE        BY |
| 7.7.92 | 2 days credit given for 2-20-91. 2-22-91 |
| 1-7-93 | aft S.H - cause found VTP. susp revoked |
| | Committed 1 yr H.C. - elec staus to 2/19/93 Sele |

I HEREBY CERTIFY THAT THIS IS A COPY, GIVEN UNDER MY HAND AND SEAL THIS 12th DAY OF August 2004 CLERK-MAGISTRATE ASSISTANT CLERK

Defendant _____

Case Number _____

| 1 | 2 | 3 |
|---|---|---|
| 2/25/93 | | |
| Off S.E Leaven | | |
| Stay vacated | | |
| Committed 1 yr | | |
| H.C. South Bay | | |
| 30 days credit | | |
| for time spent | | |
| at Bridgewater Hd | | |
| Center (Dolan) | | |
| 2/25/93 | | |
| Mittimus issued (a) | | |
| CLOSED | | |
| 2-26-93 | I HEREBY CERTIFY THAT THIS IS A TRUE | |
| | COPY, GIVEN UNDER MY HAND AND SEAL | |
| 4/2/93 Deft Files | THIS 1/24 DAY OF _____ | |
| Motion for New Trial | 2004 | |
| and affidavit in | CLERK-MAGISTRATE | |
| Support thereof | ASSISTANT CLERK | |
| 4/14/93 Motion | | |
| allowed - Sentence | | |
| revised as to time | | |
| already (Dolan) | | |
| 04/14/93 Mittimus Issued.    JP/ | | |

# EXHIBIT 3

DOCKET    93-06 CB 0782    □ Waived
Patrick Gualtz
☑ Retained
Robert Barrett #75 fee
☑ Assigned

| COURT DIVISION AC M. Roxbury | NAME, ADDRESS AND ZIP CODE OF DEFENDANT | TERMS OF RELEASE |
|---|---|---|

John Handy
11 Gaston St.
Dorchester, Ma.
18 Prospect Avenue #1
Brockton, MA 02402

Surety $10,000 o/c cash $2000

| | | DATE | PROCEEDING |
|---|---|---|---|
| | | | ☑ Arraigned before J. | M Murphy |
| | | | ☑ Advised of right to counsel |
| | | | □ Advised of right to drug exam |
| DEF. DOB AND SEX | OFFENSE CODE(S) 822 802 807 802a | | □ Advised of right to bail review |
| | | 6-28-94 | ☑ Advised of right to F.I. Jury Trial |
| DATE OF OFFENSE 2/13/93 | PLACE OF OFFENSE 26 HOradan Way | | ☑ Waives    □ Requests F.I. Jury Trial |
| | | 6-28-94 | ☑ Advised of alien rights |
| COMPLAINANT Meredith/Andrew Murphy | POLICE DEPARTMENT (if applicable) Area B2/31111372 | AUG 11 1993 | □ Warrant issued ☑ Default warrant issued |
| | | 4-15-93 | □ Default removed    ☑ Warrant recalled |
| DATE OF COMPLAINT February 16, 1993 | RETURN DATE AND TIME ARRESTED | 11-10-93 | □ Warrant issued ☑ Default warrant issued |
| | | 3-29-94 | □ Default removed    ☑ Warrant recalled |

| COUNT-OFFENSE A. ILLEGAL POSS. OF CLASS B SUBSTANCE C94C S34 | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE 2-16-93 | PLEA ☑ Not Guilty □ Guilty □ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | □ New Plea: □ Admits suff. facts | Required Guilty Demd |
| FINDING 6-28-94 Guilty | JUDGE Murphy | One Day H-C |
| | | 6 Filed |
| □ Cont. w/o finding until: | FINAL DISPOSITION | DATE |
| □ Appeal of find. & disp. □ Appeal of disp. | □ Discharged from probation □ Dismissed at request of probation | |

| COUNT-OFFENSE B. POSS. CLASS B SUB. W/INT.TO DISTRIB/NFG C94C S32A | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE 2-16-93 | PLEA ☑ Not Guilty □ Guilty □ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | □ New Plea: □ Admits suff. facts | One Day H-C |
| FINDING 6-28-94 Guilty | JUDGE Murphy | Guilty filed |
| □ Cont. w/o finding until: | FINAL DISPOSITION | DATE |
| □ Appeal of find. & disp. □ Appeal of disp. | □ Discharged from probation □ Dismissed at request of probation | |

| COUNT-OFFENSE C. MFG/DISTRIB/DISPENSE CLASS B SUB. C94C S32A(a) | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE 2-16-93 | PLEA ☑ Not Guilty □ Guilty □ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | □ New Plea: □ Admits suff. facts | One Day H-C |
| FINDING 6-28-94 Guilty | JUDGE Murphy | One |
| □ Cont. w/o finding until: | FINAL DISPOSITION | DATE |
| □ Appeal of find. & disp. □ Appeal of disp. | □ Discharged from probation □ Dismissed at request of probation | |

| COUNT-OFFENSE D. POSS CL B W/I DIST W/I 1000 ft SCHOOL C94, S32J | FINE | SURFINE 30 w/N | COSTS | TOTAL DUE |
|---|---|---|---|---|

| DATE 2-16-93 | PLEA □ Not Guilty □ Guilty □ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | □ New Plea: □ Admits suff. facts | 2 YRS H-C on and after |
| FINDING 6-28-94 Guilt | JUDGE Murphy | part A of this Complt |
| | | $150. Drug fee |
| □ Cont. w/o finding until: | FINAL DISPOSITION | DATE |
| □ Appeal of find. & disp. □ Appeal of disp. | □ Discharged from probation □ Dismissed at request of probation | |

| CONT TO | PURPOSE | CONT TO | PURPOSE | DATE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|
| 2-25-93 | Trial | 11-10-93 | Trial | 9/15/94 | APPEAL | | |
| 3-25-93 | Trial | Habe. 4.26.94 | Trial | 10-30-97 | Aur | | |
| 4-7-93 | Trial - Habe | 5-24-94 | Trial | | | | |
| 6-9-93 | Tr.8/ - Hd | 6.28.94 | Trial yfc | | | | |

John HANDY    93-06cr 0782

| DATE | DOCKET ENTRIES |
|---|---|
| 2-16-93 | mitt (T?) |
| FEB 26 1993 | HAbe Suffolk County Jail 3-25-93 |
| 5-1-93 | Habe issued Scj Ret 3-25-93 (T?) |
| 3-22-93 | Rate issued 3-23-93 to Suff C.H. of Correction - Jix |
| 3-25-93 | B/A Cont habe iss Suff Ct N of C 4/7/93 |
| APR - 7 1993 | B/A Cont to 6-9-93 - Habeas Corpus to issue to Suffolk County H of C returnable 6-9-93 - murphy/ss |
| JUN 9 1993 | Cont 8.11.93 request of ∆ atty Donovan J J Fox |
| 5.24.94 | Cont 6.28.94 NFC for Comm or Dept Anderson J Jox |
| 6-28-94 | Default warrant |
| 9-15-94 | DOCKET MARKED IN ERROR |
| 9-15-94 | SEPT 19-94 PA Summ ∆ |
| SEP 19 1994 | SEPT 26 94 SMF Summ ∆ ANDER |
| 9-19-94 | Summons issued (TS) |
| SEP 26 1994 | Default warrant |
| 9-28-95 | AFTer A Fall prob. rev. hearg. VOP Found, prob. revoked, & Cnt. A + B Guilty fibd. Cnt B. ONE day H of C Cmt conc w/ Sentence Now Serving. |
|  | Cnt A. 2 yrs H of C From + After sentence Now Sentence serving. 30 days credit. Dolan, J. (DA) Mitt to issue. Tape# 1143 -3 2471-3369. |
| 9-28-95 | mitt issued |
| 2-1-96 | see 9407 JC 0200 Entry on 9-28-95 incorrect. on 12-19-95 Guilty entered 2 years H of C. 6 mos. Committed balance Susp & Prob. |

**DOCKET**    DOCKET NUMBER 9306 CR 0782

| DORCHESTER |
|---|

JURY SESSION DEF ATTORNEY
- ☐ Waived
- ☐ Retained  Guarnieri
- ☐ Assigned  Lawfest

JURY SESSION: **DORCHESTER**
JURY DOCKET NO. 9407 JC 0200

COURT DIVISION: W. Roxbury

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

CC#31111372

John Handy
11 Gaston Street
Dorchester, MA.
10-19-95
Atty Guarnieri

482390

TERMS OF RELEASE $2,000 cash/$40,000 surety

**JURY SESSION DOCKET**

| DATE | |
|---|---|
| 06.30.94 | Received: ☒ De novo.  ☐ First instance |
| 07.13.94 | Pre-Trial Conference date |
| 08.03.94 | Trial Date Scheduled |

DEF. DOB AND SEX  OFFENSE CODE(S)
822.802.807.802a

DATE OF OFFENSE: 02.13.93  PLACE OF OFFENSE: 26 Horadan Way

COMPLAINANT  POLICE DEPARTMENT (if applicable)
Meredith/Andrew Murphy  Area B2

DATE OF COMPLAINT: 02.16.93  RETURN DATE AND TIME: Arrested

**JURY SESSION DISPOSITION**
JUDGE:  DATE:
- ☐ Jury Trial  ☐ Plea or Admission
- ☐ Jury Waived Trial  ☐ Other (below)

---

COUNT OFFENSE
A. ILLEGAL POSS. OF CLASS B SUBSTANCE C94C $34

| FINE | SURFINE | COSTS | VWF | TOTAL DUE |
|---|---|---|---|---|

DATE 02.16.93  PLEA X Not Guilty  Guilty  Nolo

DISPOSITION AND SENTENCE  DEC 19 1995
Dismissed lack of prosecution without prejudice defendant not objecting.

FINDING  JUDGE MURPHY
request finding denied
06.28.94  GUILTY-ONE DAY HOFC

FINAL DISPOSITION  DATE
- ☐ Discharged from probation
- ☐ Dismissed at request of probation

---

COUNT OFFENSE
B. POSS. CLASS B SUB. W/INT TO DIST/MFG. C94C S32A

| FINE | SURFINE | COSTS | VWF | TOTAL DUE |
|---|---|---|---|---|
| | 50/u | | | |

DATE 02.16.93  PLEA X Not Guilty  Guilty  Nolo

DISPOSITION AND SENTENCE
Jury waived change of plea advised of immigration rights plea of guilty accepted by the court
Guilty 2 yrs HOFC - 6 mos to serve bal susp 2 yrs 10-19-97

06.28.94  GUILTY-ONE DAY HOFC  DEC 19 1995 /50 DAF

FINAL DISPOSITION
- ☐ Discharged from probation
- ☐ Dismissed at request of probation

---

COUNT OFFENSE
C. MFG/DIST/DISP/ CLASS B. SUB. C94C S32A

| FINE | SURFINE | COSTS | VWF | TOTAL DUE |
|---|---|---|---|---|

DATE 02.16.93  PLEA X Not Guilty  Guilty  Nolo

DISPOSITION AND SENTENCE
Jury waived change of plea advised of immigration rights plea of guilty accepted by the court

06.28.94  GUILTY-ONE DAY HOFC  DEC 19 1995

FINAL DISPOSITION
- ☐ Discharged from probation
- ☐ Dismissed at request of probation

---

COUNT OFFENSE
D. POSS. CLASS B W/INT 1000 FT SCHOOL ZONE C94C S32J

| FINE | SURFINE | COSTS | VWF | TOTAL DUE |
|---|---|---|---|---|

DATE 02.16.93  PLEA X Not Guilty  Guilty  Nolo

DISPOSITION AND SENTENCE  DEC 19 1995
$150 drug fee  JUDGE MURPHY
$30 VWF  2YRS HOFC ON & AFTER
06.28.94  GUILTY-PART A OF THIS COMPL.

I HEREBY CERTIFY THIS IS A TRUE COPY, GIVEN UNDER

CLERK-MAGISTRATE
ASSISTANT CLERK

FINAL DISPOSITION  DATE
- ☐ Discharged from probation
- ☐ Dismissed at request of probation

---

| CONT TO | PURPOSE | CONT TO | | DATE | TAPE NO | START | STOP |
|---|---|---|---|---|---|---|---|
| 9/19/94 PTH | | | | 81 8 19-1 | 1227 | 2633 | 2976 |
| 9.26.94 status | | | | | | | |
| 1-15-95 Jan/27c | | | | | | | |
| 10-19-95 | | | | | | | |

# EXHIBIT   4

| COURT DIVISION | NAME, ADDRESS AND ZIP CODE OF DEFENDANT | TERMS OF RELEASE |
|---|---|---|
| TS WEST ROXBURY | | ☐ Waived ☐ Retained ☐ Assigned DANiel HENdERSON 100 |

AKA Lance Handy
16 New Whitney
Boston, Mass.

Bail 25000 OR 2500 Cash
3000 Cash

T/N John HANdy

DEF. DOB AND SEX

OFFENSE CODE(S)
620

9.1.95

DATE OF OFFENSE
4/24/95

PLACE OF OFFENSE
835 Huntington Ave.

COMPLAINANT
Painten,10439/A.Murphy

POLICE DEPARTMENT (if applicable)
Area B2/cc# 50182267

DATE OF COMPLAINT
4/25/95

RETURN DATE AND TIME
ARRESTED

| DATE | PROCEEDING |
|---|---|
| 4/25/95 | ☑ Arraigned before J. TTT |
| | ☑ Advised of right to counsel |
| | ☐ Advised of right to drug exam |
| | ☐ Advised of right to bail review |
| | ☐ Advised of right to F.I. Jury Trial |
| | ☐ Waives  ☐ Requests F.I. Jury Trial |
| | ☐ Advised of alien rights |
| 7-31-95 | ☑ Warrant issued  ☐ Default warrant issued |
| 9.31 | ☐ Default removed  ☐ Warrant recalled |
| | ☐ Warrant issued  ☐ Default warrant issued |
| 9.1.95 | ☑ Default removed  ☐ Warrant recalled |

---

COUNT-OFFENSE
A. ASSAULT BY DANGEROUS WEAPON c265 s15B

| FINE | SURFINE 50 w/v | COSTS | TOTAL DUE |
|---|---|---|---|

DATE 4.25.95

PLEA
☐ Not Guilty  ☐ Guilty  ☐ Nolo
☐ New Plea:  ☐ Admits suff. facts

FINDING Guilty    JUDGE DolAN

5/4/95

IMPRISONMENT AND OTHER DISPOSITION
3 months H-C Suspended
Probation 5-4-96

30 prob. fee

| FINAL DISPOSITION | DATE |
|---|---|
| ☐ Discharged from probation | |
| ☐ Dismissed at request of probation | |

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.    Appeal of disp.

---

COUNT-OFFENSE

| FINE | SURFINE | COSTS | TOTAL DUE - |
|---|---|---|---|

DATE

PLEA
☐ Not Guilty  ☐ Guilty  ☐ Nolo
☐ New Plea:  ☐ Admits suff. facts
FINDING    JUDGE

IMPRISONMENT AND OTHER DISPOSITION

3 mons con w 0782

| FINAL DISPOSITION | DATE |
|---|---|
| ☐ Discharged from probation | |
| ☐ Dismissed at request of probation | |

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.    ☐ Appeal of disp.

---

COUNT-OFFENSE

| FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|

DATE

PLEA
☐ Not Guilty  ☐ Guilty  ☐ Nolo
☐ New Plea:  ☐ Admits suff. facts
FINDING    JUDGE

IMPRISONMENT AND OTHER DISPOSITION

| FINAL DISPOSITION | DATE |
|---|---|
| ☐ Discharged from probation | |
| ☐ Dismissed at request of probation | |

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.  ☐ Appeal of disp.

---

COUNT-OFFENSE

| FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|

DATE

PLEA
☐ Not Guilty  ☐ Guilty  ☐ Nolo
☐ New Plea:  ☐ Admits suff. facts
FINDING    JUDGE

IMPRISONMENT AND OTHER DISPOSITION

Anderson, J. 9.1.95

| FINAL DISPOSITION | DATE |
|---|---|
| ☐ Discharged from probation | |
| ☐ Dismissed at request of probation | |

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.  ☐ Appeal of disp.

---

| CONT. TO | PURPOSE | CONT. TO | PURPOSE |
|---|---|---|---|
| 5-4-95 | PT.H | | |
| 5-9-96 | disp | | |
| 7-31-95 | Status | | |
| 9.20.95 | Sur | | |

| DATE | TAPE NO | START | STOP |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

95-06CR 1756

| DATE | DOCKET ENTRIES |
|------|----------------|
| 4.25.95 | writt issued NG |
| 9.28.95 | After A Full pnb. Sur hang. v/p Found, pnb revoked, Cntg 3 mons HofC Conc w/ 93 06 CR 0782. Dolan, J. witt to issue. Tape # 1143-3 2471 - 3369. |

# EXHIBIT  5

# DOCKET

| | |
|---|---|
| **DOCKET NUMBER** 9502 CR 7773 | **ATTORNEY NAME** |

| | |
|---|---|
| COURT DIVISION **ROXBURY** | ☐ Waived<br>☐ Retained<br>☑ Assigned  _Hyun_ |
| | **TERMS OF RELEASE** |

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**

John Handy
20 Intervale Str.
Roxbury, Mass.

$100 PLUS OR 20 HOURS COMMUNITY SERVICE

*100 pers*

| | **PROCEEDING** |
|---|---|
| DATE NOV 8 1995 | ☑ Arraigned before J. _W Dew_ |
| NOV 8 1995 | ☑ Advised of right to counsel |
| | ☐ Advised of right to drug exam |
| | ☐ Advised of right to bail review |
| | ☐ Advised of right to F.I. Jury Trial |
| | ☐ Waives   ☐ Requests F.I. Jury Trial |
| | ☐ Advised of alien rights |

| DEF. DOB AND SEX | OFFENSE CODE(S) 600 |
|---|---|

| DATE OF OFFENSE 10/4/95 | PLACE OF OFFENSE Suffolk County H. of c. |
|---|---|

| COMPLAINANT Depty. Balbony | POLICE DEPARTMENT (if applicable) Special |
|---|---|

OCT 18 1995
NOV 8 1995

| ☐ Warrant issued ☐ Default warrant issued |
| ☑ Default removed   ☑ Warrant recalled |

| DATE OF COMPLAINT 10/18/95 | RETURN DATE AND TIME WARRANT |
|---|---|

| ☐ Warrant issued ☐ Default warrant issued |
| ☐ Default removed   ☐ Warrant recalled |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|
| A. PRISONER COMMIT ASSAULT/A&B ON CORR. OFF. c127 | | | | |

| DATE NOV 8 1995 | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| 1995 | ☐ Not Guilty  ☐ Guilty  ☐ Nolo | 90 days SCHC |
| 1995 | ☐ New Plea:   ☐ Admits suff. facts | Conc w/ Sent now being |
| | Jury waived change of plea advised of immigration rights plea of guilty accepted by the court. | Served. |
| | JUDGE Wright, J. | |

| | | FINAL DISPOSITION | DATE |
|---|---|---|---|
| ☐ Cont. w/o finding until: | | ☐ Discharged from probation | |
| ☐ Appeal of find. & disp. | ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|
| | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty  ☐ Guilty  ☐ Nolo | |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| | FINDING   JUDGE | |

| | | FINAL DISPOSITION | DATE |
|---|---|---|---|
| ☐ Cont. w/o finding until: | | ☐ Discharged from probation | |
| ☐ Appeal of find. & disp. | ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|
| | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty  ☐ Guilty  ☐ Nolo | |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| | FINDING   JUDGE | |

| | | FINAL DISPOSITION | DATE |
|---|---|---|---|
| ☐ Cont. w/o finding until: | | ☐ Discharged from probation | |
| ☐ Appeal of find. & disp. | ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|
| | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty  ☐ Guilty  ☐ Nolo | |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| | FINDING   JUDGE | |

| | | FINAL DISPOSITION | DATE |
|---|---|---|---|
| ☐ Cont. w/o finding until: | | ☐ Discharged from probation | |
| ☐ Appeal of find. & disp. | ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

| CONT TO | PURPOSE | CONT TO | PURPOSE |
|---|---|---|---|
| 11-8-95 | (H00) | | |
| 12-21-95 | Status - Plea | | |

| DATE | TAPE NO. | START | STOP |
|---|---|---|---|
| | | | |

| DATE | DOCKET ENTRIES |
|---|---|
| OCT 18 1995 | ELECTRONIC WARRANT ISSUED |
| | |
| OCT 23 1995 10/23/95 | HBB TO ISSUE - SCHC - Ret. 11-8-95 Hab issued (PB) |
| NOV - 8 1995 | Issue Hab Schle Ret 12/21/95 |
| NOV 09 1995 | HABEAS CORPUS ISSUED |
| NOV 09 1995 | ELECTRONIC WARRANT RECALLED |
| DEC 21 1995 | Tender up Plea Filed . Wright, J. Jury Waiver Colloquy & Alien Warnings given |
| JAN 11 1996 | MITTIMUS ISSUED |

# EXHIBIT  6

| RECORD OF CRIMINAL CASE | DOCKET NO.<br>9215 CR 315345 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

| DEFENDANT NAME<br>JOHN HANDY, JR | COURT NAME & ADDRESS<br>BROCKTON TRIAL COURT<br>215 MAIN ST P.O. BOX 7610<br>BROCKTON MA 02303-7610<br>(508) 587-8000 |
|---|---|
| DEFENDANT ALIAS(ES) | |

| DEFENDANT ADDRESS<br>41 WESTON STREET | CITY / TOWN<br>BROCKTON | STATE<br>MA | ZIP CODE<br>02301 |
|---|---|---|---|

| SEX<br>M | DATE OF BIRTH | CITY OF BIRTH | STATE OF BIRTH | SOCIAL SECURITY NO. |
|---|---|---|---|---|

| MOTHER'S MAIDEN NAME | FATHER'S NAME |
|---|---|

| PCF NO.<br>482390 | SID NO. | DRIVERS LICENSE NO. | LICENSE STATE |
|---|---|---|---|

## CASE INFORMATION

| NO. COUNTS<br>2 | POLICE DEPT<br>SP | POLICE INCIDENT NO. | OFFENSE LOCATION<br>BROCKTON | ARREST DATE | MV CITATION NO. |
|---|---|---|---|---|---|

| CURRENT DEFENSE ATTORNEY<br>FREDERICK M MCDERMOTT | ATTORNEY TYPE<br>APPOINTED - INDIGENT |
|---|---|
| CURRENT PROSECUTOR | COMPLAINANT |

## OFFENSE AND JUDGMENT INFORMATION

```
COUNT:   1 OFFENSE DATE: OCTOBER 13, 1992
 265/15A/A    A&B WITH DANGEROUS WEAPON

JUDGMENT DATE: 11/27/95          JUDGMENT JUDGE: HON. DAVID E. STEVENS
JUDGMENT METHOD: ADM SUFF FACTS       JUDGMENT: GUILTY
JAIL START DATE: 11/27/95        INSTITUTION: PLYMOUTH HOUSE OF CORRECTION
TERM OF SENTENCE:       1 YEARS
AMOUNT TO BE SERVED:    1 YEARS
JAIL CREDIT DAYS:  97 CONSECUTIVE TO:            CONCURRENT WITH: SNS

COUNT:   2 OFFENSE DATE: OCTOBER 13, 1992
 265/13A/B    A&B

JUDGMENT DATE: 11/27/95          JUDGMENT JUDGE: HON. DAVID E. STEVENS
JUDGMENT METHOD: ADM SUFF FACTS       JUDGMENT: GUILTY
JAIL START DATE: 11/27/95        INSTITUTION: PLYMOUTH HOUSE OF CORRECTION
TERM OF SENTENCE:       1 YEARS
AMOUNT TO BE SERVED:    1 YEARS
JAIL CREDIT DAYS:  97 CONSECUTIVE TO:            CONCURRENT WITH: COUNT 1
```

---
### FINES/FEES/COSTS ASSESSED
---

| COUNT # | FEE CODE DESC | AMOUNT ASSESSED | AMOUNT PAID/WAIVED | BALANCE DUE |
|---|---|---|---|---|
| | COUNSEL FEE | $75.00 | $75.00 | $.00 |
| | TOTAL | $75.00 | $75.00 | $.00 |

---
### PAYMENT HISTORY
---

| RECEIPT NO. | RECEIPT DATE | RECEIPT AMOUNT | METHOD OF PAYMENT |
|---|---|---|---|
| 12270 | 11/27/95 | $75.00 | WAIVED |

| PAGE<br>1 | DATE RECORD PRINTED<br>7/01/04 | A TRUE<br>COPY<br>ATTEST | CLERK MAGISTRATE |
|---|---|---|---|

RF21A 7/01/04 10:35 AM

| RECORD OF CRIMINAL CASE | 9215 CR 315345 | Trial Court of Massachusetts<br>District Court Department  |
|---|---|---|

```
------------------------------------------------------------------------
                            DOCKET ENTRIES
------------------------------------------------------------------------
  DATE       CODE    DOCKET ENTRY                                  JDG/MAG   ACTION DATE

 9/27/95     CT      CASE TRANSFERRED FROM OLD TO NEW SYSTEM
 9/27/95     DRH     DEFAULT REMOVAL HEARING SCHEDULED FOR                    10/12/95
 9/27/95     HAB     HABEAS CORPUS FOR DEFENDANT AT
 9/27/95             SHC   : SUFFOLK HOUSE OF CORRECTION (SOUTH BA
10/12/95     CAI     COUNSEL APPOINTED FOR INDIGENT DEFENDANT       DAD
10/12/95                  558208   MCDERMOTT, FREDERICK M
10/12/95     WR      WARRANT RECALLED; DEFAULT REMOVED              DAD       10/12/95
10/12/95     PT      PRETRIAL HEARING SCHEDULED FOR                           11/27/95
10/12/95     HAB     HABEAS CORPUS FOR DEFENDANT AT
10/12/95             SHC   : SUFFOLK HOUSE OF CORRECTION (SOUTH BA
11/27/95     ASF     ADMISSION TO SUFF FACTS ACCEPTED AFTER COLLOQ  DES       11/27/95
11/27/95     ZCOM    CASE CLOSED-DEFENDANT COMMITTED                DES
11/27/95     JE      JUDGMENT ENTERED                              DES
11/27/95     MIT     MITTIMUS FOR SENTENCE ISSUED                   DES
11/27/95             PHC   : PLYMOUTH HOUSE OF CORRECTION
 3/08/96     M       MOTION(S) SCHEDULED FOR HEARING ON                       3/22/96
 3/08/96     HAB     HABEAS CORPUS FOR DEFENDANT AT                 DGN
 3/08/96             SHC   : SUFFOLK HOUSE OF CORRECTION (SOUTH BA
 3/22/96     C       CONTINUED                                     DBW       3/22/96
 3/22/96     T       BENCH TRIAL SCHEDULED FOR                                3/29/96
 3/22/96     HAB     HABEAS CORPUS FOR DEFENDANT AT
 3/22/96             SHC   : SUFFOLK HOUSE OF CORRECTION (SOUTH BA
 3/29/96     C       CONTINUED                                     DAD       3/29/96
 3/29/96     S       SENTENCING SCHEDULED FOR                                 6/26/96
 4/09/96     BF      BROUGHT FORWARD                               DGN       6/26/96
 4/09/96     MCM     MOTION TO CORRECT MITTIMUS SCHEDULED FOR                 4/23/96
 4/22/96     HAB     HABEAS CORPUS FOR DEFENDANT AT                 DGN       4/23/96
 4/22/96     MCM     MOTION TO CORRECT MITTIMUS SCHEDULED FOR                 4/26/96
 4/22/96             SHC   : SUFFOLK HOUSE OF CORRECTION (SOUTH BA
 4/25/96     HAB     HABEAS CORPUS FOR DEFENDANT AT
 4/25/96             SHC   : SUFFOLK HOUSE OF CORRECTION (SOUTH BA
 4/26/96             MOTION TO AMEND MITT ALLOWED                   DGN
 4/26/96     MA      MOTION ALLOWED                                DGN       4/26/96
 4/26/96     ZCOM    CASE CLOSED-DEFENDANT COMMITTED                DGN       4/26/96
 4/26/96     JE      JUDGMENT ENTERED                              DES
 4/26/96     MIT     MITTIMUS FOR SENTENCE ISSUED                   DGN
 4/26/96             PHC   : PLYMOUTH HOUSE OF CORRECTION
 6/18/99             NAME CHANGED FROM:
 6/18/99             JOHN H HANDY
 6/18/99             NAME CHANGED FROM:
 6/18/99             JOHN H HANDY, JR
 7/22/99             SSN CHANGED FROM: 028 54 4093
```

A TRUE COPY ATTEST

| PAGE | DATE DOCKET PRINTED | A TRUE COPY ATTEST | CLERK-MAGISTRATE |
|---|---|---|---|
| 2 | 7/01/04 | | |

RF21B 7/01/04 10:35 AM

# EXHIBIT  7

# CRIMINAL DOCKET

| | | DATE | JUDGE | DOCKET ENTRY |
|---|---|---|---|---|

**COURT DIVISION**
Ct. WEST ROXBURY

Interpreter Required (language:)

9-30-96  viol/A

- ☐ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied & Deft advised per 211D §2.
- ☐ Waiver of counsel found after colloquy

**NAME, ADDRESS AND ZIP CODE OF DEFENDANT**

John H Handy Jr.
60 New Whitney St.
Roxbury, MA. 02115

FEB -3
Whitehead

9-30-96  viol/A

**Terms of release set:**
- ☐ PR ☐ Bail:  500.
- ☐ Held (276 §58A)
- ☐ See back for special conditions

**DEFT. DOB AND SEX**

**OFFENSE CODE(S)**
806,801,820

**Arraigned and advised:**
- ☐ Potential of bail revocation (276 §58)
- ☐ Right to bail review (276 §58)
- ☐ Right to drug exam (111E §10)

**DATE OF OFFENSE(S)**
9/28/96

**PLACE OF OFFENSE(S)**
26 Horadan Way

**Advised of right to jury trial**
- ☐ Does not waive
- ☐ Waiver of jury trial found after colloquy

**COMPLAINANT**
Driscoll/10541/A.Murphy

**POLICE DEPARTMENT (if applicable)**
B-2 cc# 960491408

FEB -3
Driscoll

**Advised of trial rights as pro se (Supp.R. 4)**

**DATE OF COMPLAINT**
9/30/96

**RETURN DATE AND TIME**
Arrested

**Advised of right of appeal to Appeals Ct (R. 2**

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| #20ILLEGAL POSS. OF A CLASS A SUBSTANCE c94C s3 | | | | | ☐ WAIVE |

**DISPOSITION DATE & JUDGE**
FEB -3

**SENTENCE OR OTHER DISPOSITION**
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial probation(276 §87) - until:
- ☐ To be dismissed upon payment of court costs/ restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
  - ☐ Request of Deft   ☐ Failure to prosecute   ☐ Other:
  - ☐ Filed with Deft's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 279 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

**FINDING**
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

**FINAL DISPOSITION** | JUDGE | DATE
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated; defendant discharged

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| B.MFG./DISTRIB./DISPENSING CLASS A SUB. c94C s | | | | | ☐ WAIVE |

**DISPOSITION DATE & JUDGE**
FEB -3

**SENTENCE OR OTHER DISPOSITION**
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial probation(276 §87) - until:   18 mns H/pC
- ☐ To be dismissed upon payment of court costs/ restitution   Conc. w/
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
  - ☐ Request of Deft   ☐ Failure to prosecute   ☐ Other:   9306 cr 0782
  - ☐ Filed with Deft's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 279 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

**FINDING**
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

**FINAL DISPOSITION** | JUDGE | DATE
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated; defendant discharged

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| C.POSS. CLASS A SUB. W/INT. TO DISTRIB./MFG c9 | | | | | ☐ WAIVE |

**DISPOSITION DATE & JUDGE**
FEB -3

**SENTENCE OR OTHER DISPOSITION**
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial probation(276 §87) - until:   18 mns H/pC
- ☐ To be dismissed upon payment of court costs/ restitution   Conc. w/ (9306 cr 0782
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
  - ☐ Request of Deft   ☐ Failure to prosecute   ☐ Other:
  - ☐ Filed with Deft's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 279 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

**FINDING**
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

**FINAL DISPOSITION** | JUDGE | DATE
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated; defendant discharged

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVE |

**DISPOSITION DATE & JUDGE**

**SENTENCE OR OTHER DISPOSITION**
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation   ☐ Pretrial probation(276 §87) - until:
- ☐ To be dismissed upon payment of court costs/ restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim
  - ☐ Request of Deft   ☐ Failure to prosecute   ☐ Other:
  - ☐ Filed with Deft's consent   ☐ Nolle Prosequi   ☐ Decriminalized (277 §70C)

**DISPOSITION METHOD**
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy & 279 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the above

**FINDING**
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

**FINAL DISPOSITION** | JUDGE | DATE
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated; defendant discharged

**ADDITIONAL COUNTS ATTACHED**

A TRUE COPY ATTEST: X

**CLERK-MAGISTRATE/ASST. CLERK**

**ON (DATE)** 10-12-04

**COURT ADDRESS**
445 ARBORWAY
JAMAICA PLAIN, MA 02130

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|
| 1 | 10-30-96 | P T | [ ] Held   Cont'd   WARD B | Ziemian | | | |
| 2 | 2-3-97 | WR | Held   Cont'd | DR18 01/J | 2072-3 | 983 | 1313 |
| 3 | | | Held   Cont'd | DR18 01/J | 2072-3 | 2595 | 31A |
| 4 | | | [ ] Held   Cont'd | | | | |
| 5 | | | [ ] Held   Cont'd | | | | |
| 6 | | | [ ] Held   Cont'd | | | | |
| 7 | | | [ ] Held   Cont'd | | | | |
| 8 | | | [ ] Held   Cont'd | | | | |
| 9 | | | [ ] Held   Cont'd | | | | |
| 10 | | | [ ] Held   Cont'd | | | | |

ARR=Arraignment   PT= Pretrial hearing   CE = Discovery compliance & jury election   T= Bench trial   J = Jury trial   PC = Probable cause hearing   M = Motion hearing   SR = Status review
SRP = Status review of payments   FA = First appearance in jury session   S = Sentencing   CW = Continuance-without-finding scheduled to terminate   P = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted   WAR = Warrant issued   WARD = Default warrant issued   WR = Warrant or default warrant recalled   PR = Probation revocation hearing

## OTHER DOCKET ENTRIES

| ENTRY DATE | |
|---|---|
| 9/30/96 | mitt issued (CN) |
| 10·10·96 | $500 CB Rec'd PML |
| 10·30·96 | Δ defaulted - $500 cash bail ordered forfeited   Ziemian |
| | Deportation warning given (A) |
| 0·3·97 | mitt issued (A) |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE  IMPOSED & JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES & COMMENTS | WAIVED |
|---|---|---|---|---|
| 9-30-96  Viola | Legal Counsel Fee (211D §2A ¶2) | 100 | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |
| | | | | |
| | | | | |

# EXHIBIT  8

# CRIMINAL DOCKET

**9802 CR 4477**

ATTORNEY NAME

| COURT DIVISION | | DATE & JUDGE | DOCKET ENTRY |
|---|---|---|---|
| **ROXBURY** | ☐ Interpreter Required *(language:)* | | ☑ Attorney appointed (SJC R. 3:10) |
| NAME, ADDRESS AND ZIP CODE OF DEFENDANT | John Handy | JUL - 6 1998 | ☐ Atty denied & Deft advised per 211D §2A |
| | 24 Theodore St. | | ☐ Waiver of counsel found after colloquy |
| | Dorchester, Mass. | | **Terms of release set:** |
| | | | ☑ PR ☐ Bail: $500 |
| | | | Held (276 §58A) |
| | | | See back for special conditions |

| DEFT DOB AND SEX | OFFENSE CODE(S) | | **Arraigned and advised:** |
|---|---|---|---|
| | 216, 962 | | ☐ Potential of bail revocation (276 §58) |
| DATE OF OFFENSE(S) | PLACE OF OFFENSE(S) | | ☐ Right to bail review (276 §58) |
| 7/3/98 | 19 McGreevey Way | | ☐ Right to drug exam (111E §10) |
| COMPLAINANT | POLICE DEPARTMENT *(if applicable)* | AUG 2 6 1998 | Advised of right |
| Richardson/Roake | Boston Housing | AUG 2 6 1998 | ☐ Does not waive |
| DATE OF COMPLAINT | RETURN DATE AND TIME | | ☐ Waiver of jury trial found after colloquy |
| 7/6/98 | 7/6/98 (arrested) | | Advised of trial rights as pro se (Supp.R. 4) |
| | | | Advised of right of appeal to Appeals Ct (R. 28) |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V W ASSESSMENT |
|---|---|---|---|---|---|
| **216- TRESPASS ON LAND, DWELLING, ETC. c266 s120** | | | | | ☐ WAIVED |

| DISPOSITION DATE & JUDGE | SENTENCE OR OTHER DISPOSITION |
|---|---|
| AUG 2 6 1998 | ☐ Sufficient facts found but continued without guilty finding until: |
| | ☐ Probation  ☐ Pretrial probation(276 §87) - until: |
| **DISPOSITION METHOD** / **FINDING** | ☐ To be dismissed upon payment of court costs/ restitution |
| ☐ Guilty Plea or Admission / ☐ Not Guilty | ☑ Dismissed upon: ☑ Request of Comm. ☐ Request of victim |
| to Sufficient Facts / ☐ Guilty | ☐ Request of Deft ☐ Failure to prosecute ☐ Other: |
| accepted after colloquy / ☐ Not Responsible | ☑ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C) |
| & 278 §29D warning / ☐ Responsible | |
| ☐ Bench Trial / ☐ No Probable Cause | **FINAL DISPOSITION**   JUDGE   DATE |
| ☐ Jury Trial / ☐ Probable Cause | ☐ Dismissed on recommendation of Probation Dept. |
| ☐ None of the above | ☐ Probation terminated: defendant discharged |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| **B- CARRYING A DANGEROUS WEAPON c269 s10(b)** | | Warn | Cell | fun | Jew o Cont ☐ WAIVED |

| DISPOSITION DATE & JUDGE | SENTENCE OR OTHER DISPOSITION |
|---|---|
| | ☐ Sufficient facts found but continued without guilty finding until: 30 day SCHC |
| **DISPOSITION METHOD** / **FINDING** | ☐ Probation  ☐ Pretrial probation(276 §87) - until: SS 18 mos to 2/25/2000 |
| ☑ Guilty Plea or Admission / ☐ Not Guilty | ☐ To be dismissed upon payment of court costs restitution |
| to Sufficient Facts / ☑ Guilty | ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim Conc w/ 4951/98 |
| accepted after colloquy / ☐ Not Responsible | ☐ Request of Deft ☐ Failure to prosecute ☐ Other: |
| & 278 §29D warning / ☐ Responsible | ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C) |
| ☐ Bench Trial / ☐ No Probable Cause | **FINAL DISPOSITION**   JUDGE   DATE |
| ☐ Jury Trial / ☐ Probable Cause | ☐ Dismissed on recommendation of Probation Dept. |
| ☐ None of the above | ☐ Probation terminated: defendant discharged |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V W ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVED |

| DISPOSITION DATE & JUDGE | SENTENCE OR OTHER DISPOSITION |
|---|---|
| | ☐ Sufficient facts found but continued without guilty finding until: |
| **DISPOSITION METHOD** / **FINDING** | ☐ Probation  ☐ Pretrial probation(276 §87) - until: |
| ☐ Guilty Plea or Admission / ☐ Not Guilty | ☐ To be dismissed upon payment of court costs/ restitution |
| to Sufficient Facts / ☐ Guilty | ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim |
| accepted after colloquy / ☐ Not Responsible | ☐ Request of Deft ☐ Failure to prosecute ☐ Other: |
| & 278 §29D warning / ☐ Responsible | ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C) |
| ☐ Bench Trial / ☐ No Probable Cause | **FINAL DISPOSITION**   JUDGE   DATE |
| ☐ Jury Trial / ☐ Probable Cause | ☐ Dismissed on recommendation of Probation Dept. |
| ☐ None of the above | ☐ Probation terminated; defendant discharged |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|---|
| | | | | | ☐ WAIVED |

| DISPOSITION DATE & JUDGE | SENTENCE OR OTHER DISPOSITION |
|---|---|
| | ☐ Sufficient facts found but continued without guilty finding until: |
| **DISPOSITION METHOD** / **FINDING** | ☐ Probation  ☐ Pretrial probation(276 §87) - until: |
| ☐ Guilty Plea or Admission / ☐ Not Guilty | ☐ To be dismissed upon payment of court costs/ restitution |
| to Sufficient Facts / ☐ Guilty | ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of victim JUL - 6 1998 |
| accepted after colloquy / ☐ Not Responsible | ☐ Request of Deft ☐ Failure to prosecute ☐ Other: |
| & 278 §29D warning / ☐ Responsible | ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C) |
| ☐ Bench Trial / ☐ No Probable Cause | **FINAL DISPOSITION**   JUDGE   DATE |
| ☐ Jury Trial / ☐ Probable Cause | ☐ Dismissed on recommendation of Probation Dept. |
| ☐ None of the above | ☐ Probation terminated; defendant discharged |

**ADDITIONAL COUNTS ATTACHED**

| COURT ADDRESS |
|---|
| 85 Warren St. |
| Roxbury, Mass. 02119 |

| CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) |
|---|---|

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/15/98 | PT | ⬜ Held  ⬜ Cont'd | | | | | |
| BP 8/24/98 | | PC | ⬜ Held  ⬜ Cont'd | | | | | |
| ⬜ 2-25-2000 | | SS | ⬜ Held  ⬜ Cont'd | | | | | |
| 4 | | | ⬜ Held  ⬜ Cont'd | | | | | |
| 5 | | | ⬜ Held  ⬜ Cont'd | | | | | |
| 6 | | | ⬜ Held  ⬜ Cont'd | | | | | |
| 7 | | | ⬜ Held  ⬜ Cont'd | | | | | |
| 8 | | | ⬜ Held  ⬜ Cont'd | | | | | |
| 9 | | | ⬜ Held  ⬜ Cont'd | | | | | |
| 10 | | | ⬜ Held  ⬜ Cont'd | | | | | |

ARR = Arraignment   PT = Pretrial hearing   CE = Discovery compliance & jury election   T = Bench trial   J = Jury trial   PC = Probable cause hearing   M = Motion hearing   SR = Status review
SRP = Status review of payments   FA = First appearance in jury session   S = Sentencing   CW = Continuance-without-finding scheduled to terminate   P = Probation scheduled to terminate
DFTA = Defendant failed to appear & was defaulted   WAR = Warrant issued   WARD = Default warrant issued   WR = Warrant or default warrant recalled   PR = Probation revocation hearing

## OTHER DOCKET ENTRIES

| ENTRY DATE | |
|---|---|
| SEP 2 1 1999 | Dolan, J. Stipulates to V.T.I.P.  SS revoked |
| | 3 year Plymouth C.H.C.  Pod (W) 98/4951 |
| MITTIMUS ISSUE | |
| SEP 2 1 1999 | |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED & JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES & COMMENTS | √ WAIVED |
|---|---|---|---|---|
| JUL - 6 1998 | Legal Counsel Fee (211D §2A ¶2) | red/w | 10/15/98 | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |
| | | | | |

# EXHIBIT  9

| RECORD OF CRIMINAL CASE | 9915 CR 002786 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| DEFENDANT NAME | COURT NAME & ADDRESS |
|---|---|
| JOHN HANDY, JR | BROCKTON TRIAL COURT |
| DEFENDANT ALIAS(ES) | 215 MAIN ST P.O. BOX 7610 |
| | BROCKTON MA 02303-7610 |
| | (508) 587-8000 |

| DEFENDANT ADDRESS | CITY / TOWN | STATE | ZIP CODE |
|---|---|---|---|
| 42 THEODORE STREET | DORCHESTER | MA | |

| SEX | DATE OF BIRTH | CITY OF BIRTH | STATE OF BIRTH | SOCIAL SECURITY NO. |
|---|---|---|---|---|
| M | ▬▬▬▬ | | | ▬▬▬▬ |

| MOTHER'S MAIDEN NAME | FATHER'S NAME |
|---|---|
| | |

| PCF NO. | SID NO. | DRIVERS LICENSE NO. | LICENSE STATE |
|---|---|---|---|
| 482390 | | | |

## CASE INFORMATION

| NO. COUNTS | POLICE DEPT | POLICE INCIDENT NO. | OFFENSE LOCATION | ARREST DATE | MV CITATION NO. |
|---|---|---|---|---|---|
| 3 | BRO | 99004891 | BROCKTON | | |

| CURRENT DEFENSE ATTORNEY | ATTORNEY TYPE |
|---|---|
| STEPHANIE A SOUSA | APPOINTED - INDIGENT |

| CURRENT PROSECUTOR | COMPLAINANT |
|---|---|
| | DURFEE, SGT. PAUL W. |

## OFFENSE AND JUDGMENT INFORMATION

```
COUNT:   1 OFFENSE DATE: APRIL 20, 1999
 265/15B/A      ASSAULT W/DANGEROUS WEAPON

JUDGMENT DATE:  8/23/00          JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: PROB SURRENDER  JUDGMENT: GUILTY
PROBATION START DATE:  7/23/99          PROBATION END DATE:  7/21/00
SPECIAL CONDITIONS:
     AP ADMINISTRATIVE PROBATION ORDERED
     PM PAY MONIES ON ATTACHED "NOTICE TO DEFENDANT" TIMELY
     SP PAY ANY CHILD SUPPORT ORDER, AS DEFINED IN GL 119A §1A
     VR ALLOW PROBATION TO VISIT RESIDENCE WHEN HE/SHE REQUIRES
     72 REPORT TO PROBATION OFFICER WITHIN 72 HOURS OF RELEASE
JAIL START DATE:  8/23/00          INSTITUTION: PLYMOUTH HOUSE OF CORRECTION
TERM OF SENTENCE:       1 YEARS
AMOUNT TO BE SERVED:    1 YEARS
JAIL CREDIT DAYS:       CONSECUTIVE TO:          CONCURRENT WITH: 9915CR003069

COUNT:   2 OFFENSE DATE: APRIL 20, 1999
 266/30A/T      SHOPLIFTING $100+ BY CONCEALING MDSE

JUDGMENT DATE:  7/23/99          JUDGMENT JUDGE: HON. RICHARD D. SAVIGNANO
JUDGMENT METHOD: AMENDED OTH OFF JUDGMENT: AMENDED TO OTHER OFFENSE

COUNT:   3 OFFENSE DATE: APRIL 20, 1999
 266/30A/E      SHOPLIFTING BY CONCEALING MDSE, 2ND OFF.

JUDGMENT DATE:  7/23/99          JUDGMENT JUDGE: HON. RICHARD D. SAVIGNANO
JUDGMENT METHOD: ADM SUFF FACTS  JUDGMENT: GUILTY
PROBATION START DATE:  7/23/99          PROBATION END DATE:  7/21/00
SPECIAL CONDITIONS:
     AP ADMINISTRATIVE PROBATION ORDERED
     PM PAY MONIES ON ATTACHED "NOTICE TO DEFENDANT" TIMELY
     SP PAY ANY CHILD SUPPORT ORDER, AS DEFINED IN GL 119A §1A
     VR ALLOW PROBATION TO VISIT RESIDENCE WHEN HE/SHE REQUIRES
```

| PAGE | DATE RECORD PRINTED | A TRUE COPY ATTEST | CLERK MAGISTRATE |
|---|---|---|---|
| 1 | 10/06/04 | | *Kenji P. Reeder* |

RF21A 10/06/04 11:38 AM

| **RECORD OF CRIMINAL CASE** | **9915 CR 002786** | **Trial Court of Massachusetts** |
| | | **District Court Department** |

```
    72 REPORT TO PROBATION OFFICER WITHIN 72 HOURS OF RELEASE
```

--------------------------------------------------------------------
                        BAIL/BOND INFORMATION
--------------------------------------------------------------------

BAIL TYPE              BOND AMT SET   CASH AMT SET DATE SET JUDGE

PERSONAL RECOG                                  7/01/99 HON. GREGORY L. PHILLIPS

--------------------------------------------------------------------
                       FINES/FEES/COSTS ASSESSED
--------------------------------------------------------------------

COUNT # FEE CODE DESC       AMOUNT ASSESSED   AMOUNT PAID/WAIVED   BALANCE DUE

      COUNSEL FEE              $100.00           $100.00            $.00

      TOTAL                    $100.00           $100.00            $.00

--------------------------------------------------------------------
                          PAYMENT HISTORY
--------------------------------------------------------------------

RECEIPT NO.      RECEIPT DATE      RECEIPT AMOUNT      METHOD OF PAYMENT

 64505            7/23/99             $100.00          WAIVED

--------------------------------------------------------------------
                          DOCKET ENTRIES
--------------------------------------------------------------------

| DATE | CODE | DOCKET ENTRY | JDG/MAG | ACTION DATE |
|------|------|-------------|---------|-------------|
| 4/26/99 | AC | APPLICATION FOR COMPLAINT FILED | | |
| 4/26/99 | ZCI | COMPLAINT ISSUED | KML | |
| 4/26/99 | PI | PROBATION INTAKE FORM PRINTED | KML | |
| 4/26/99 | WARC | WARRANT ON COMPLAINT ISSUED FOR DEFENDANT | KML | |
| 6/09/99 | TUA | JUDGE SAVIGNANO | RDS | |
| 6/15/99 | WR | WARRANT RECALLED; DEFAULT REMOVED | DGN | 4/26/99 |
| 6/15/99 | DRH | DEFAULT REMOVAL HEARING SCHEDULED FOR | | 6/15/99 |
| 6/15/99 | AIC | ACTION IN COURT FORM · | | |
| 6/15/99 | C | CONTINUED | RDS | 6/15/99 |
| 6/15/99 | DRH | DEFAULT REMOVAL HEARING SCHEDULED FOR | RDS | 7/01/99 |
| 6/15/99 | HAB | HABEAS CORPUS FOR DEFENDANT AT | RDS | |
| 6/15/99 | | MHC   : MIDDLESEX HOUSE OF CORRECTION | | |
| 7/01/99 | DR | DEFAULT REMOVED | GLP | 7/01/99 |
| 7/01/99 | ARR | ARRAIGNMENT SCHEDULED FOR | GLP | 7/01/99 |
| 7/01/99 | PT | PRETRIAL HEARING SCHEDULED FOR | GLP | 7/23/99 |
| 7/01/99 | CAI | COUNSEL APPOINTED FOR INDIGENT DEFENDANT | GLP | |
| 7/01/99 | | 635232  ABDELMESSIH, EMAD | | |
| 7/01/99 | HAB | HABEAS CORPUS FOR DEFENDANT AT | GLP | |
| 7/01/99 | | MHC   : MIDDLESEX HOUSE OF CORRECTION | | |
| 7/23/99 | ARRH | ARRAIGNMENT HELD | RDS | |
| 7/23/99 | COLL | GUILTY PLEA/ASF COLLOQUY GIVEN | RDS | |
| 7/23/99 | AW | ALIEN WARNING (279 §29D) GIVEN DEFENDANT | RDS | |
| 7/23/99 | PSFW | WAIVED BY COURT, PROBATION SUPERVISION FEE | | |
| 7/23/99 | VWFW | WAIVED BY COURT, VICTIM/WITNESS FEE | | |
| 7/23/99 | PTH | PRETRIAL HEARING HELD | RDS | 7/23/99 |
| 7/23/99 | P | PROBATION UNTIL | | 7/21/00 |
| 7/23/99 | JE | JUDGMENT ENTERED | RDS | |
| 7/23/99 | MIT | MITTIMUS FOR SENTENCE ISSUED | | |
| 7/23/99 | | PHC   : PLYMOUTH HOUSE OF CORRECTION | | |
| 7/23/99 | PCFI | PROBATION CONDITIONS FORM ISSUED | | |
| 6/22/00 | C | CONTINUED | DGN | 7/21/00 |
| 6/22/00 | PS | PROBATION SURRENDER HEARING SCHEDULED FOR | | 7/07/00 |

| PAGE | DATE DOCKET PRINTED | A TRUE | CLERK MAGISTRATE |
| 2 | 10/06/04 | COPY ATTEST | |

F21B 10/06/04 11:38 AM

| RECORD OF CRIMINAL CASE | 9915 CR 002786 | Trial Court of Massachusetts District Court Department |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| 7/07/00 | C | CONTINUED | AG | 7/07/00 |
| 7/07/00 | PS | PROBATION SURRENDER HEARING SCHEDULED FOR | AG | 8/23/00 |
| 7/07/00 | CAI | COUNSEL APPOINTED FOR INDIGENT DEFENDANT | AG | |
| 7/07/00 | | 560666   SOUSA, STEPHANIE A | | |
| 8/23/00 | | AMENDED JUDGMENT OR SENTENCE ENTERED | RDS | |
| 8/23/00 | | AMENDED JUDGMENT OR SENTENCE ENTERED | DGN | |
| 8/23/00 | | PRIOR SENTENCE ON COUNT 1 WAS GUILTY 18 MONTH | | |
| 8/23/00 | | HOUSE OF CORRECTION 6 MONTHS TO BE SERVED, | | |
| 8/23/00 | | BALANCE SUSPENDED WITH PROBATION, DEFENDANT | | |
| 8/23/00 | | FOUND IN VIOLATION OF PROBATION AND COMMITTED | | |
| 8/23/00 | | FOR THE BALANCE OF SENTENCE WHICH IS 1 YEAR | DGN | |
| 8/23/00 | PVF | PROBATION VIOLATION FOUND BY COURT | DGN | 8/23/00 |
| 8/23/00 | ZCOM | CASE CLOSED-DEFENDANT COMMITTED | DGN | |
| 8/23/00 | MIT | MITTIMUS FOR SENTENCE ISSUED | DGN | |
| 8/23/00 | | PHC  : PLYMOUTH HOUSE OF CORRECTION | | |
| 8/23/00 | MIT | MITTIMUS FOR SENTENCE ISSUED | DGN | |
| 8/23/00 | | PHC   ᴵ: PLYMOUTH HOUSE OF CORRECTION | | |

| PAGE | DATE DOCKET PRINTED | A TRUE COPY ATTEST | CLERK MAGISTRATE |
|---|---|---|---|
| 3 | 10/06/04 | | *Kenji P. Peeder* |

RF21B 10/06/04 11:38 AM

# EXHIBIT  10

| RECORD OF CRIMINAL CASE | DOCKET NO. 9915 CR 003069 | Trial Court of Massachusetts District Court Department |
|---|---|---|

**DEFENDANT NAME**
JOHN HANDY, JR

**DEFENDANT ALIAS(ES)**

**COURT NAME & ADDRESS**
BROCKTON TRIAL COURT
215 MAIN ST P.O. BOX 7610
BROCKTON MA 02303-7610
(508) 587-8000

| DEFENDANT ADDRESS | CITY / TOWN | STATE | ZIP CODE |
|---|---|---|---|
| 41 WESTON STREET | BROCKTON | MA | 02301 |

| SEX | DATE OF BIRTH | CITY OF BIRTH | STATE OF BIRTH | SOCIAL SECURITY NO. |
|---|---|---|---|---|
| M | | | | |

**MOTHER'S MAIDEN NAME**

**FATHER'S NAME**

| PCF NO. 482390 | SID NO. | DRIVERS LICENSE NO. | LICENSE STATE |
|---|---|---|---|

## CASE INFORMATION

| NO. COUNTS | POLICE DEPT | POLICE INCIDENT NO. | OFFENSE LOCATION | ARREST DATE | MV CITATION NO. |
|---|---|---|---|---|---|
| 4 | BRO | | BROCKTON | | |

**CURRENT DEFENSE ATTORNEY**
STEPHANIE A SOUSA

**ATTORNEY TYPE**
APPOINTED - INDIGENT

**CURRENT PROSECUTOR**

**COMPLAINANT**
MACY'S

## OFFENSE AND JUDGMENT INFORMATION

COUNT:   1 OFFENSE DATE: APRIL 30, 1999
  266/30A/D      SHOPLIFTING BY CONCEALING MDSE

JUDGMENT DATE:  7/23/99             JUDGMENT JUDGE: HON. RICHARD D. SAVIGNANO
JUDGMENT METHOD: AMENDED OTH OFF    JUDGMENT: AMENDED TO OTHER OFFENSE

COUNT:   2 OFFENSE DATE: APRIL 30, 1999
  265/15A/A      A&B WITH DANGEROUS WEAPON

JUDGMENT DATE:  8/23/00             JUDGMENT JUDGE: HON. DAVID G. NAGLE JR.
JUDGMENT METHOD: PROB SURRENDER     JUDGMENT: GUILTY
PROBATION START DATE:  7/23/99          PROBATION END DATE:  7/21/00
SPECIAL CONDITIONS:
    AP ADMINISTRATIVE PROBATION ORDERED
    PM PAY MONIES ON ATTACHED "NOTICE TO DEFENDANT" TIMELY
    SP PAY ANY CHILD SUPPORT ORDER, AS DEFINED IN GL 119A §1A
    VR ALLOW PROBATION TO VISIT RESIDENCE WHEN HE/SHE REQUIRES
    72 REPORT TO PROBATION OFFICER WITHIN 72 HOURS OF RELEASE
JAIL START DATE:  8/23/00       INSTITUTION: PLYMOUTH HOUSE OF CORRECTION
TERM OF SENTENCE:       1 YEARS
AMOUNT TO BE SERVED:    1 YEARS
JAIL CREDIT DAYS:    CONSECUTIVE TO:              CONCURRENT WITH:

COUNT:   3 OFFENSE DATE: APRIL 30, 1999
  266/120      TRESPASS

JUDGMENT DATE:  7/23/99             JUDGMENT JUDGE: HON. RICHARD D. SAVIGNANO
JUDGMENT METHOD: DISMISSED          JUDGMENT: DISMISSED-REQUEST COMPLNT

COUNT:   4 OFFENSE DATE: APRIL 30, 1999
  266/30A/E      SHOPLIFTING BY CONCEALING MDSE, 2ND OFF.

JUDGMENT DATE:  7/23/99             JUDGMENT JUDGE: HON. RICHARD D. SAVIGNANO
JUDGMENT METHOD: ADM SUFF FACTS     JUDGMENT: GUILTY

A TRUE COPY ATTEST

CLERK OF SAID COURT

| PAGE | DATE RECORD PRINTED | CLERK-MAGISTRATE |
|---|---|---|
| 1 | 7/01/04 | A TRUE COPY ATTEST |

RF21A 7/01/04 10:33 AM

| RECORD OF CRIMINAL CASE | DOCKET NO.<br>9915 CR 003069 | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|

PROBATION START DATE: 7/23/99          PROBATION END DATE: 7/21/00
SPECIAL CONDITIONS:
    AP ADMINISTRATIVE PROBATION ORDERED
    PM PAY MONIES ON ATTACHED "NOTICE TO DEFENDANT" TIMELY
    SP PAY ANY CHILD SUPPORT ORDER, AS DEFINED IN GL 119A §1A
    VR ALLOW PROBATION TO VISIT RESIDENCE WHEN HE/SHE REQUIRES
    72 REPORT TO PROBATION OFFICER WITHIN 72 HOURS OF RELEASE

---

### BAIL/BOND INFORMATION

---

BAIL TYPE          BOND AMT SET    CASH AMT SET DATE SET JUDGE

PERSONAL RECOG                              7/01/99 HON. GREGORY L. PHILLIPS

---

### FINES/FEES/COSTS ASSESSED

---

| COUNT # FEE CODE DESC | AMOUNT ASSESSED | AMOUNT PAID/WAIVED | BALANCE DUE |
|---|---|---|---|
| COUNSEL FEE | $100.00 | $100.00 | $.00 |
| TOTAL | $100.00 | $100.00 | $.00 |

---

### PAYMENT HISTORY

---

| RECEIPT NO. | RECEIPT DATE | RECEIPT AMOUNT | METHOD OF PAYMENT |
|---|---|---|---|
| 78970 | 8/23/00 | $100.00 | WAIVED |

---

### DOCKET ENTRIES

---

| DATE | CODE | DOCKET ENTRY | JDG/MAG | ACTION DATE |
|---|---|---|---|---|
| 5/07/99 | AC | APPLICATION FOR COMPLAINT FILED | | |
| 5/07/99 | ZCI | COMPLAINT ISSUED | KML | |
| 5/07/99 | ARR | ARRAIGNMENT SCHEDULED FOR | | 6/15/99 |
| 5/07/99 | PI | PROBATION INTAKE FORM PRINTED | KML | |
| 5/07/99 | SUM | SUMMONS ISSUED FOR DEFENDANT | KML | |
| 6/15/99 | C | CONTINUED | DGN | 6/15/99 |
| 6/15/99 | ARR | ARRAIGNMENT SCHEDULED FOR | DGN | 7/01/99 |
| 6/15/99 | | DEFENDANT INCARCERATED AT MSH | DGN | |
| 7/01/99 | C | CONTINUED | GLP | 7/01/99 |
| 7/01/99 | ARR | ARRAIGNMENT SCHEDULED FOR | GLP | 7/01/99 |
| 7/01/99 | PT | PRETRIAL HEARING SCHEDULED FOR | GLP | 7/23/99 |
| 7/01/99 | CAI | COUNSEL APPOINTED FOR INDIGENT DEFENDANT | GLP | |
| 7/01/99 | | 635232  ABDELMESSIH, EMAD | | |
| 7/23/99 | ARRH | ARRAIGNMENT HELD | RDS | |
| 7/23/99 | COLL | GUILTY PLEA/ASF COLLOQUY GIVEN | RDS | |
| 7/23/99 | AW | ALIEN WARNING (279 §29D) GIVEN DEFENDANT | RDS | |
| 7/23/99 | PTH | PRETRIAL HEARING HELD | RDS | 7/23/99 |
| 7/23/99 | P | PROBATION UNTIL | | 7/21/00 |
| 7/23/99 | PSFW | WAIVED BY COURT, PROBATION SUPERVISION FEE | | |
| 7/23/99 | VWFW | WAIVED BY COURT, VICTIM/WITNESS FEE | | |
| 7/23/99 | JE | JUDGMENT ENTERED | RDS | |
| 7/23/99 | MIT | MITTIMUS FOR SENTENCE ISSUED | | |
| 7/23/99 | | PHC  : PLYMOUTH HOUSE OF CORRECTION | | |
| 7/23/99 | PCFI | PROBATION CONDITIONS FORM ISSUED | | |
| 6/22/00 | C | CONTINUED | DGN | 7/21/00 |
| 6/22/00 | PS | PROBATION SURRENDER HEARING SCHEDULED FOR | | 7/07/00 |

A TRUE COPY ATTEST

CLERK OF SAID COURT

| PAGE | DATE DOCKET PRINTED | A TRUE COPY ATTEST | CLERK-MAGISTRATE |
|---|---|---|---|
| 2 | 7/01/04 | | |

CRF21B 7/01/04 10:33 AM

**RECORD OF CRIMINAL CASE**

DOCKET NO. 9915 CR 003069

**Trial Court of Massachusetts District Court Department**

| | | | | |
|---|---|---|---|---|
| 7/07/00 | C | CONTINUED | AG | 7/07/00 |
| 7/07/00 | PS | PROBATION SURRENDER HEARING SCHEDULED FOR | AG | 8/23/00 |
| 7/07/00 | CAI | COUNSEL APPOINTED FOR INDIGENT DEFENDANT | AG | |
| 7/07/00 | | 560666 SOUSA, STEPHANIE A | | |
| 8/23/00 | | AMENDED JUDGMENT OR SENTENCE ENTERED | RDS | |
| 8/23/00 | | PRIOR SENTENCE ON COUNT 2 WAS GUILTY 18 MONTH | | |
| 8/23/00 | | HOUSE OF CORRECTION 6 MONTHS TO BE SERVED | | |
| 8/23/00 | | BALANCE SUSPENDED WITH PROBATION, DEFENDANT | | |
| 8/23/00 | | FOUND IN VIOLATION OF PROBATION AND COMMITTED | | |
| 8/23/00 | | FOR THE BALANCE OF SENTENCE WHICH IS 1 YEAR | DGN | |
| 8/23/00 | PVF | PROBATION VIOLATION FOUND BY COURT | DGN | 8/23/00 |
| 8/23/00 | ZCOM | CASE CLOSED-DEFENDANT COMMITTED | DGN | |
| 8/23/00 | MIT | MITTIMUS FOR SENTENCE ISSUED | DGN | |
| 8/23/00 | | PHC : PLYMOUTH HOUSE OF CORRECTION | | |
| 8/23/00 | MIT | MITTIMUS FOR SENTENCE ISSUED | DGN | |
| 8/23/00 | | PHC : PLYMOUTH HOUSE OF CORRECTION | | |
| 10/13/00 | | MOTION TO RECONSIDER FILED BY DEFT | DGN | |
| 10/25/00 | TUA | JUDGE NAGLE | DGN | |
| 11/02/00 | | 10/31/2000 AFTER REVIEW OF AFFIDAVIT,COURT | | |
| 11/02/00 | | FILE & DEFT'S RECORD THE MOTION TO RECONSIDER | | |
| 11/02/00 | | VTP IS DENIED PER JUDGE | DGN | |

A TRUE COPY ATTEST

[signature]

CLERK OF SAID COURT

| PAGE | DATE DOCKET PRINTED | | CLERK-MAGISTRATE |
|---|---|---|---|
| 3 | 7/01/04 | A TRUE COPY ATTEST | [signature] |

# EXHIBIT  11

# CRIMINAL DOCKET

**DOCKETING**  0002CR002529

| COURT DIVISION | | DATE and JUDGE | DOCKET ENTRY |
|---|---|---|---|
| Roxbury | ☐ INTERPRETER REQUIRED | | |

| NAME, ADDRESS AND ZIP CODE OF DEFENDANT | |
|---|---|
| HANDY, JOHN<br>20 INTERVALE ST<br>ROXBURY, MA | |

DATE and JUDGE

JUN 2 2000

NG  JUN 2 2000

JUN 2 2000

**DOCKET ENTRY**
- ☐ Attorney appointed (SJC R. 3:10)
- ☐ Atty denied and Deft Advised per 211D §2A
- ☐ Waiver of counsel found after colloquy

Terms of release set:
- ☐ PR  ☐ Bail  2000 cash
- ☐ Held (276 §58A) Bailed (B)
- ☐ See back for special conditions

Arraigned and advised:
- ☐ Potential of bail revocation (276 §58)
- ☐ Right to bail review (276 §58)
- ☐ Right to drug exam (111E §10)

Advised of right to jury trial:
- ☐ Does not waive
- ☐ Waiver of jury trial found after colloquy

| DEFT. DOB AND SEX | M |
|---|---|

| DATE OF OFFENSE(S) | PLACE OF OFFENSE(S) |
|---|---|
| 06/01/2000 | ROXBURY |

| COMPLAINANT | POLICE DEPARTMENT (if applicable) |
|---|---|
| ACLOQUE, | BOSTON PD AREA B-2 |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 06/02/2000 | 06/02/2000 09:00:00 |

Advised of trial rights as pro se (Supp. R. 4)

Advised of right of appeal to Appeals Ct (R. 28)

---

**COUNT/OFFENSE**
1. 94C/32J  DRUG VIOLATION NEAR SCHOOL/PARK c94C §32

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|

| DISPOSITION DATE and JUDGE | SEP 0 6 2000  Leary, J. |
|---|---|

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim

DISPOSITION METHOD
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

FINDING
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

ON MOTION OF THE COMMONWEALTH WITH CONSENT OF DEFT.

☐ Pretrial Probation (276 §87) - until:
- ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
- ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

FINAL DISPOSITION
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

| JUDGE | DATE |
|---|---|

---

**COUNT/OFFENSE**
2. 94C/32/A  DRUG, DISTRIBUTE CLASS A c94C §32

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT |
|---|---|---|---|---|

| DISPOSITION DATE and JUDGE | SEP 0 6 2000  Leary, J. |
|---|---|

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation ☐ Pretrial Probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
- ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
- ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

FINDING
- ☐ Not Guilty
- ☑ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

One year SHC from and after 9915 cr 3069 All fines waived 16 days credit

FINAL DISPOSITION
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

| JUDGE | DATE |
|---|---|

---

**COUNT/OFFENSE**

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|

| DISPOSITION DATE and JUDGE | |
|---|---|

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation ☐ Pretrial Probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
- ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
- ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized

DISPOSITION METHOD
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

FINDING
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

**A TRUE COPY ATTEST**

ASST. CLERK MAGISTRATE

FINAL DISPOSITION
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

| JUDGE | DATE |
|---|---|

---

**COUNT/OFFENSE**

| FINE | SURFINE | COSTS | RESTITUTION | V/W ASSESSMENT ☐ WAIVED |
|---|---|---|---|---|

| DISPOSITION DATE and JUDGE | |
|---|---|

SENTENCE OR OTHER DISPOSITION
- ☐ Sufficient facts found but continued without guilty finding until:
- ☐ Probation ☐ Pretrial Probation (276 §87) - until:
- ☐ To be dismissed upon payment of court costs/restitution
- ☐ Dismissed upon: ☐ Request of Comm. ☐ Request of Victim
- ☐ Request of Deft ☐ Failure to prosecute ☐ Other:
- ☐ Filed with Deft's consent ☐ Nolle Prosequi ☐ Decriminalized (277 §70C)

DISPOSITION METHOD
- ☐ Guilty Plea or Admission to Sufficient Facts accepted after colloquy and 278 §29D warning
- ☐ Bench Trial
- ☐ Jury Trial
- ☐ None of the Above

FINDING
- ☐ Not Guilty
- ☐ Guilty
- ☐ Not Responsible
- ☐ Responsible
- ☐ No Probable Cause
- ☐ Probable Cause

FINAL DISPOSITION
- ☐ Dismissed on recommendation of Probation Dept.
- ☐ Probation terminated: defendant discharged

| JUDGE | DATE |
|---|---|

---

☐ ADDITIONAL COUNTS ATTACHED

| A TRUE COPY ATTEST: X | CLERK-MAGISTRATE/ASST. CLERK | ON (DATE) | COURT ADDRESS<br>Roxbury District Court<br>85 Warren Street<br>Roxbury, MA 02119 |
|---|---|---|---|

DOCKET NUMBER: **0002CR002529**    NAME: **HANDY, JOHN**

## SCHEDULING HISTORY

| NO. | SCHEDULED DATE | SCHEDULED EVENT | RESULT | | JUDGE | TAPE NO. | START | S |
|---|---|---|---|---|---|---|---|---|
| 1 | 6-18-00 | PT | ☐ Held   ☐ Cont'd | | | | | |
| 2 | 7/17-00 | M/S | ☐ Held   ☐ Cont'd | JUL 17 2000 | Moriarty J. | 841-00 | 001 | 1097 |
| 3 | 9-6-00 | Trial | ☐ Held   ☐ Cont'd | SEP 06 2000 | Leary, J. | 100700 | 648 | |
| 4 | | | ☐ Held   ☐ Cont'd | | | | | |
| 5 | | | ☐ Held   ☐ Cont'd | | | | | |
| 6 | | | ☐ Held   ☐ Cont'd | | | | | |
| 7 | | | ☐ Held   ☐ Cont'd | | | | | |
| 8 | | | ☐ Held   ☐ Cont'd | | | | | |
| 9 | | | ☐ Held   ☐ Cont'd | | | | | |
| 10 | | | ☐ Held   ☐ Cont'd | | | | | |

RR=Arraignment  PT=Pretrial hearing  CE=Discovery compliance and jury election  T=Bench trial  J=Jury Trial  PC=Probable cause hearing  M=Motion hearing  SR=Status review
SRP=Status review of payments  FA=First appearance in jury session  S=Sentencing  CW=Continuance-without-finding scheduled to terminate  P=Probation scheduled to terminate
FTA=Defendant failed to appear and was defaulted  WAR=Warrant issued  WARD=Default warrant issued  WR=Warrant or default warrant recalled  PR=Probation revocation hearing

| ENTRY DATE | OTHER DOCKET ENTRIES |
|---|---|
| JUN 2 2000 | MITTIMUS ISSUE . |
| 6-16-00 | _Waives app. of deft._ _N/Young_ _Same bail_ |
| JUN 16 2000 | MITTIMUS ISSUE . |
| 6/16/00 | $2,000 Cash Deposited By Shinello Carrabin. |
| JUL 17 2000 | Moriarty, J  Motion to Suppress Filed |
| JUL 17 2000 | ADA Lynn Downey  Atty Blessington |
| | Motion to Suppress Commences |
| | Comm 1st wit  P.O. Kenneth Nevns |
| | Comm. Rests |

## ADDITIONAL ASSESSMENTS IMPOSED OR WAIVED

| DATE IMPOSED and JUDGE | TYPE OF ASSESSMENT | AMOUNT | DUE DATES and COMMENTS | ✓WAIVED |
|---|---|---|---|---|
| JUN 2 2000 | Legal Counsel Fee (211D §2A ¶2) | w/w | | |
| | Legal Counsel Contribution (211D §2) | | | |
| | Court Costs (280 §6) | | | |
| | Drug Analysis Fee (280 §6B) | | | |
| | OUI §24D Fee (90 §24D ¶9) | | | |
| | OUI Head Injury Surfine (90 §24[1][a][1] ¶2) | | | |
| | Probation Supervision Fee (276 §87A) | | | |
| | Default Warrant Assessment Fee (276 §30 ¶2) | | | |
| | Default Warrant Removal Fee (276 §30 ¶1) | | | |

| | | |
|---|---|---|
| **DOCKET CONTINUATION** | NAME OF CASE John Handy | DOCKET NUMBER 0002 cr 002529 |

| NO. | DATE | DOCKET ENTRIES |
|---|---|---|
| | JUL 1 7 2000 | Movements, P |
| | | Motion to Suppress Waivers Denied |
| | 8/15/00 | ~~MITTIMUS ISSUED~~            HABEAS CORPUS ISSUED |
| | | Leary, J.   TENDER OF PLEA FILED            JURY WAIVER COLLOQUIA |
| | SEP 0 6 2000 | Adv. Alien Warning |
| | | Comms Motion for forfeiture hearing |
| | | And Allowed |
| | 9-6-00 | Writ Issued  J.O. |
| | 9-20-00 | Motion to revise or Revoke Sentence filed |
| | 9/22/00. | Defendant's Motion to Revise and Revoke Denied: (LEARY J. ) |

DC-CR 14 (12/89)

# EXHIBIT  12

```
*********************************************************************
*                                                                   *
*       ****** WARNING ******* WARNING *******                      *
*                                                                   *
*      THIS INFORMATION IS CORI.  IT IS NOT SUPPORTED BY FINGERPRINTS. *
* PLEASE CHECK THAT THE NAME REFERENCED BELOW MATCHES THE NAME AND DATE OF BIRTH*
* OF THE PERSON REQUESTED.                                          *
*                                                                   *
*********************************************************************
```

```
         **********   COMMONWEALTH OF MASSACHUSETTS   **********
                      CRIMINAL HISTORY SYSTEMS BOARD

                  *** PERSONS COURT SUMMARY ***
```

NAM: HANDY, JOHN                    FORMAL-NAM: JOHN              PCF: 00000482390
DOB: ███████     SEX: M  RAC: B        POB: BOSTON MA               SSN: ████████
MOM: KATHERINE ROWE       POP: JOHN         HGT: 508 WGT: 175 HAI: BLK EYE: BRO
ADDRESS: 41 WESTON ST BROCKTON MA


ALIAS:
     NAM: WHITE, ELIAS H
     FORMAL-NAM: ELIAS
     DOB: ██████████   SEX: M  RAC:

ALIAS:
     NAM: ARTHUR, BRIAN S
     FORMAL-NAM: BRIAN
     DOB: ███████    SEX: M  RAC:

***   THERE IS AT LEAST ONE SEALED CASE ON FILE   ****



**** ***** ***** ***** ADULT APPEARANCES ***** ***** ***** *****

ARRAIGNMENT: (001)
 ARG-DATE: 06/03/04 PD: SDH COURT: BROCKTON DISTRICT        DKT#:  0415CR004029A
 OFF:  FIREARM VIOLATION(SPECIFY)     POSSESS W/O FID CARDFIR
 DISP: `    /04                                 STATUS: O   WPD:


ARRAIGNMENT: (002)
 ARG-DATE: 06/03/04 PD: SDH COURT: BROCKTON DISTRICT        DKT#:  0415CR004029B
 OFF:  FIREARM VIOLATION(SPECIFY)     POSSESS W/O FID CARDFIR
 DISP: C 7/1/04                                 STATUS: O   WPD:


ARRAIGNMENT: (003)
 ARG-DATE: 06/03/04 PD: SDH COURT: BROCKTON DISTRICT        DKT#:  0415CR004029C
 OFF:  POSS CLASS A CONT SUB                    CSA POSS A
 DISP: C 7/1/04                                 STATUS: O   WPD:

ARRAIGNMENT: (004)
 ARG-DATE: 11/26/02 PD: BOS COURT: DORCHESTER DISTRICT        DKT#:    0207CR7749A
 OFF:   POSS CLASS A CONT SUB                                 CSA POSS A
 DISP: 1/22/03 G 1YR SS 7/22/04 VWF VN 10/21/03 C 6/15/04 STATUS: C    WPD:
 _      DF 7/13/04 D/R VN 8/17/04 VOP 1YR CMTD F/W


ARRAIGNMENT: (005)
 ARG-DATE: 05/14/02 PD: BOS COURT: DORCHESTER DISTRICT        DKT#:    0207CR2747A
 OFF:   TRESPASSING                                           TRES
 DISP: DF 11/26/02 D/R C 1/22/03 DISM                         STATUS: C    WPD:


ARRAIGNMENT: (006)
 ARG-DATE: 05/14/02 PD: BOS COURT: DORCHESTER DISTRICT        DKT#:    0207CR2747B
 OFF:   POSS CLASS A CONT SUB                                 CSA POSS A
 DISP: DF 11/26/02 D/R 1/22/03 G 1YR 7/22/04 VWF VN 10/21 STATUS: C    WPD:
        03 C 6/15/04 DF D/R VN 8/17/04 VOP TERM


ARRAIGNMENT: (007)
 ARG-DATE: 06/02/00 PD: BOS COURT: ROXBURY DISTRICT           DKT#:    0002CR002529A
 OFF:   CONTROL SUBSTANCE SCHOOL        1000FT                CSA SCHOOL
 DISP: C 9/6/00 DISM                                          STATUS: C    WPD:


ARRAIGNMENT: (008)
 ARG-DATE: 06/02/00 PD: BOS COURT: ROXBURY DISTRICT           DKT#:    0002CR002529B
 OFF:   DISTRIBUTE/DISPENSE CLASS A                           CSA DIST A
 DISP: C 9/6/00 G 1YR CMTD F&A                                STATUS: C    WPD:


ARRAIGNMENT: (009)
 ARG-DATE: 06/15/99 PD: BRO COURT: BROCKTON DISTRICT          DKT#:    9915CR003069A
 OFF:   SHOPLIFTIN                                            SHOPLIFT
 DISP: C 7/23/99 G 18MO SPS 6MO CMTD BAL 7/21/00 8/23/00 STATUS: C    WPD:
        VN VOP 1YR CMTD


ARRAIGNMENT: (010)
 ARG-DATE: 06/15/99 PD: BRO COURT: BROCKTON DISTRICT          DKT#:    9915CR003069B
 OFF:   A&B DANGEROUS WEAPON                                  A&B DW
 DISP: C 7/23/99 G 18MO SPS 6MO CMTD BAL 7/21/00 8/23/00 STATUS: C    WPD:
        VN VOP 1YR CMTD


ARRAIGNMENT: (011)
 ARG-DATE: 06/15/99 PD: BRO COURT: BROCKTON DISTRICT          DKT#:    9915CR003069C
 OFF:   TRESPASSING                                           TRES
 DISP: C 7/23/99 DISM                                         STATUS: C    WPD:


ARRAIGNMENT: (012)
 ARG-DATE: 06/14/99 PD: BRO COURT: BROCKTON DISTRICT          DKT#:    9915CR002786A

OFF:  ASSAULT DANGEROUS WEAPON                                ASLT DW
DISP: C 7/23/99 G 18MO S 6MO CMTD BAL 7/21/00 8/23/00 STATUS: C    WPD:
      VN VOP 1YR CMTD


ARRAIGNMENT: (013)
 ARG-DATE: 06/14/99 PD: BRO COURT: BROCKTON DISTRICT       DKT#:  9915CR002786B
 OFF:  SHOPLIFTIN                                          SHOPLIFT
 DISP: C 7/23/99 G 18MO SPS 6MO CMTD BAL 7/21/00 8/23/00 STATUS: C    WPD:
      VN VOP 1YR CMTD


ARRAIGNMENT: (014)
 ARG-DATE: 06/14/99 PD: BRO COURT: BROCKTON DISTRICT       DKT#:  9915CR003933A
 OFF:  SHOPLIFTIN                                          SHOPLIFT
 DISP: C 7/23/99 G FILE                                    STATUS: C    WPD:


ARRAIGNMENT: (015)
 ARG-DATE: 05/06/99 PD: PVT COURT: BOSTON DISTRICT         DKT#:   9901CR1456A
 OFF:  SHOPLIFTIN                                          SHOPLIFT
 DISP: C 6/9/99 WAR 7/14/99 WAR/WD C 11/22/99 FILE         STATUS: C    WPD:


ARRAIGNMENT: (016)
 ARG-DATE: 03/02/99 PD: BOS COURT: BOSTON DISTRICT         DKT#:   9901CR863A
 OFF:  SHOPLIFTIN                                          SHOPLIFT
 DISP: C 4/29/99 1YR SS 10/25/000 VWF 6/29/99 7/15/99 VOP STATUS: C    WPD:
      WAR 7/15/99 WAR/WD VN 11/22/99 1YR CMTD


ARRAIGNMENT: (017)
 ARG-DATE: 02/10/99 PD: NET COURT: NEWTON DISTRICT         DKT#:   9912CR107A
 OFF:  LARCENY MORE                                        LAR MORE
 DISP: C 6/3/99 G 1YR SPS 4MO CMTD BAL SS 6/1/00 TERM      STATUS: C    WPD:


ARRAIGNMENT: (018)
 ARG-DATE: 02/10/99 PD: NET COURT: NEWTON DISTRICT         DKT#:   9912CR107B
 OFF:  THREATENING                     MURDER              THREAT
 DISP: C 6/3/99 G 4MO CMTD                                 STATUS: C    WPD:


ARRAIGNMENT: (019)
 ARG-DATE: 02/10/99 PD: NET COURT: NEWTON DISTRICT         DKT#:   9912CR107C
 OFF:  POSS HYPODERMIC OR SYRINGE                          CSA HYPO/SYR
 DISP: C 6/3/99 G 1YR SPS 4MO CMTD BAL SS 6/1/00 TERM      STATUS: C    WPD:


ARRAIGNMENT: (020)
 ARG-DATE: 02/10/99 PD: NET COURT: NEWTON DISTRICT         DKT#:   9912CR107D
 OFF:  LARCENY LESS                                        LAR LESS
 DISP: C 6/3/99 G 1YR SPS 4MO CMTD BAL SS 6/1/00 TERM      STATUS: C    WPD:

RRAIGNMENT: (021)
 ARG-DATE: 01/26/99 PD: BRA COURT: QUINCY DISTRICT        DKT#:  9956CR000367A
 OFF:   POSS HYPODERMIC OR SYRINGE                        CSA HYPO/SYR
 DISP: C 9/15/99 G 3MO CMTD                               STATUS: C    WPD:


RRAIGNMENT: (022)
 ARG-DATE: 01/26/99 PD: BRA COURT: QUINCY DISTRICT        DKT#:  9956CR000367B
 OFF:   SHOPLIFTIN                                        SHOPLIFT
 DISP: C 9/15/99 DISM                                     STATUS: C    WPD:


RRAIGNMENT: (023)
 ARG-DATE: 01/26/99 PD: BRA COURT: QUINCY DISTRICT        DKT#:  9956CR000367C
 OFF:   KNOWINGLY REC STOLEN PROP                         RSG
 DISP: C 9/15/99 G 3MO CMTD                               STATUS: C    WPD:


RRAIGNMENT: (024)
 ARG-DATE: 07/28/98 PD: BOS COURT: ROXBURY DISTRICT       DKT#:    9802CR4951A
 OFF:   POSS HYPODERMIC OR SYRINGE                        CSA HYPO/SYR
 DISP: C 8/26/98 G 30DAYS CMTD SS 2/25/00 VN 9/21/99 HAB  STATUS: C    WPD:
        VOP CMTD


RRAIGNMENT: (025)
 ARG-DATE: 07/28/98 PD: BOS COURT: ROXBURY DISTRICT       DKT#:    9802CR4951B
 OFF:   TRESPASSING                                       TRES
 DISP: C 8/26/98 G 30DAYS CMTD SS 2/25/00 VN 9/21/99      STATUS: C    WPD:
        VOP CMTD


RRAIGNMENT: (026)
 ARG-DATE: 07/06/98 PD: BOS COURT: ROXBURY DISTRICT       DKT#:    9802CR4477A
 OFF:   TRESPASSING                                       TRES
 DISP: C 8/26/98 G 30DAYS CMTD SS 2/25/00 VN 9/21/99 HAB  STATUS: C    WPD:
        VOP CMTD


RRAIGNMENT: (027)
 ARG-DATE: 07/06/98 PD: BOS COURT: ROXBURY DISTRICT       DKT#:    9802CR4477B
 OFF:   CARRYING DANGEROUS WEAPON                         DWC
 DISP: C 8/26/98 G 30DAYS CMTD SS 2/25/00 VN 9/21/99      STATUS: C    WPD:
        VOP CMTD


RRAIGNMENT: (028)
 ARG-DATE: 02/03/97 PD: BOS COURT: WEST ROXBURY DISTRICT  DKT#:    9706CR0526A
 OFF:   POSS CLASS A CONT SUB                             CSA POSS A
 DISP: G 18MO CMTD                                        STATUS: C    WPD:


RRAIGNMENT: (029)

ARG-DATE: 02/03/97 PD: BOS COURT: WEST ROXBURY DISTRICT     DKT#:     9706CR0526B
OFF:  TRESPASSING                                           TRES
DISP: G 18MO CMTD                                           STATUS: C   WPD:


ARRAIGNMENT: (030)
 ARG-DATE: 09/30/96 PD: BOS COURT: WEST ROXBURY DISTRICT    DKT#:     9606CR3957A
 OFF:  POSS CLASS A CONT SUB                                CSA POSS A
 DISP: C 10/30/96 DF 2/3/97 D/R G 18MO CMTD                 STATUS: C   WPD:


ARRAIGNMENT: (031)
 ARG-DATE: 09/30/96 PD: BOS COURT: WEST ROXBURY DISTRICT    DKT#:     9606CR3957B
 OFF:  DISTRIBUTE/DISPENSE CLASS A                          CSA DIST A
 DISP: C 10/30/96 DF 2/3/97 D/R G 18MO CMTD                 STATUS: C   WPD:


ARRAIGNMENT: (032)
 ARG-DATE: 09/30/96 PD: BOS COURT: WEST ROXBURY DISTRICT    DKT#:     9606CR3957C
 OFF:  POSS TO DISTRIBUTE CLASS A                           CSA POSS DIST A
 DISP: C 10/30/96 DF 2/3/97 D/R G 18MO CMTD                 STATUS: C   WPD:


ARRAIGNMENT: (033)
 ARG-DATE: 08/15/96 PD: MTA COURT: ROXBURY DISTRICT         DKT#:     9602CR5004A
 OFF:  POSS CLASS A CONT SUB                                CSA POSS A
 DISP: C 11/13/96 DF WAR 2/3/97 D/R DF WAR 6/11/97 D/R C    STATUS: C   WPD:
       9/24/97 G 60DA CMTD


ARRAIGNMENT: (034)
 ARG-DATE: 11/08/95 PD: PVT COURT: ROXBURY DISTRICT         DKT#:     9502CR7773A
 OFF:  ASSAULT AND BATTERY          CORRECTIONS OFFICER A&B
 DISP: C 12/21/95 G 90 DA SCHC CMTD                         STATUS: C   WPD:


ARRAIGNMENT: (035)
 ARG-DATE: 04/25/95 PD: BOS COURT: WEST ROXBURY DISTRICT    DKT#:     9506CR1756A
 OFF:  ASSAULT DANGEROUS WEAPON        AIR GUN              ASLT DW
 DISP: C 5/4/95 G 3MO SS 5/4/96 VWF BF 7/17/95 C 9/28/95    STATUS: C   WPD:
       PROB REV G 3MO CMTD


ARRAIGNMENT: (036)
 ARG-DATE: 11/17/94 PD: PVT COURT: BOSTON DISTRICT          DKT#:     9401CR8200A
 OFF:  LARCENY MORE                                         LAR MORE
 DISP: C 11/28/94 WAR 8/23/95 WAR/WD C 8/31/95 6MO CMTD     STATUS: C   WPD:


ARRAIGNMENT: (037)
 ARG-DATE: 11/17/94 PD: PVT COURT: BOSTON DISTRICT          DKT#:     9401CR8200B
 OFF:  TRESPASSING                                          TRES
 DISP: C 11/28/94 DF 8/23/95 DR C 8/31/95 6MO CMTD          STATUS: C   WPD:

ARRAIGNMENT: (038)
  ARG-DATE: 09/19/94 PD: PVT COURT: BOSTON DISTRICT    DKT#:    9401CR6345A
  OFF:  SHOPLIFTIN                              SHOPLIFT
  DISP: C 10/13/94 WAR 8/31/95 WAR/WD FILE      STATUS: C   WPD:


ARRAIGNMENT: (039)
  ARG-DATE: 09/19/94 PD: PVT COURT: BOSTON DISTRICT    DKT#:    9401CR6345B
  OFF:  TRESPASSING                          TRES
  DISP: C 10/13/94 DF 8/31/95 D/R 6MO CMTD       STATUS: C   WPD:


ARRAIGNMENT: (040)
  ARG-DATE: 07/12/94 PD: BOS COURT: WEST ROXBURY DISTRICT DKT#:    9406CR3146A
  OFF:  STALK/FOLLOWING                    STALK A
  DISP: WAR 9/1/95 WAR W/D C 9/28/95 DISM       STATUS: C   WPD:


ARRAIGNMENT: (041)
  ARG-DATE: 07/12/94 PD: BOS COURT: WEST ROXBURY DISTRICT DKT#:    9406CR3146B
  OFF:  RESTRAINING ORDER VIOLATION            RESTRN ORD
  DISP: WAR 9/1/95 WAR W/D C 9/28/95 G 6MO CMTD CONC STATUS: C   WPD:


ARRAIGNMENT: (042)
  ARG-DATE: 07/12/94 PD: BOS COURT: WEST ROXBURY DISTRICT DKT#:    9406CR3146C
  OFF:  THREATENING            BOD HARM        THREAT
  DISP: WAR 9/1/95 WAR W/D C 9/28/95 G FILE       STATUS: C   WPD:


ARRAIGNMENT: (043)
  ARG-DATE: 06/30/94 PD: BOS COURT: DORCHESTER JURY OF SIX DKT#:    9407JC0200A
  OFF:  POSS CLASS B CONT SUB              CSA POSS B
  DISP: DF D/R DF D/R C 12/19/95 (@6)C6/5/962YRSPS6MOCMTD STATUS: C   WPD:
      SS12/28/98 $150DRGFEE VWFBF10/30DF2/3/97D/RG18MCMT

ARRAIGNMENT: (044)
  ARG-DATE: 06/30/94 PD: BOS COURT: DORCHESTER JURY OF SIX DKT#:    9407JC0200B
  OFF:  POSS TO DISTRIBUTE CLASS B           CSA POSS DIST B
  DISP: DF D/R DF D/R C 12/19/95 (@6)C6/5/962YR SPS6MOCMTD STATUS: C   WPD:
      SS 12/28/98 BF 10/30/96 DF 2/3/97 D/R G 18MO CMTDC

ARRAIGNMENT: (045)
  ARG-DATE: 06/30/94 PD: BOS COURT: DORCHESTER JURY OF SIX DKT#:    9407JC0200C
  OFF:  MFG CLASS B CONT SUB               CSA MFG B
  DISP: DF D/R DF D/R C 12/19/95 (@6)C6/5/96 G2YR SPS 6MO STATUS: C   WPD:
      CMTD SS 12/28/98 BF 10/30/96DF 2/3/97 D/R 18MOCMTD

RRAIGNMENT: (046)
  ARG-DATE: 06/30/94 PD: B    COURT: DORCHESTER JURY OF SIX    DKT#:    9407JC0200D
  OFF:   POSS TO DISTRIBUTE CLASS B                              CSA POSS DIST B
  DISP: DF D/R DF D/R C 12/19/95 (@6)C6/5/96 2YR SPS6MOCMT STATUS: C   WPD:
        SS 12/28/98 BF10/30/96 DF 2/3/97 D/R G 18MO CMTD

RRAIGNMENT: (047)
  ARG-DATE: 06/24/94 PD: PVT COURT: BOSTON DISTRICT            DKT#:    9401CR3976A
  OFF:   SHOPLIFTIN                                             SHOPLIFT
  DISP: WAR 7/18/94 WAR/WD C 8/31/95 FILE                       STATUS: C   WPD:

RRAIGNMENT: (048)
  ARG-DATE: 05/20/94 PD: BOS COURT: ROXBURY DISTRICT           DKT#:    9402CR3700A
  OFF:   POSS CLASS A CONT SUB                                  CSA POSS A
  DISP: C 5/24/94 G PROB 5/22/96 VWF 8/23/94 DF 10/5/95         STATUS: C   WPD:
        D/R TERM

RRAIGNMENT: (049)
  ARG-DATE: 05/20/94 PD: BOS COURT: ROXBURY DISTRICT           DKT#:    9402CR3700B
  OFF:   KNOWINGLY REC STOLEN PROP       OVER                   RSG
  DISP: C 5/24/94 G PROB 5/22/96 8/23/94 DF 10/5/95 D/R        STATUS: C   WPD:
        TERM

RRAIGNMENT: (050)
  ARG-DATE: 11/04/93 PD:     COURT: BOSTON DISTRICT            DKT#:    9301CR8742A
  OFF:   LARCENY MORE                    PROP                   LAR MORE
  DISP: C 11/23/93 1YR SPS 3MO CMTD 11/23/94 6/24/94 SURR      STATUS: C   WPD:
        C 7/1/94 DF D/R C 8/2/94 DF 8/23/95 VOP G 1YR CMTD

RRAIGNMENT: (051)
  ARG-DATE: 11/04/93 PD:     COURT: BOSTON DISTRICT            DKT#:    9301CR8742B
  OFF:   TRESPASSING                                            TRES
  DISP: C 11/23/93 FILE                                         STATUS: C   WPD:

RRAIGNMENT: (052)
  ARG-DATE: 11/04/93 PD:     COURT: BOSTON DISTRICT            DKT#:    9301CR8742C
  OFF:   MAL DESTRUCTION OF PROPERTY     OVER                   PROP MAL DES
  DISP: C 11/23/93 PROB 11/23/94 6/24/94 SURR C 7/1/94 DF      STATUS: C   WPD:
        D/R C 8/2/94 DF 8/23/95 VOP 1YR CMTD

RRAIGNMENT: (053)
  ARG-DATE: 10/26/93 PD:     COURT: BOSTON DISTRICT            DKT#:    9301CR8499A
  OFF:   LARCENY LESS                    PROP                   LAR LESS
  DISP: WAR WAR/WD WAR 11/17/94 WAR/WD C 9/18/95 REST 6MO      STATUS: C   WPD:
        CMTD

RRAIGNMENT: (054)
  ARG-DATE: 10/26/93 PD:     COURT: BOSTON DISTRICT            DKT#:    9301CR8499B
  OFF:   CREDIT CARD MISUSE                                     CRDT CARD

RRAIGNMENT: (055)
  ARG-DATE: 06/30/93 PD:      COURT: BOSTON DISTRICT        DKT#:     9301CR4968A
  OFF:  LARCENY MORE                         PROP           LAR MORE
  DISP: CC WAR 8/20/93 WAR/WD C 9/3/93 22DA CMTD            STATUS: C   WPD:


RRAIGNMENT: (056)
  ARG-DATE: 05/10/93 PD:      COURT: BOSTON DISTRICT        DKT#:     9301CR3486A
  OFF:  POSS TO DISTRIBUTE CLASS B     CRACK COCAINE        CSA POSS DIST B
  DISP: WAR WAR/WD C 11/1/93 1YR SS 11/1/95 SURR C 112393   STATUS: C   WPD:
        PROB 112394 8/23/95 G VOP 1 YR CMTD


RRAIGNMENT: (057)
  ARG-DATE: 02/16/93 PD: BOS COURT: WEST ROXBURY DISTRICT   DKT#:     9306CR0782A
  OFF:  POSS CLASS B CONT SUB                                CSA POSS B
  DISP: C 8/11/93 DFW 9/15/93 D/R C 11/10/93 DFW 3/29/94    STATUS: C   WPD:
        D/R C 6/28/94 G 1DA CMTD APP  G FILE


RRAIGNMENT: (058)
  ARG-DATE: 02/16/93 PD: BOS COURT: WEST ROXBURY DISTRICT   DKT#:     9306CR0782B
  OFF:  POSS TO DISTRIBUTE CLASS B                          CSA POSS DIST B
  DISP: C 8/11/93 DFW 9/15/93 D/R C 11/10/93 DFW 3/29/94    STATUS: C   WPD:
        D/R C 6/28/94 G 1DA CMTD APP  G FILE


RRAIGNMENT: (059)
  ARG-DATE: 02/16/93 PD: BOS COURT: WEST ROXBURY DISTRICT   DKT#:     9306CR0782C
  OFF:  DISTRIBUTE/DISPENSE CLASS B                         CSA DIST B
  DISP: C 8/11/93 DFW 9/15/93 D/R C 11/10/93 DFW 3/29/94    STATUS: C   WPD:
        D/R C 6/28/94  G 1DA CMTD APP  G 1DA CMTD


RRAIGNMENT: (060)
  ARG-DATE: 02/16/93 PD: BOS COURT: WEST ROXBURY DISTRICT   DKT#:     9306CR0782D
  OFF:  CONTROL SUBSTANCE SCHOOL        W/I DIST B          CSA SCHOOL
  DISP: DF D/R C 11/10/93 DF 3/29/94 D/R C 6/28/94 G 2YR    STATUS: C   WPD:
        CMTD O/A VWF APP  G 2YR CMTD F/A


RRAIGNMENT: (061)
  ARG-DATE: 12/01/92 PD:      COURT: DORCHESTER DISTRICT     DKT#:     9207CR9123A
  OFF:  KNOWINGLY REC STOLEN PROP                           RSG
  DISP: C 2/19/93 G 1YR CMTD                                STATUS: C   WPD:


RRAIGNMENT: (062)
  ARG-DATE: 12/01/92 PD:      COURT: DORCHESTER DISTRICT     DKT#:     9207CR9123B
  OFF:  CREDIT CARD MISUSE              POSS STOLEN          CRDT CARD
  DISP: C 2/19/93 G 1YR CMTD                                STATUS: C   WPD:

ARRAIGNMENT: (063)
  ARG-DATE: 11/02/92 PD:      COURT: BROCKTON DISTRICT        DKT#:        315345
  OFF:  A&B DANGEROUS WEAPON                                   A&B DW
  DISP: DF 5/11/93 D/R C 9/1/93 DF 10/12/95 DR C 11/27/95 STATUS: C    WPD:
      G 1 YR CMTD


ARRAIGNMENT: (064)
  ARG-DATE: 11/02/92 PD:      COURT: BROCKTON DISTRICT        DKT#:        315346
  OFF:  ASSAULT AND BATTERY                                     A&B
  DISP: DF 5/11/93 D/R C 9/1/93 DF 10/12/95 DR C 11/27/95 STATUS: C    WPD:
      G 1 YR CMTD


ARRAIGNMENT: (065)
  ARG-DATE: 10/29/91 PD:      COURT: DORCHESTER DISTRICT      DKT#:    9107CR8038A
  OFF:  POSS CLASS D CONT SUB                                   CSA POSS D
  DISP: FILE                                                    STATUS: C    WPD:


ARRAIGNMENT: (066)
  ARG-DATE: 11/06/90 PD:      COURT: ROXBURY DISTRICT         DKT#:    9002CR11699A
  OFF:  ARMED ROBBERY                                           ROB ARM
  DISP: DF D/R DF D/R C 12/6/91 C 2/3/92 DISM                   STATUS: C    WPD:


ARRAIGNMENT: (067)
  ARG-DATE: 11/06/90 PD:      COURT: ROXBURY DISTRICT         DKT#:    9002CR11699B
  OFF:  LARCENY                        MV                       LAR
  DISP: DF D/R DF D/R C 12/6/91 C 2/3/92 DISM                   STATUS: C    WPD:


ARRAIGNMENT: (068)
  ARG-DATE: 11/02/90 PD:      COURT: ROXBURY DISTRICT         DKT#:    9002CR11603A
  OFF:  MFG CLASS B CONT SUB                                    CSA MFG B
  DISP: DF D/R DF D/R C 12/6/91 C 2/3/92 NG                     STATUS: C    WPD:


ARRAIGNMENT: (069)
  ARG-DATE: 11/02/90 PD:      COURT: ROXBURY DISTRICT         DKT#:    9002CR11603B
  OFF:  CONSPIRACY TO VIO CONT SUB ACT                          CSA CONSP
  DISP: DF D/R DF D/R C 12/6/91 C 2/3/92 NG                     STATUS: C    WPD:


ARRAIGNMENT: (070)
  ARG-DATE: 11/02/90 PD:      COURT: ROXBURY DISTRICT         DKT#:    9002CR11603C
  OFF:  MFG CLASS B CONT SUB                                    CSA MFG B
  DISP: DF D/R DF D/R C 12/6/91 C 2/3/92 DISM                   STATUS: C    WPD:


ARRAIGNMENT: (071)
  ARG-DATE: 08/13/90 PD:      COURT: DORCHESTER DISTRICT      DKT#:    9007CR6547A

```
OFF:   POSS TO DISTRIBUTE CLASS B                         CSA POSS DIST B
DISP:  WAR WAR/WD C 4/5/9   G 2YR SS 4/5/93 PROG 6/13      STATUS: C   WPD:
       DF D/R R/R 1YR CMTD SE C 2/25/93 G 1YR CMTD


RRAIGNMENT: (072)
 ARG-DATE: 06/25/90 PD:      COURT: BOSTON DISTRICT        DKT#:        258152B
 OFF:  CRIME OF (SPECIFY IN FULL)     CONCEAL MV ID        CRIME OF
 DISP: WAR 1/28/92 WAR/WD FILE                             STATUS: C   WPD:


RRAIGNMENT: (073)
 ARG-DATE: 06/25/90 PD:      COURT: BOSTON DISTRICT        DKT#:        258152C
 OFF:  COMPULSORY INSURANCE VIOLATION                      118A
 DISP: DF 1/28/92 D/R FILE                                 STATUS: C   WPD:


RRAIGNMENT: (074)
 ARG-DATE: 05/23/90 PD:      COURT: BOSTON MUNICIPAL JURY OFDKT#:       903634
 OFF:  SHOPLIFTIN                                          SHOPLIFT
 DISP: C 5/22/91 PROG (@1) TERM                            STATUS: C   WPD:


RRAIGNMENT: (075)
 ARG-DATE: 05/23/90 PD:      COURT: BOSTON MUNICIPAL JURY OFDKT#:       903635
 OFF:  B&E NT W/I COM FEL                                  B&E NT W/I FEL
 DISP: C 5/22/91 PROG (@1) TERM                            STATUS: C   WPD:


RRAIGNMENT: (076)
 ARG-DATE: 04/18/90 PD:      COURT: BOSTON DISTRICT        DKT#:        257112A
 OFF:  SHOPLIFTIN                                          SHOPLIFT
 DISP: C 5/9/90 FJ 5/31/90                                 STATUS: C   WPD:


RRAIGNMENT: (077)
 ARG-DATE: 04/05/90 PD:      COURT: BOSTON DISTRICT        DKT#:        256696A
 OFF:  B&E NT W/I COM FEL                                  B&E NT W/I FEL
 DISP: C 5/9/90 FJ 5/31/90                                 STATUS: C   WPD:


RRAIGNMENT: (078)
 ARG-DATE: 01/17/89 PD:      COURT: BOSTON DISTRICT        DKT#:        242794A
 OFF:  POSS CLASS A CONT SUB                               CSA POSS A
 DISP: 6/26/89 FILE                                        STATUS: C   WPD:


RRAIGNMENT: (079)
 ARG-DATE: 01/17/89 PD:      COURT: BOSTON DISTRICT        DKT#:        242794B
 OFF:  AFFRAY                                              AFFRAY
 DISP: 6/26/89 FILE                                        STATUS: C   WPD:
```

ARRAIGNMENT: (080)
  ARG-DATE: 01/03/89 PD:      COURT: ROXBURY DISTRICT          DKT#:      8902CR0032A
  OFF:   KNOWINGLY REC STOLEN PROP                            RSG
  DISP: C 5/4/89 G FILE                                        STATUS: C    WPD:


ARRAIGNMENT: (081)
  ARG-DATE: 01/03/89 PD:      COURT: ROXBURY DISTRICT          DKT#:      8902CR0032B
  OFF:   POSS CLASS A CONT SUB                                CSA POSS A
  DISP: C/5/5/89 NG                                            STATUS: C    WPD:


ARRAIGNMENT: (082)
  ARG-DATE: 09/08/88 PD:      COURT: BOSTON DISTRICT           DKT#:        238688A
  OFF:   SHOPLIFTIN                                           SHOPLIFT
  DISP: WAR 1/3/89 WAR/WD CWOF 3/29/89 CC VWF DF 6/26/89      STATUS: C    WPD:
        D/R DISM


ARRAIGNMENT: (083)
  ARG-DATE: 09/18/86 PD:      COURT: ROXBURY DISTRICT          DKT#:        621386A
  OFF:   DISTRIBUTE/DISPENSE CLASS A                          CSA DIST A
  DISP: C 5/5/89 DISM                                          STATUS: C    WPD:


ARRAIGNMENT: (084)
  ARG-DATE: 09/18/86 PD:      COURT: ROXBURY DISTRICT          DKT#:        621386B
  OFF:   DISTRIBUTE/DISPENSE CLASS B                          CSA DIST B
  DISP: C 5/5/87 DISM                                          STATUS: C    WPD:


ARRAIGNMENT: (085)
  ARG-DATE: 02/19/86 PD:      COURT: DORCHESTER DISTRICT       DKT#:        86CR0707
  OFF:   ILLEGITIMATE                                         ILLEGIT
  DISP: DF 11/3/87 D/R DISM                                    STATUS: C    WPD:


ARRAIGNMENT: (086)
  ARG-DATE: 12/18/85 PD:      COURT: BOSTON MUNICIPAL JURY OFDKT#:          856541
  OFF:   POSS TO DISTRIBUTE CLASS D                           CSA POSS DIST D
  DISP: DISM (7 5608A)                                         STATUS: C    WPD:


ARRAIGNMENT: (087)
  ARG-DATE: 12/18/85 PD:      COURT: BOSTON MUNICIPAL JURY OFDKT#:          856542
  OFF:   FIREARM ID CARD                                      FIR ID
  DISP: DISM (7 5608D)                                         STATUS: C    WPD:


ARRAIGNMENT: (088)

ARG-DATE: 12/18/85 PD:        COURT: BOSTON MUNICIPAL JURY OFDKT#:        856543
OFF:  POSS OF AMMUNITION                                    POSS AMMO
DISP: DISM (7 5608E)                                        STATUS: C    WPD:


ARRAIGNMENT: (089)
 ARG-DATE: 10/31/85 PD:        COURT: DORCHESTER DISTRICT       DKT#:        85CR5608A
 OFF:  POSS CLASS D CONT SUB          W/I                    CSA POSS D
 DISP: C 12/10/86 CMTD APP                                   STATUS: C    WPD:


ARRAIGNMENT: (090)
 ARG-DATE: 10/31/85 PD:        COURT: DORCHESTER DISTRICT       DKT#:        85CR5608B
 OFF:  RECEIVING STOLEN PROPERTY       O                    PROP RCV STLN
 DISP: C 12/10/86 DISM                                       STATUS: C    WPD:


ARRAIGNMENT: (091)
 ARG-DATE: 10/31/85 PD:        COURT: DORCHESTER DISTRICT       DKT#:        85CR5608C
 OFF:  CONSPIRACY TO VIO CONT SUB ACT VIOL CS ACT           CSA CONSP
 DISP: C 12/10/86 DISM                                       STATUS: C    WPD:


ARRAIGNMENT: (092)
 ARG-DATE: 10/31/85 PD:        COURT: DORCHESTER DISTRICT       DKT#:        85CR5608D
 OFF:  FIREARM VIOLATION(SPECIFY)     W/O ID                FIR
 DISP: C 12/10/86 CMTD APP                                   STATUS: C    WPD:


ARRAIGNMENT: (093)
 ARG-DATE: 10/31/85 PD:        COURT: DORCHESTER DISTRICT       DKT#:        85CR5608E
 OFF:  POSS OF AMMUNITION                                    POSS AMMO
 DISP: C 12/10/86 CMTD APP                                   STATUS: C    WPD:


ARRAIGNMENT: (094)
 ARG-DATE: 03/19/85 PD:        COURT: DORCHESTER DISTRICT       DKT#:        CR0403
 OFF:  POSS CLASS D CONT SUB          W/INT                 CSA POSS D
 DISP: C 4/12/85 FJ                                          STATUS: C    WPD:


ARRAIGNMENT: (095)
 ARG-DATE: 03/19/85 PD:        COURT: BOSTON MUNICIPAL JURY OFDKT#:        852007
 OFF:  POSS CLASS D CONT SUB                                CSA POSS D
 DISP: C 13/85 6MO SS PROB 6/18/87 VWF CC (@7 0403A)        STATUS: C    WPD:
       12/10/85 R/R 6MO CMTD


ARRAIGNMENT: (096)
 ARG-DATE: 12/03/84 PD:        COURT: DORCHESTER DISTRICT       DKT#:        52539
 OFF:  POSS CLASS D CONT SUB                                CSA POSS D
 DISP: C 1/29/85 NG                                          STATUS: C    WPD:

ARRAIGNMENT: (097)
  ARG-DATE: 03/28/84 PD:      COURT: SUFFOLK SUPERIOR        DKT#:        041353
  OFF:  LARCENY                          FRM PER              LAR
  DISP: PROB 3/27/85 TERM (1 8350)                            STATUS: C   WPD:


ARRAIGNMENT: (098)
  ARG-DATE: 03/28/84 PD:      COURT: SUFFOLK SUPERIOR        DKT#:        041354
  OFF:  LARCENY                                               LAR
  DISP: PROB 3/27/85 TERM (1 8352)                            STATUS: C   WPD:


ARRAIGNMENT: (099)
  ARG-DATE: 08/30/82 PD:      COURT: BOSTON DISTRICT         DKT#:          8350
  OFF:  ROBBERY                                               ROB
  DISP: C 9/20/82 BO                                          STATUS: C   WPD:


ARRAIGNMENT: (100)
  ARG-DATE: 08/30/82 PD:      COURT: BOSTON DISTRICT         DKT#:          8352
  OFF:  ROBBERY                                               ROB
  DISP: C 9/20/82 BO                                          STATUS: C   WPD:


**** ***** ***** **** END OF ADULT APPEARANCES ***** ***** ***** *****

REQUESTED BY: SHEILA O'HARA
COMPLETED BY: O'HARA, SHEILA
       AGENCY: US ATF - BOSTON

Case 1:04-cr-10361-NG    Document 42-4    Filed 09/19/2006    Page 19 of 22

MASSACHUSETTS REGISTRY OF MOTOR VEHICLES     12/02/04 1607

---- DRIVER   INQUIRY ----

KEYS USED:          HANDY          JOHN               040463
DLN:028544902            STATUS:            SOC:
CDL STATUS:              REASON:
NAME L: HANDY            F: JOHN        M: H JR         DOB:
  SEX: M     HGT: 5 10
RESIDENCE:                     CITY:              ST:    ZIP:
  BLDG/APT:
MAIL ADDR: 20 INTERVALE ST      CITY: DORCHESTER     ST: MA ZIP: 02121-1818
  BLDG/APT:
DRIVERS ED: N     MAB REVIEW: N     MILITARY: N
PREVIOUS NAME   L:      F:     M:
RESTRICTIONS:            TIME:        TO
TYPE    CLASS   ISSUE DATE   EXP DATE
1            12/23/1987                    ID ONLY

MASSACHUSETTS REGISTRY OF MOTOR VEHICLES     12/02/04 1607

---- DRIVER   INQUIRY ----

KEYS USED:          HANDY          JOHN               040463
DLN:028544092            STATUS:SUS/RSU     SOC:
CDL STATUS:              REASON: NON-PAY CHILD SUPPORT
NAME L: HANDY            F: JOHN        M: H             DOB:
  SEX: M     HGT: 5 10
RESIDENCE:                     CITY:              ST:    ZIP:
  BLDG/APT:
MAIL ADDR: 229 COLUMBIA RD      CITY: DORCHESTER     ST: MA ZIP: 02121-3406
  BLDG/APT: APT 4
DRIVERS ED: N     MAB REVIEW: N     MILITARY: N
PREVIOUS NAME   L:      F:     M:
RESTRICTIONS:            TIME:        TO
TYPE    CLASS   ISSUE DATE   EXP DATE
             10/03/1996                    ID ONLY

CAND      *****LEAPS CANDIDATE NAME LIST

| REF | NAME | DOB | SX | RC | EYE | HAI | HGT | WGT | DEA |
|-----|------|-----|----|----|-----|-----|-----|-----|-----|
| W4611785 | HUNT CHARLES L |  | M | U | XXX | XXX | 000 | 000 | LMTC |
| W6258088 | HUNT JAMES | | M | W | BLU | BRO | 511 | 170 | LMTC |
| W4019887 | HUNT JAMES | | M | W | BLU | BRO | 511 | 165 | LMTC |
| W5274429 | HANDY ROBERT L | | M | U | XXX | XXX | 000 | 000 | LMTC |
| W5274430 | HANDY ROBERT L | | M | U | XXX | XXX | 000 | 000 | LMTC |
| W5391340 | HAMOUDA RAMADAN A | | M | B | XXX | BLK | 507 | 000 | LMTC |
| W4864481 | HUNT BRYAN J | | M | W | GRN | BRO | 509 | 185 | LMTC |
| W6212549 | HUNT LEO | | M | W | BLU | BRO | 510 | 160 | LMTC |
| W5217547 | HUNT BRYAN J | | M | W | GRN | BRO | 509 | 185 | LMTC |
| W4467371 | HUNT JESSE J | | M | U | XXX | XXX | 000 | 000 | LMTC |
| W4727165 | HUNT LEE | | M | U | XXX | XXX | 000 | 000 | LMTC |
| W5495232 | HUNT KEVIN | | M | U | XXX | XXX | 000 | 000 | LMTC |
| W6201586 | HUNT NANCY | | M | U | XXX | XXX | 000 | 000 | LMTC |
| W5765660 | HAMAD JOSEPH D | | M | U | BRO | BLK | 600 | 185 | LMTC |
| W5684305 | HAMAD JOSEPH D | | M | U | BRO | BLK | 600 | 185 | LMTC |

:LARS

:JIS 881716   12/02/2004 1607   S████████.

:N.
:N01VPQ0006320
:AATFBSSO

:O NCIC WANT SOC/█████████
:O NCIC WANT NAM/HANDY, JOHN DOB/█████████ RAC/U SEX/M.>-<
:JIS 881716   12/02/2004 1607   S████████.

MASSACHUSETTS REGISTRY OF MOTOR VEHICLES      12/02/04 1607
-----------      DRIVER HISTORY      -----------
KEYS USED:          HANDY          JOHN          040463

OLN: 028544092              ST: MA                    PAGE 01
NAME      L: HANDY      F: JOHN      M: H      DOB: ███████████
CORP/CO NAME:
STATUS: SUS/RSU      FOLDER:

| ENTRY DATE | INCIDENT DATE | DESCRIPTION | CRT FINDINGS DATE |
|-----------|---------------|-------------|-------------------|
| 4/01/04 | 04/01/04 | SUSPENSION NON-PAY CHILD SUPPORT   INDEFINIT | 04/11/04 |
| 4/01/04 | 04/01/04 | NON-PAY CHILD SUPPORT | |
| 3/09/04 | 03/09/04 | EXPIRATION POSS HYPO SYRINGE   PEC BRAINTREE | 03/09/04 |
| 3/09/04 | 03/09/04 | EXPIRATION POSS HYPO SYRINGE   PEC NEWTON | 03/09/04 |
| 3/09/04 | 03/09/04 | EXPIRATION POSSESS CLS B/INTENT   PEC DORCHE | 03/09/04 |
| 3/09/04 | 03/09/04 | EXPIRATION ILLEGAL POSS CLASS B   PEC DORCHE | 03/09/04 |
| 3/09/04 | 03/09/04 | EXPIRATION 1000 FEET SCHOOL   PEC DORCHESTER | 03/09/04 |
| 3/09/04 | 03/09/04 | HEARING ILLEGAL POSS CLASS B EXPIRE | 03/09/04 |
| 3/09/04 | 03/09/04 | HEARING ILLEGAL POSS CLASS A FILED | 03/09/04 |
| 3/09/04 | 03/09/04 | HEARING POSS HYPO SYRINGE EXPIRE | 03/09/04 |
| 3/09/04 | 03/09/04 | HEARING POSSESS CLS B/INTENT EXPIRE | 03/09/04 |

----------  NEXT PAGE COMING UP  ----------

CJIS 881716    12/02/2004 1607    S███████.
                    MASSACHUSETTS REGISTRY OF MOTOR VEHICLES    12/02/04 1607
                    ----------    DRIVER HISTORY    ----------
KEYS USED:              HANDY          JOHN

OLN: 028544092                   ST: MA                          PAGE 02
NAME      L: HANDY         F: JOHN         M: H      DOB: ███████
CORP/CO NAME:
STATUS: SUS/RSU       FOLDER:

| ENTRY DATE | INCIDENT DATE | DESCRIPTION | CRT | FINDINGS DATE |
|---|---|---|---|---|
| 03/09/04 | 03/09/04 | HEARING POSS HYPO SYRINGE EXPIRE | | 03/09/04 |
| 03/09/04 | 03/09/04 | HEARING 1000 FEET SCHOOL EXPIRE | | 03/09/04 |
| 02/03/03 | 02/03/03 | SUSPENSION ILLEGAL POSS CLASS A  1 YEAR | | 02/13/03 |
| 06/06/02 | 06/06/02 | SUSPENSION COURT DEFAULT   INDEFINITE | | 07/06/02 |
| 06/06/02 | 04/27/02 | ILLEGAL POSS CLASS A DORCHESTER G | 007 | 01/22/03 |
| 06/06/02 | 04/27/02 | TRESPASS WITH MV DORCHESTER DF | 007 | 05/14/02 |
| 12/11/01 | 12/11/01 | HEARING COURT DEFAULT FILED | | 12/11/01 |
| 09/24/99 | 09/24/99 | SUSPENSION POSS HYPO SYRINGE  1 YEAR | | 10/04/99 |
| 09/24/99 | 01/25/99 | POSS HYPO SYRINGE BRAINTREE G | 056 | 09/15/99 |
| 06/16/99 | 06/16/99 | SUSPENSION POSS HYPO SYRINGE  1 YEAR | | 06/26/99 |
| 06/16/99 | 02/10/99 | POSS HYPO SYRINGE NEWTON G | 012 | 06/03/99 |

                    ----------  NEXT PAGE COMING UP  ----------

CJIS 881716    12/02/2004 1607    S███████.
                    MASSACHUSETTS REGISTRY OF MOTOR VEHICLES    12/02/04 1607
                    ----------    DRIVER HISTORY    ----------
KEYS USED:              HANDY          JOHN

OLN: 028544092                   ST: MA                          PAGE 03
NAME      L: HANDY         F: JOHN         M: H      DOB: ███████
CORP/CO NAME:
STATUS: SUS/RSU       FOLDER:

| ENTRY DATE | INCIDENT DATE | DESCRIPTION | CRT | FINDINGS DATE |
|---|---|---|---|---|
| 1/17/96 | 01/17/96 | SUSPENSION 1000 FEET SCHOOL  5 YEARS | | 01/27/96 |
| 1/17/96 | 01/17/96 | SUSPENSION POSSESS CLS B/INTENT  3 YEARS | | 01/27/96 |
| 1/17/96 | 01/17/96 | SUSPENSION ILLEGAL POSS CLASS B  1 YEAR | | 01/27/96 |
| 1/17/96 | 02/13/93 | ILLEGAL POSS CLASS B DORCHESTER G | 007 | 06/28/94 |
| 1/17/96 | 02/13/93 | POSSESS CLS B/INTENT DORCHESTER G | 007 | 06/28/94 |
| 1/17/96 | 02/13/93 | 1000 FEET SCHOOL DORCHESTER G | 007 | 06/28/94 |
| 1/14/94 | 11/14/94 | SUSPENSION ILLEGAL POSS CLASS A  1 YEAR | | 11/24/94 |
| 1/14/94 | 05/19/94 | ILLEGAL POSS CLASS A ROXBURY G | 002 | 05/24/94 |
| 0/04/90 | 10/04/90 | SUSPENSION COURT DEFAULT   INDEFINITE | | 11/03/90 |
| 0/04/90 | 04/22/90 | NO LIABILITY POLICY ROXBURY DF | 002 | 09/12/90 |
| 0/04/90 | 04/22/90 | UNREG/IMPROPER EQUIP ROXBURY DF | 002 | 09/12/90 |

                    ----------  NEXT PAGE COMING UP  ----------

```
CJIS 881716    12/02/2004 1607   S██████████
                    MASSACHUSETTS REGISTRY OF MOTOR VEHICLES     12/02/04 1607
                    -----------    DRIVER HISTORY    -----------
KEYS USED:            HANDY        JOHN              ██████████████

OLN: 028544092                 ST: MA                            PAGE 04
NAME      L: HANDY            F: JOHN        M: H      DOB: █████████████
CORP/CO NAME:
STATUS: SUS/RSU        FOLDER:

ENTRY      INCIDENT                  DESCRIPTION          CRT FINDINGS
DATE       DATE                                           DATE
.0/04/90   04/22/90   OPERATOR UNLICENSED ROXBURY DF      002 09/12/90
               ------------    END OF HISTORY    -----------
```

# EXHIBIT  13

U.S. Department of Justice
Office of Justice Programs
Bureau of Justice Assistance



# Program Brief

**Bureau of Justice Assistance**



Domingo S. Herraiz, Director
*www.ojp.usdoj.gov/BJA*
June 2004

# Project Safe Neighborhoods: America's Network Against Gun Violence

Although U.S. violent crime rates have been declining steadily and are now at a 30-year low, gun violence, particularly homicide, continues to be a significant problem. Death by firearms accounted for 67 percent of all homicides in 2002.[1]

To combat gun crime, in 2001 President George W. Bush created an aggressive, comprehensive gun crime reduction strategy called Project Safe Neighborhoods (PSN). By linking federal, state, and local law enforcement, prosecutors, and community leaders, PSN provides a multifaceted approach to deterring and punishing gun crime. It represents a nationwide commitment to reduce gun crime by providing locally based programs with the tools and resources they need to succeed.

PSN (www.psn.gov) is committed to building effective federal, state, and local partnerships; using research tools to assist with guiding local strategies and measuring their impact; providing comprehensive training; conveying the initiative's priorities, message, and results to the community and the media; and building a strong and lasting coalition with citizens so they will be agents of change in their own communities.





# About BJA

The Bureau of Justice Assistance was established in 1984 as a component of the Office of Justice Programs, U.S. Department of Justice. BJA provides leadership and resources to state, local, and tribal governments and communities to reduce crime, violence, and drug abuse and to strengthen the nation's criminal justice system. BJA provides this assistance through formula and discretionary grants, training and technical assistance, publications, and the BJA web site.

# For Further Information

For information about Project Safe Neighborhoods, contact:

**Project Safe Neighborhoods**
E-mail: AskPSN@usdoj.gov
www.psn.gov

**U.S. Department of Justice**
Criminal Division, Domestic Security Section
1301 New York Avenue NW., Suite 1010
Washington, DC 20530
202–616–5731
Fax: 202–616–5478

**Bureau of Justice Assistance**
810 Seventh Street NW.
Washington, DC 20531
202–616–6500
Fax: 202–305–1367
www.ojp.usdoj.gov/BJA

For publications and information on other BJA-funded programs, contact:

**Bureau of Justice Assistance Clearinghouse**
P.O. Box 6000
Rockville, MD 20849–6000
1–800–851–3420
www.ncjrs.org

Clearinghouse staff are available Monday through Friday, 10 a.m. to 6 p.m. eastern time. Ask to be placed on the BJA mailing list.

**Office of Justice Programs**
Partnerships for Safer Communities
*www.ojp.usdoj.gov*

NCJ 205263

## National and Local Cooperation

PSN is a partnership involving components of the U.S. Department of Justice (DOJ): the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the Office of Community Oriented Policing Services, the U.S. Marshals Service (USMS), the Bureau of Justice Assistance (BJA), the National Institute of Justice, the Executive Office for United States Attorneys (EOUSA), and the United States Attorneys' Offices. PSN also partners with national constituent organizations including the National District Attorneys Association, the International Association of Chiefs of Police, and the National Crime Prevention Council (NCPC).

In addition to the federal and national partners, Michigan State University, American University, Hobson & Associates, and the American Probation and Parole Association provide training and technical assistance to PSN.

The U.S. Attorney in each of the 94 federal judicial districts, working side by side with local law enforcement and other officials as a task force, has tailored the PSN strategy to fit the unique gun crime problem in that district. Criminals who use guns are prosecuted under federal, state, or local laws, depending on which jurisdiction can provide the most appropriate punishment. Each district engages in deterrence and prevention efforts through community outreach and media campaigns and ensures that law enforcement and prosecutors have the training necessary to make the program work. Each U.S. Attorney has designated a PSN point of contact to serve as the project coordinator and help streamline communication among the PSN task force members and partners.

To complement the PSN efforts in each district, DOJ created the Firearms Enforcement Assistance Team (FEAT), which is composed of federal staff who have expertise in PSN's core elements. FEAT also assists the districts with their implementation efforts by acting as the single point of contact within DOJ to

address PSN inquiries from the federal judicial districts.

PSN is not a "one size fits all" program that is applied uniformly in all jurisdictions; rather, each local PSN task force designs its program by tailoring the five core elements of PSN to tackle its own unique gun crime problems.

*"If you use a gun illegally, you will do hard time."*

—*President George W. Bush*

## PSN's Five Core Elements

For PSN to be successful, five elements are essential: partnerships, strategic planning, training, outreach, and accountability.

**Partnerships.** Members of the 94 PSN task forces may include federal, state, and local agencies, including the U.S. Attorney who heads each task force; state and local prosecutors; special agents in charge from ATF, USMS, and the Federal Bureau of Investigation (FBI); local and state chiefs of police; and community leaders. Each task force develops strategies to reduce gun crime and reviews and prepares gun cases for prosecution in the most appropriate forum and venue.

**Strategic planning.** Each PSN task force, assisted by a grant-funded research partner, creates a strategic plan tailored to address the specific dynamics of its crime problems. Plans are aimed at prosecuting violent gun offenders and intensifying federal gun law enforcement using state-of-the-art technology and intelligence-gathering techniques such as mapping crime, identifying hotspots, tracing seized crime guns, and using ballistics technology.

**Training.** Specialized training on current laws and trends that affect law enforcement is essential. PSN provides expansive and comprehensive training for federal, state, and local law enforcement officers and prosecutors. DOJ and its partners conduct regional cross training on firearm identification, safety, interdiction, trafficking, and tracing; federal and state firearm statutes; federal and state search and seizure laws; crime scene and evidence management; and strategic planning. U.S. Attorneys also are encouraged to conduct their own local and regional training programs.

**Outreach.** Community outreach and public awareness are essential to PSN's success. U.S. Attorneys work with their local communities to increase awareness of PSN, promote community involvement, send a gun crime deterrent message, and work with citizens to develop a gun crime reduction strategy for the district, including appropriate crime prevention strategies that involve community members. To spread the word about gun crime reduction, an aggressive community outreach campaign is coupled with strong enforcement and prevention and education messages. PSN has made direct grants to districts and sponsored a national media campaign.

Outreach activities include producing and distributing literature, conducting mail campaigns, sponsoring local workshops, and producing public service announcements (PSAs), educational literature, crime prevention toolkits, billboard advertisements, press releases, and news articles. Media partners work with the local PSN task forces to identify local stakeholders, leverage the support of potential partners, identify resources, and engage members of the community in the PSN initiative.

PSN's national PSA campaign, created by DOJ in partnership with NCPC and the Ad Council, began with the "Gun Crimes Hit Home" theme, which focuses on the consequences of using guns illegally. The first PSA, "Mothers," was launched on September 27, 2003 and

3





Poster created for the PSN campaign for use in schools and communities.

portrays the pain of mothers who have lost their children to gun violence. A series entitled "Sentenced," which focuses on the pain caused to families when a loved one commits a gun crime, was officially launched on January 26, 2004. The "Gun Crimes Hit Home" message also is being emphasized in print, television, and radio advertisements.

**Accountability.** U.S. Attorneys must continually review gun crime reduction efforts to measure PSN's impact on reducing crime and its long-term effect. U.S. Attorneys regularly assess the effectiveness of their strategic plans and the emerging trends in their districts, and they provide semiannual progress reports to EOUSA. The reports allow the U.S.

Attorneys to describe fully both the gun crime problems in their districts and the strategies the PSN task force is employing to combat those problems.

## PSN Funding

The Administration has devoted more than $1 billion to PSN for fiscal years (FYs) 2001–2004. Funds are used for various objectives, including hiring and training new assistant U.S. Attorneys to work full time on gun crime prosecutions and new state and local prosecutors to work with federal law enforcement agencies on such cases, updating and automating state criminal history records, expanding ATF's Youth Crime Gun Interdiction Initiative and Integrated Violence Reduction Strategy, expanding ATF's computerized ballistics technology, and creating a nationwide tracing system. In addition, Project ChildSafe, a separate program under PSN, distributes safety kits nationwide with cable-style gun locks and educational materials on safe gun storage.

BJA, a component of DOJ's Office of Justice Programs (OJP), administers the PSN grant funding. In FY 2001, BJA initiated the Community Gun Violence Prosecution (GVP) Program to support the hiring of state and local prosecutors who are dedicated to prosecuting violent firearm-related crimes. Funding under this program was available to all state, county, city, and tribal public prosecutor offices, including state attorney general offices that have responsibility for prosecuting matters involving firearm-related violent crime. Under this program, 311 jurisdictions received grant awards to cover 80 percent of the salary and benefits costs up to $40,000 for each of up to 4 state or local prosecutors for 3 years.

In FY 2002, BJA sponsored four new PSN grant programs. In the Research Partner/Crime Analyst and Media Outreach and Community Engagement programs, PSN task forces selected research and media partners to assist with local efforts. Project Sentry grants provided funding for juvenile-related programs. A Reducing Community Gun Violence open



4

solicitation funded innovative ideas in reducing gun violence.

◆ Research Partner/Crime Analyst grants support the strategic planning and accountability components of PSN. These grants allow local governments to collect and appropriately analyze accurate data to develop data-driven strategies to reduce gun crime. A research partner was selected for each of the 94 U.S. Attorney districts that will receive up to $150,000 over 3 years.

◆ Media Outreach and Community Engagement grants provide resources to publicize a strict enforcement message, encourage citizens to work with law enforcement to address firearm-related crime in their communities, and promote gun safety at the local level. Similar to the research partner program, a media partner was selected for each of the U.S. Attorney districts that will receive up to $170,000 over 2 years.

◆ Project Sentry grants assist selected communities in determining the extent and nature of juvenile gun offenses and gun violence and in finding the best approach to address the problem. Such approaches may include one or any combination of the following: identifying and investigating juvenile gun crimes, prosecuting juveniles who commit offenses using guns, prosecuting adults who supply illegal firearms to juveniles, or supervising juvenile gun users once they are adjudicated or convicted. Thirty-seven awards ranging from $200,000 to $1 million were stratified among counties that had high local gun-related and total juvenile violent crime rates at different population levels.

◆ The Reducing Community Gun Violence open solicitation funds innovative ideas to reduce gun violence in three different areas. Forty of these competitive grants were made with an average award of $250,000 over 3 years.

In response to feedback from the field, the FY 2003 PSN program's funding allocation was changed. Instead of being awarded in separate grants for each

PSN component, the FY 2003 PSN funds were consolidated and distributed as block grants. That is, each district received a base allocation, and the remaining funds were distributed based on population. This new format provided each district's task force with more flexibility in determining how the money should be spent on gun violence reduction efforts at the local level. Based on the proportion of appropriated Project Sentry funds compared to all PSN funds, 29 percent of FY 2003 PSN funds were set aside for juvenile programs. To administer these funds, each district chose a fiscal agent to enter into subgrants or contracts with individual projects to carry out the individual components of the PSN task force strategy.

The FY 2004 PSN grant program will be administered in the same manner as the FY 2003 program. In addition, through the FY 2004 National PSN Community Engagement and Media Outreach Technical Assistance Program, BJA will fund specialized support to the 94 PSN task forces. Technical assistance (TA) will be provided by a national grant recipient through a combination of onsite and office-based TA and training and through the development and the dissemination of resource materials.

In 2004, BJA also is working with the U.S. Department of Housing and Urban Development (HUD) to supplement the strategies of nine U.S. Attorneys' districts focused on the prevention, investigation, and prosecution of violent crime and drug crime in public and federally assisted housing, including Native American housing. BJA is coordinating this project with HUD and OJP's American Indian and Alaska Native Affairs Desk in an effort to increase attention on gun violence reduction in public housing in general and, where appropriate, in tribal population centers.

BJA and the PSN partners also offer a series of ongoing comprehensive training and technical assistance (see "Training" under "Five Core



Elements" for course examples). More than 11,000 PSN task force members have received training.

## PSN Success Stories

The success of the PSN program is based on the cooperation of federal, state, and local agencies. Because of PSN, federal prosecutions of gun crime are at record levels; they have increased 68 percent from FY 2000 to FY 2003. In FY 2003, 93 percent of defendants were sentenced to some prison time; about 72 percent received sentences of at least 3 years. Descriptions of four successful PSN task forces appear below.[2]

### Southern District of Indiana

The Southern District of Indiana has a strong PSN initiative that combines an innovative program—the Indianapolis Violence Reduction Program (IVRP)—with partnerships of federal, state, and local law enforcement and faith-based organizations. Through IVRP, the district has created a program of prevention and prosecution to deter felons from possessing firearms and ammunition. Through its faith-based approach, ministers and religious leaders have assisted with outreach and prevention efforts that have greatly enhanced the district's interaction with the community, developed a ready network of support for families at risk of firearm violence, and provided unique opportunities to deliver the PSN message. These outreach efforts are directed to and through service-oriented and/or spiritually related organizations that work to improve the quality of life for the community.

Successful community outreach efforts focusing on PSN have been made in schools as part of a program called Educating Kids About Guns (EKG) and at events such as the Indiana Black Expo Summer Celebration Youth Summit and Breakfast with the Boyz and Breakfast with the Girlz, attended by 1,000 young men, women, boys, and girls. A youth scholastic basketball event delivered the PSN message. PSN participation in these events is designed to reach

individuals who are believed to be most at risk and affected by gun violence. A strong law enforcement message is delivered in conjunction with the message from community and faith-based organizations that there are alternatives to violence and that assistance is available.

In addition to the strong efforts focused on prevention and deterrence, federal prosecutions in this district have increased dramatically. Federal statistics for the Southern District of Indiana from FY 2000 to FY 2003 show an increase of 154 percent for gun crime prosecutions and an increase of 141 percent in the number of defendants prosecuted. In FY 2003, 84 percent of the convicted defendants were sentenced to prison terms of more than 3 years, and 61 percent were sentenced to prison terms of more than 5 years.

Although establishing concrete links between gun crime prosecution, prevention, and deterrence efforts and a decrease in violent crime requires long-term rigorous study, preliminary results are encouraging. According to the Indianapolis Police Department, the number of homicides in the high-crime, west district has decreased by 30 percent. From 29 in 2001, the number dropped to 20 in 2002 and 21 in 2003. Moreover, homicide figures remain well below the record-high levels that occurred in 1997 and 1998, prior to implementation of IVRP.

### District of Massachusetts

Boston was one of the pioneers of PSN. Its Project Ceasefire helped to set the foundation on which PSN was built and expanded. The District of Massachusetts continues to implement PSN strategies that are tailored to address the issues facing its community. As part of its PSN initiative, the district has expanded its programs to bring the most successful elements of Project Ceasefire to other major cities in the district, including Brockton, Lowell, Springfield, Holyoke, Chicopee, New Bedford, and Fall River. District attorneys' offices in these areas collaborate with the U.S. Attorney's Office to discuss strategies for proactive investigations, to confer on

cases, and to refer firearm-related cases for potential federal prosecution when viable. Target cities also have been encouraged to identify hotspots of firearm violence and to use their data to design strategies to combat violence.

> "Together in coordination with law enforcement and communities across America, we can help break the deadly link between guns and crime and keep gun-wielding criminals off our streets and out of our neighborhoods."
>
> —Attorney General John Ashcroft

Recently, the District of Massachusetts teamed with its PSN media outreach partner, federal and state law enforcement agencies, and community-based service providers to launch a media campaign to target previously convicted felons. The campaign is meant to serve as a reminder to felons of the mandatory sentences faced if they are found in possession of firearms.

Other PSN programs aimed at helping individuals make good choices to remain law-abiding members of the community complement the media campaign. One such program is the Boston Reentry Initiative, in which offenders are assigned mentors to guide them in obtaining job training, substance abuse counseling, employment opportunities, and any other needed services. The severity of the penalty for offenders in possession of firearms is also reiterated. According to preliminary findings, individuals who stay active in the program have a lower rate of recidivism than would be expected for this population.

Two other collaborative initiatives take proactive approaches to preventing gun crime. Through Operation Nightlight, state probation officers and police officers make unannounced home and community visits to monitor high-risk probationers to ensure compliance with probation conditions. This initiative provides more interactive relationships between probation officers and probationers, strengthens cooperation between police and probation officers, and serves notice to the community that the police and probation officers are serious about their mission. Operation Homefront teams clergy with police to visit more than 600 at-risk minors and their families per year with the goal of preventing future criminal behavior. The participation of clergy, who are often known to the families and welcomed into their homes, encourages parents to see police as positive figures who sincerely want to help.

In addition to these strong efforts focused on prevention and deterrence, federal prosecutions in this district continue to dramatically increase. The District of Massachusetts has seen a 157 percent increase in prosecutions from FY 2000 to FY 2003. In FY 2003, 77 percent of convicted defendants were sentenced to prison terms of more than 3 years and 47 percent were convicted to terms of more than 5 years. Statistics show that in 2002, violent crime in the district reached its lowest level in 31 years.

## Western District of Tennessee

The Western District of Tennessee has formed effective partnerships with the Memphis Police Department, the district attorney, ATF, and other state and local law enforcement in its efforts to implement the PSN initiative and target felons in possession of firearms or ammunition for federal prosecution. The district's PSN task force shows an impressive level of cooperation among all involved components. A dedicated Firearms Unit is composed of the PSN coordinator, three other federal prosecutors, and one state prosecutor. The unit has ensured that the most violent offenders are charged in federal court within

days of their arrest, while continuing to indict the remaining offenders in a timely manner.

The enforcement authorities of the PSN task force meet weekly to review information prepared by the Police Department's PSN unit on all arrests or citations in which a firearm was seized. This information is then cross-referenced and reviewed for prior felonies, related drug or violent crimes, and stolen or otherwise prohibited firearms. The Memphis Police Department has developed a computer database that allows all enforcement components of the PSN task force to access information for all PSN cases, enabling them to immediately identify recidivists or prior codefendants, with links to supplemental investigation reports. Indictment and disposition information in both state and federal courts is also available. Personnel who use the database praise it for allowing swift and easy access to shared information among the participating members of the PSN task force.

The cooperation within the Western District of Tennessee has led to a 407 percent increase in federal gun crime prosecutions since PSN's inception. In FY 2003, 76 percent of the convicted defendants were sentenced to prison terms of more than 3 years, and 58 percent were sentenced to more than 5 years. Firearm-related homicides fell by 16.4 percent from 2002 to 2003, and aggravated assaults committed with firearms fell by 10.7 percent.

## District of Nevada

To focus on the dramatic increase in violent crime in Las Vegas, the District of Nevada has created Project EFFECT (Ex-Felon and Firearm Equals Conviction). Project EFFECT combines the efforts of ATF, state and local police, and the district attorney's office in the prosecution of felons in possession of firearms or ammunition.

Due to the district's makeup and geography, the U.S. Attorney's Office has two separate Project EFFECT programs. The first program is tailored to meet the needs of Las Vegas, which has a largely urban population, and the second program focuses on southern Nevada and is tailored to a more rural population. Weekly firearm meetings in southern Nevada bring together attendees from the U.S. Attorney's Office, the Clark County District Attorney's Office, ATF, the Las Vegas Metropolitan Police Department (LVMPD), and more recently, officials from the Henderson Police Department and the North Las Vegas Police Department. Firearm cases that have occurred during the week are discussed and determinations are made as to the best manner of prosecution. The LVMPD gun crimes unit also has begun implementing a community outreach program that includes informing residents in the areas with the most gun crime about increased firearm enforcement and prosecution. This outreach is done through word of mouth by patrol officers and detectives at meetings of community, business, and faith-based groups.

As a result of these efforts, federal gun crime prosecutions in the District of Nevada have steadily increased. From FY 2000 to FY 2003, there has been a 160 percent increase in gun crime prosecutions, with an increase of 163 percent in the number of defendants prosecuted. In FY 2003, 59 percent of convicted defendants were sentenced to prison terms of more than 3 years, and 30 percent were sentenced to prison terms of more than 5 years.

Since October 2001, a very efficient and organized effort to combat violent crime has been underway in the Clark County/Las Vegas Metropolitan area. A successful PSN task force partnership has led to significant increases in both state and federal gun crime prosecutions, and its work has attracted the



attention of felons in the Las Vegas area. The word on the street is that if a felon possesses a firearm, his/her case will be thoroughly reviewed for the possibility of federal prosecution.

In these 4 and in the other 90 federal judicial districts throughout the country, PSN is making America's neighborhoods safer by supporting local efforts to vigorously enforce gun laws, prosecute offenders, and prevent and deter gun crime.

## Notes

1. Federal Bureau of Investigation, 2003, *Crime in the United States 2002,* Uniform Crime Reports, Washington, DC: U.S. Department of Justice, Federal Bureau of Investigation.

2. The online HTML and PDF versions of this report present information on the Western District of Tennessee that is not presented in the print version.

# EXHIBIT  14



**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 3, 2004

BY FAX

Edgar Brown, Esquire
Office of Enforcement Operations
Criminal Division
United States Department of Justice
Washington, D.C.

      Re:  Dual Prosecution Waiver Request
          <u>United States v. John Handy</u>

Dear Mr. Brown:

     This office has approved, subject to a Petite Policy waiver,
the prosecution of JOHN HANDY ("HANDY")(DOB: ·    ) for felon in
possession of a firearm, to wit: a Smith and Wesson, Model 10,
.38 caliber semi-automatic pistol, bearing serial number 182972,
in and affecting commerce, after having been convicted in a court
of a felony offense, in violation of 18 United States Code,
§922(g)(1).  HANDY has a lengthy criminal history that would
result in a fifteen year minimum mandatory sentence under the
Armed Career Criminal Act, 18 U.S.C. §924(e).  Through a series
of miscommunications within a state prosecutor's office, HANDY
was allowed to plead guilty in a state court to a reduced charge
and was sentenced to six months in the House of Correction.  The
District Attorney's Office contacted the United States Attorney's
Office shortly after the plea to request that we charge HANDY
under federal law so that he could receive a sentence that more
appropriately reflects the serious nature of his crime and his
extensive criminal history.  By this letter, we request a waiver
of the Department's dual prosecution policy on the basis that
HANDY's state court sentence fails to adequately vindicate the
substantial federal interest presented here.

Exhibit 14, p. 1

UNDERLYING FACTS

During the month of May, 2004, Massachusetts State Police
Trooper Edward McDonald, assigned to the Plymouth County District
Attorney's Office, received information from a reliable
confidential informant ("CI") that an individual named "Joe" was
selling heroin in the City of Brockton.  Based upon the CI's
information and two controlled purchases, Trooper McDonald
applied for and received a state search warrant for 41 Weston
Street, Brockton, Massachusetts.

The two controlled purchases of heroin took place on or
about May 22 and May 26, 2004.  The same sequence of events took
place on both occasions.  The CI called "Joe" to arrange for the
purchase of heroin.  The CI was searched and found to have no
narcotics or money.  The CI was then given money in order to
purchase the heroin.  The CI traveled to 41 Weston Street under
law enforcement surveillance.  The CI entered that building, left
the building after a short time, and then met with law
enforcement officers and gave them the heroin that the CI had
just purchased.  That substance was field tested and found to be
heroin.

The CI told law enforcement that "Joe" lived at 41 Weston
Street, Brockton, Massachusetts.  The only utility service to 41
Weston Street was listed to Shirelle Carrigan and had been since
May 2, 2003. Ms. Carrigan is the mother of the defendant's child
and the owner of record of the premises.  Ms. Carrigan's current
Massachusetts Driver's License lists a Boston address.

The State Police obtained a state search warrant for the
premises and executed it on June 2, 2004.  No one answered the
door when the police knocked and announced their presence.  The
police entered the premises to conduct the search and found HANDY
hiding in his bedroom.  They recovered a loaded Smith and Wesson,
Model 10, .38 caliber semi automatic pistol, bearing serial
number 182972 and a black leather holster under the floorboard in
that bedroom near a hole in the floor.  The police also recovered
paperwork in Handy's name in a drawer in the same bedroom where
the gun was recovered.  Three pieces of mail addressed to HANDY
at 41 Weston Street, Brockton, Massachusetts, dated in April and
May, 2004 were taken.  The police also recovered a plastic bag
containing suspected heroin in a second floor hallway.

PROCEDURAL HISTORY

The defendant was arrested immediately after the execution
of the search warrant.  He was charged in the Brockton District
Court with possession of a firearm without a Firearms
Identification Card and possession of a Class A controlled

*Exhibit 14, p. 2*

substance (heroin).  Through a series of miscommunications within the District Attorney's Office, the defendant was allowed to plead guilty in the Brockton District Court on July 1, 2004.

The plea proceedings were tape recorded.  The Assistant District Attorney explained to the Court that this case was based upon evidence recovered during the execution of a search warrant at 41 Weston Street.  He told the Court that the Smith and Wesson .38 caliber firearm was recovered from under the floorboard in the residence and that a plastic bag of heroin and paperwork in the defendant's name were also recovered during the search.  The Court conducted a colloquy with the defendant and, once satisfied that the defendant was voluntarily pleading guilty, accepted his guilty plea.  The Commonwealth dismissed Count 1 of the complaint that charged him with illegal possession of a firearm and subjected him to a one year mandatory sentence.  The defendant was sentenced on Count 2 of the complaint that charged him with possession of a firearm without a Firearms Identification Card and Count 3 that charged him with possession of heroin.

During the plea proceedings, defense counsel informed the Court that, as a result of the plea, the defendant would be facing a probation surrender in the Dorchester District Court on an unrelated charge that would subject him to a one year sentence. The Court sentenced the defendant to six months in the House of Correction on Counts 2 and 3; these sentences were to run concurrently.  He is scheduled to be released from custody on that charge on November 17, 2004.  In August, 2004 the defendant was surrendered in the Dorchester District Court for a probation violation as a result of the plea and received a one year sentence to run concurrently with his Brockton District Court sentence.   On November 17, 2004, the defendant will be transferred from the Plymouth County House of Correction to the Suffolk County House of Correction to finish the remaining few months of his probation violation sentence.  He will likely be released sometime in the Spring or Summer of 2005.

HANDY's Criminal History

HANDY's criminal history began in 1984 when he was 19 years old.  He has at least ten offenses that will qualify as predicates under the Armed Career Criminal Act.

- HANDY was convicted of Possession of a Class B Substance with Intent to Distribute in 1990 in the Dorchester District Court.  He received a sentence of one year committed to the House of Correction.
- HANDY was convicted of Assault and Battery with a Dangerous Weapon in the Brockton District Court in 1995 (the offense occurred in 1992) and received a sentence of one year

Exhibit 14, p. 3

committed to the House of Correction.

- HANDY was convicted of Possession of a Class B Substance with Intent to Distribute and Distribution of Drugs in School Zone in the West Roxbury District Court in 1994 (the offense occurred in 1993) and received a sentence of 2 years committed to the House of Correction.
- HANDY was convicted of Possession of a Class B Substance with Intent to Distribute in the Boston Municipal Court in 1995 (the offense occurred in 1993) and received a sentence of 1 year committed to the House of Correction.
- HANDY was convicted of Possession of a Class B Substance with Intent to Distribute in the Dorchester District Court in 1996 (the offense occurred in 1994) and received a sentence of 18 months committed to the House of Correction.
- HANDY was convicted of Assault with a Dangerous Weapon in the West Roxbury District Court in 1995 and receive a sentence of 3 months committed to the House of Correction.
- HANDY was convicted of Possession of a Class A Substance with Intent to Distribute in 1997 (the offense occurred in 1996) and received a sentence of 18 months committed to the House of Correction.
- HANDY was convicted of Assault and Battery with a Dangerous Weapon in the Brockton District Court in 1999 and received a sentence of 1 year committed to the House of Correction.
- HANDY was convicted of Possession of a Class A Substance with Intent to Distribute in the Roxbury District Court in 2000 and received a sentence of 1 year committed to the House of Correction
- HANDY was convicted of Possession of a Class A Substance with Intent to Distribute in the Dorchester District Court in 2003 and received a 1 year suspended sentence.  He was on probation for that offense when the police executed the search warrant at his residence on June 2, 2004.  He was surrendered on that sentence and is now serving this sentence at the same time that he serves the six month sentence he received in Brockton.

## THE PROPRIETY OF A SUBSEQUENT FEDERAL PROSECUTION

The United States Attorneys' Manual states that a subsequent federal prosecution will not be authorized unless it involves a substantial federal interest that has been left demonstrably unvindicated and that the admissible evidence probably will be sufficient to obtain a conviction.  USAM Section 9-2.030.

## SUBSTANTIAL FEDERAL INTEREST

Under the Project Safe Neighborhoods program ("PSN"), the prosecution of armed career criminals who possess firearms is a national priority.  This offense occurred in the City of

Exhibit 14, p. 4

Brockton, one of the twelve PSN target cities in this District.
Drug related disputes have contributed to the gun violence
problems that Brockton has experienced over the past several
years.  HANDY has a criminal history that spans 12 years and
includes convictions for crimes of violence and drug
distribution.  He has been prosecuted by state authorities on
multiple occasions and has been sentenced to relatively brief
periods of incarceration.  He was on probation in state court at
the time of the execution of this search warrant.

## FEDERAL INTEREST LEFT UNVINDICATED

     The Plymouth District Attorney's Office has an aggressive
gun violence reduction program and works closely with the USAO in
the PSN program.  The USAO reviews firearms related arrests with
the District Attorney's Office on a regular basis to identify
those cases that are appropriate for federal prosecution.
Through a series of miscommunications within the District
Attorney's Office HANDY was allowed to plead guilty to a reduced
charge and sentenced to six months imprisonment.  Once this error
was discovered, the District Attorney's Office contacted the USAO
to request our assistance.  As a result of his plea of guilty,
HANDY was surrendered on his outstanding probation violation and
received a one year sentence.  According to the Plymouth House of
Correction, he is scheduled for release from that facility on
November 17, 2004.  He will then be transferred to the Suffolk
County House of Correction to complete the remaining months of
his sentence.  The exact date of HANDY's release will not be
calculated until he arrives at the Suffolk County facility but it
is expected that he will be released sometime in the Spring or
Summer of 2005.   Federal prosecution of HANDY should result in a
minimum mandatory sentence of 15 years.

## EVIDENCE IS SUFFICIENT TO OBTAIN A CONVICTION

Exhibit 14, p. 5

CONCLUSION

    HANDY is an armed career criminal who received a one year sentence for illegal possession of a firearm because of a mistake in state court.  His lengthy criminal history should subject him to a fifteen year period of incarceration under federal law.  For all of the reasons set out above, this office strongly requests your approval of this proposed prosecution.

                        Sincerely,

                        MICHAEL J. SULLIVAN
                        UNITED STATES ATTORNEY

Exhibit 14, p. 6
(one page redacted)

# EXHIBIT  15



**U.S. Department of Justice**

Criminal Division

---

*Office of the Assistant Attorney General*                                    *Washington, DC 20530-0001*

NOV 1 6 2004

The Honorable Michael J. Sullivan
United States Attorney
District of Massachusetts
Boston, Massachusetts 02210

Attention:   Marianne Hinkle
             Assistant United States Attorney

     Re:   <u>Dual Prosecution of John Handy</u>

Dear Mr. Sullivan:

     This refers to your request for a waiver of the <u>Petite</u> policy in order to prosecute John
Handy for being a felon in possession of a firearm notwithstanding his prosecution by the
Commonwealth of Massachusetts for offenses in the same transaction . After reviewing your
request, I have concluded that the policy applies and that a waiver is justified.

     Notwithstanding Handy's extensive criminal background, which qualifies him for a
mandatory  minimum sentence of from fifteen years to life, the Commonwealth of Massachusetts
allowed the defendant to plead guilty to related drug charges and dismissed the count for illegal
possession of a firearm for which he received a sentence of six months.  The state prosecution
resulted from a series of miscommunications in the District Attorney's Office.  As a result, the
state prosecution failed to vindicate federal interests, and your request for a waiver is approved.

                         Sincerely,

                         Christopher A. Wray
                         Assistant Attorney General

                         *[signature: John C. Keeney]*

                         **John C. Keeney**
                         **Deputy Assistant Attorney General**
                         **Criminal Division**

# EXHIBIT  16

# COMMONWEALTH OF MASSACHUSETTS

Plymouth County, ss.                    Brockton Trial Court

COMMONWEALTH

VS.

JOHN HANDY

Docket:    0415 CR 4029

BEFORE:          Honorable W. James O'Neill

APPEARANCES:     Timothy Shyne, Esquire
                 (for Commonwealth)

                 David Humphreys, Esquire
                 (for Handy)

Criminal
Plea Hearing

July 1, 2004

**CAMBRIDGE TRANSCRIPTIONS**
675 Massachusetts Avenue
Cambridge, MA  02139
(617) 547 - 5690
www.ctran.com

Commonwealth v. Handy                                    Page 2

**WITNESSES**

    Witness           Direct        Cross    Re-Direct   Re-Cross

**Exhibits:**                                              **Page**

Commonwealth v. Handy                                    Page 3

1              **P R O C E E D I N G S**

2              COURT CLERK:  Our next matter is John Handy.

3              COURT OFFICER:  John Handy.  John Handy?

4              THE CLERK:  This is the custody fellow I spoke to

5      you about.

6              THE COURT:  Okay.  We're, we're down to six

7      months.  That's a pretty good deal for him.

8              MR. HUMPHREYS:  If the government's amendable to

9      amending this charge down to --

10             THE COURT:  Are you amending the, amending the

11     charge today?  I guess you are?

12             MR. SHYNE:  Yes, Your Honor.  But I would --

13     We're also recommending the maximum, just based on his

14     record.

15             THE COURT:  No, I understand that.  He's also

16     facing in, Dorchester, a one year suspended [inaudible].

17             MR. HUMPHREYS:  I believe that that's -- htat's

18     the, that's the view from 10,000 feet, Your Honor, is that

19     by admitting this he's setting hims-- he's gonna, something

20     is going --

21             THE COURT:  Right.

22             MR. HUMPHREYS:  -- to happen in Dorchester.

23             THE COURT:  Yeah.  No argument.

24             MR. HUMPHREYS:  And so um, we are, we are looking

Commonwealth v. Handy                                   Page 4

1    for straight time --

2              THE COURT:  Yeah.

3              MR. HUMPHREYS:  -- insofar as the probation might

4    not be the best idea here.

5              THE COURT:  Yeah.  Oh, absolutely.  Okay.  Do you

6    have Mr. Handy's ah -- oh, do I -- I mean -- that's the

7    folder I've got in my hand?  That sure is helpful.  I know

8    what I need.  The complaint.  Actually what you're doing

9    here is dismissing the Count A, and pleading on Count II.

10   Count II is 10-H.

11             MR. SHYNE:  Yes.

12             MR. HUMPHREYS:  Oh, it is.  And I believe that's

13   correct, Your Honor.  I was looking at my NAC which has it

14   incorrect, but it's correct.

15             MR. SHYNE:  The Commonwealth would dismiss Count

16   I.

17             THE COURT:  Pleading on Count II and III?  Okay.

18   You're Mr. Handy?

19             MR. HANDY:  Yes, Your Honor.

20             THE COURT:  Okay.  Mr. Handy, you're offering to

21   plead guilty at the moment to possession to a firearm

22   without an ID card in Brockton on ah, July -- ah, June 2nd,

23   and also unlawful possession of heroin, is that correct?

24             MR. HANDY:  Yes, Your Honor.

Commonwealth v. Handy                              Page 5

1              THE COURT:  Can we have the facts of the case?

2              MR. SHYNE:  Certainly, Your Honor.  Ah, Your

3    Honor, summarizing from the Brockton narrative ah, which

4    indicates that in May a narcotics investigation in the City

5    of Brockton led to this particular defendant, ah, John

6    Handy.  A ah, controlled buys were done, Your Honor, with

7    this particular defendant on May 26th, 2004.  The officers

8    sought a search warrant ah, for 41 Weston Street in

9    Brockton, Mass.  On June 2nd ah, the State Police ah,

10   Narcotics Unit executed the search warrant and ah, made

11   forceful entry into that home at 41 Weston Street.  Ah, the

12   search warrant ah, revealed one plastic baggie containing a

13   tan substance suspected to be heroin, ah, a Smith & Wesson

14   38 caliber handgun under the floorboard of the bedroom ah,

15   belonging to the defendant, and some miscellaneous

16   paperwork and it gave ah, the defendant's name [inaudible].

17             THE COURT:  Was the one -- was anyone else

18   besides the defendant charged with -- in conjunction with

19   that weapon?

20             MR. SHYNE:  Negative, Your Honor.

21             THE COURT:  Okay.  So you would be asking for an

22   order of confiscation and destruction of that weapon?

23             MR. SHYNE:  I would, Your Honor.

24             THE COURT:  All right.  Mr. Handy, would you

Commonwealth v. Handy                                    Page 6

1     state your name again, sir?

2               MR. HANDY:  Ah, John Henry Handy, Jr.

3               THE COURT:  And how old are you?

4               MR. HANDY:  Forty-one.

5               THE COURT:  How far did you go in school?

6               MR. HANDY:  I graduated from [inaudible].

7               THE COURT:  Okay.  Thank you.  What's, what's

8     your occupation?

9               MR. HANDY:  Painter.

10              THE COURT:  Have you had any drugs or alcohol in

11    the last 24 hours?

12              MR. HANDY:  No, Your Honor.

13              THE COURT:  Do you understand what you're charged

14    with?

15              MR. HANDY:  Yes, sir.

16              THE COURT:  As it's presently before the Court

17    possession of a firearm without an F-I-D card, as it's

18    alleged, carries a possible punishment of up to two years

19    in jail.  It's not a mandatory sentence [inaudible].

20    Possession of, of heroin carries a possible punishment of

21    up to a year in jail.

22              MR. HANDY:  Uh-huh.

23              THE COURT:  And right now you're pleading guilty

24    to both of those charges um, having just been described to

Commonwealth v. Handy                                    Page 7

1    me by the prosecutor, is that correct?

2                MR. HANDY:  Yes, Your Honor.

3                THE COURT:  You understand that means you're

4    admitting your guilt and giving up your right to have a

5    trial, including a jury trial?

6                MR. HANDY:  Yes, Your Honor.

7                THE COURT:  And at that trial you'd have a right

8    to confront and cross-examine the witnesses, you'd have the

9    right to present evidence on your own behalf, and you have

10   a privilege against self-incrimination, which you're now

11   giving up.  Do you understand those rights and privileges?

12               MR. HANDY:  Yes, Your Honor.

13               THE COURT:  Have you had enough time to discuss

14   the case with your attorney?

15               MR. HANDY:  Yes, Your Honor.

16               THE COURT:  Are you satisfied by his advice?

17               MR. HANDY:  Yes, Your Honor.

18               THE COURT:  Are you confused by any of my

19   questions?

20               MR. HANDY:  No, Your Honor.

21               THE COURT:  I cannot ask you whether or not

22   you're a United States citizen, but I must advise you that

23   if you're not, conviction for this offense could have the

24   consequence of deportation, exclusion from admission or

Commonwealth v. Handy                                    Page 8

1    denial of naturalization pursuant to the laws of the United
2    States.  All right.  I will accept the capital plea.  Count
3    I is being dismissed by agreement.  Count II -- and the
4    Commonwealth's recommendation, actually we'll go on record
5    with it, is not unreasonable, two years committed based on
6    the defendant's record.  I'm making these findings based on
7    ah, not only the complaint, but this is also going to
8    trigger other violations that are there.  Um, Count II I'm
9    giving him six months committed, credit for the time that
10   he's been in jail.  Count III, also six months committed,
11   concurrent, same credit.  An order of confiscation and
12   destruction of the weapon.
13               MR. SHYNE:  Thank you, Your Honor.
14               THE COURT:  Thanks.
15               MR. HUMPHREYS:  Ah, thank you, Your Honor.
16               COURT OFFICER:  Again, six months house of
17   correction, credit 30 days committed on Count ah, II and
18   III concurrent.
19               MR. SHYNE:  Thank you, Your Honor.
20               THE COURT:  All right.
21          (Adjourned)
22
23
24

CAMBRIDGE TRANSCRIPTIONS                        JULY 1, 2004

# C E R T I F I C A T E

I, Buchanan Ewing, do hereby certify that the foregoing transcript is a true and accurate record of the aforementioned matter prepared to the best of our knowledge, skill, and ability.

_____
Buchanan Ewing
Notary Public No. 17610 DNP
CAMBRIDGE TRANSCRIPTIONS

5/8/06
Date

CAMBRIDGE TRANSCRIPTIONS