UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
        v.                        )    CRIMINAL NO. 02-10067-NG
                                  )
JOHN HANDY                        )

DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S
MOTION FOR RECONSIDERATION OF ORDER
CONVENING EVIDENTIARY HEARING

The government's Motion for Reconsideration portrays Handy's
successive prosecution as just one more example of "[t]he
rendering of routine inter-governmental assistance."  Gov't
Motion at 12.  The government's characterization is wrong.  ATF
Special Agent O'Hara, who is herself responsible for implementing
the Project Safe Neighborhoods Initiative in the Brockton area,
testified before the Court that she "had never experienced [a
federal prosecution after plea in state court] in my probably,
what, 17 years on the job back then so that it was all new to
me."  Suppression Hr'g Tr. 41, July 11, 2006, quoted in the
Court's August 1, 2006 Memorandum and Order Requesting Briefing
on Dual Prosecution Issue at 5.  Noticeably lacking from the
Government's Motion is any indication that the United States
Attorney's Office for the District of Massachusetts has ever
previously prosecuted a defendant federally as the result of the
Commonwealth's or the federal government's dissatisfaction with a
state court plea and sentencing.  This implicit recognition that
Handy's prosecution is unique is consistent with this Court's

observations.  <u>See</u> August 1, 2006 Memorandum and Order ([i]n my twelve years on the bench and twenty-three years as a practicing attorney, I have never seen a dual prosecution brought under these circumstances").

Moreover, the government intentionally ignores the most fundamental undisputed evidence[1] establishing the <u>prima facie</u> case of sham prosecution.  The Plymouth County District

_____

[1]Although it concedes the essential fact that it was the Plymouth County District Attorney Office's decision to refer the case to federal prosecution, the government, apparently recognizing the unpleasant implications of the proceedings in state court, disputes the statement of defendant's state court lawyer setting forth the contemporaneous statements of a state court prosecutor.  Gov't Motion at 3-4, n. 3, 14-15, n. 5.  It is noteworthy that the recounted conversation is eerily similar to the government's repeated recitation in its <u>Petite</u> waiver letter that federal prosecution was warranted because the plea and sentencing in state court resulted from "a series of miscommunications within the [Plymouth County] District Attorney's Office."  Exhibit 14 to Gov't Motion at 1, 5.  Notwithstanding this, the government has declined to submit - by affidavit or otherwise - any actual evidence disputing the substance of the conversation.  Instead, the government disingenuously notes that the AUSA who initially prosecuted the case, Marianne Hinkle, was a long-time Assistant U.S. Attorney - an assertion defendant does not dispute.  Had the government elected to participate in the evidentiary hearing, however, defendant was prepared to call as witnesses (in addition to the defense attorney) at least one Assistant U.S. Attorney who had knowledge of defendant's case as an Assistant District Attorney and who shortly thereafter moved to the United States Attorney's Office.

In any event, this appears to be exactly the kind of factual dispute that can and should be resolved by the evidentiary hearing ordered by the Court.

Attorney's Office, having _agreed_ to a disposition that induced a plea and sentence ending the case in state district court, reconsidered its decision and referred the case for prosecution _because_ it was barred by double jeopardy.  In doing so, it engaged in precisely the kind of end run around the double jeopardy clause the Supreme Court and the First Circuit have warned against.  _Bartkus v. Illinois_, 359 U.S. 121, 123 (1959) (duality of sovereigns destroyed where one sovereign attempts to use the judicial machinery of the other to bring a prosecution that is sham or cover for a second prosecution it cannot bring on its own); _United States v. Coker_, 433 F.3d 39, 46 (1st Cir. 2005)(_Bartkus_ exception to dual sovereignty doctrine designed to prevent "end runs" around otherwise constitutionally protected rights).

    This crucial factual distinction renders the cases cited by the government inapposite.  This is not a case where a nearly independent federal investigation led to the second prosecution or where independent prosecutors evaluated screening factors differently. _See_ _United States v. Guzman_, 85 F.3d 823, 828 (1st Cir. 1996)(single DEA agent's sole involvement in foreign prosecution consisted of tipping off Dutch authorities who conducted search and prosecution); _United States v. Berry_, 164 F.3d 844, 845-46 (state and federal prosecutors evaluated referral factors separately, unaware that each was doing so).

-3-

Nor is it a case where state and federal authorities pursued separate investigations and prosecutions for a short time before state authorities dropped their charges in favor of federal prosecution.  Coker, 433 F.3d 46.  Instead, this is a case where all proceedings had been concluded by an agreement between defendant and the Plymouth County District Attorney's office before state authorities changed their minds and enlisted the aid of the federal government in doing what it was constitutionally prohibited from doing.  Bartkus, 359 U.S. at 123.

Similarly, the government's assertion that it has an interest in prosecuting defendant and therefore successive prosecution is justified is a non sequitur.  The issue is not whether the government has the ability and interest to prosecute gun crimes federally - clearly it does - but whether in this particular case its interest is so compelling as to override the judicial system's sensitivity to the fairness of successive prosecutions.  See Rinaldi v. United States, 434 U.S. 22, 28 (1977)(relying on government's promise to exercise self-restraint and to avoid abuse of dual prosecution tool to limit prosecutions to where there is "compelling" federal interest).  This sensitivity is particularly keen in a successive prosecution after state court plea context, where parties routinely enter into agreements with the expectation that the case will be finished once and for all.  Cf. United States v. Angleton, 314

-4-

F.3d 767 (5th Cir. 2002)(<u>Bartkus</u> exception does not apply to
successive prosecution after unsuccessful state court <u>trial</u>
prosecution); <u>United States v. Leathers</u>, 354 F.3d 955, 959 (8th
Cir. 2004)(same); <u>United States v. Trammell</u>, 133 F.3d 1343, 1349-
51 (10th Cir. 1998)(same); <u>United States v. Tirrell</u>, 120 F.3d
670, 677 (7th Cir. 1997)(same).  Considered in this light, the
government's protracted discussion of defendant's criminal
history (a history largely bereft of serious violence or gun
charges) adds nothing to the determination of whether its
interest here was so compelling as to override what had been the
settled expectations of the parties in the state court
proceedings.

        In sum, it is undisputed that the government has taken an
unprecedented step in successively prosecuting Handy after the
conclusion of a plea and sentencing process that was joined into
by the Plymouth County District Attorney's office.  It is also
undisputed that it did so not because of any joint investigation
or task force but because the Plymouth County District Attorney's
office wished to change its mind about a constitutionally binding
decision it had made.  If the <u>Bartkus</u> exception exists at all (as
the First Circuit has repeatedly held it does, <u>see</u> <u>Guzman</u>, 85
F.3d at 827, <u>Coker</u>, 433 F.3d at 46), it is difficult to imagine a
set of undisputed facts that more starkly present the destruction
of duality between two sovereigns than the instant case.

The government has simply failed to describe adequately why defendant is so different from the thousands of other state court defendants who daily make agreements with local district attorneys' offices in the expectation that their cases will end once and for all that this extraordinary and unique treatment is compelled.  The evidentiary hearing ordered by the Court is consequently not only legitimate but necessary in order for the government to continue this prosecution.  The Court should therefore decline the government's request to reconsider the Court's August 18, 2006 Order.

## CONCLUSION

The Court should deny the government's request for reconsideration.  Because the Court has determined that defendant has met his prima facie burden showing collusion, the government should be required to demonstrate its compelling federal interest in prosecuting Handy.  It has not, and, according to its Motion, will not.  Gov't Motion at 18.  Defendant therefore respectfully moves that the case be dismissed.

```
                            JOHN HANDY
                            By His Attorney:


                            /s/ Timothy G. Watkins
                            Timothy Watkins
                             B.B.O. #567992
                            Federal Defender Office
                            408 Atlantic Ave., Third Floor
                            Boston, MA  02110
                            (617) 223-8061
```

-6-

CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 3, 2006.


/s/ Timothy G. Watkins
Timothy G. Watkins