UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10361-NG |
| | ) | |
| JOHN HANDY, | ) | |
| Defendant | ) | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S OCTOBER 3, 2006 OPPOSITION

On October 3, 2006, the defendant filed Defendant's Opposition to the Government's Motion for Reconsideration of Order Convening Evidentiary Hearing.  The government files this memorandum to respond to two factual assertions made in that opposition.

1.    The defendant's assertion that the government made a "disingenuous" statement in his motion for reconsideration merits response.  The defendant states that:

> the government disingenuously notes that the AUSA who initially prosecuted the case, Marianne Hinkle, was a long-time Assistant U.S. Attorney...Had the government elected to participate in the evidentiary hearing, however, defendant was prepared to call as witnesses (in addition to the defense attorney) at least one Assistant U.S. Attorney who had knowledge of the defendant's case as an Assistant District Attorney and who shortly thereafter moved to the United States Attorney's Office.

The government did not make any disingenuous remarks in its motion for reconsideration.  The information it provided about (now state-court judge) Marianne Hinkle was intended to make clear to

the Court that the person who was in charge of the gun program for

the United States Attorney's Office ("USAO") at the time the Handy

case was brought into its office had not been associated with the

Plymouth County District Attorney's Office and, moreover, could not

be the unidentified Assistant District Attorney ("ADA") referred to

in the affidavit of Attorney David J. Humphreys that was attached

to Defendant's Memorandum Re: Dual Prosecution Issues. [Affidavit,

¶4 ("ADA Flynn stated that because another Plymouth County ADA had

recently been hired by the U.S. Attorney's Office in Boston, that

attorney would take the case with him in order 'to get more time'

from Mr. Handy, or words to that effect.'")].  Defense counsel

still has not identified the Assistant U.S. Attorney ("AUSA") who

he claims "he was prepared to call" at today's hearing.

The government can only speculate that the AUSA who defense

counsel claims "he was prepared to call" today is AUSA Glenn A.

MacKinlay.[1] AUSA MacKinlay was the Project Safe Neighborhoods

Coordinator for the Plymouth County District Attorney's Office in

early June 2004.  AUSA MacKinlay started work as an AUSA (in the

USAO's drug unit) on June 28, 2004 – that is, before Handy pleaded

guilty in state court (on July 1, 2004) and before the Plymouth

---

[1]According to AUSA MacKinlay, during the course of a recent
conversation about another case, defense counsel asked AUSA
MacKinlay whether the latter would be in court on this case and
MacKinlay responded that he was uninvolved in the case.  Defense
counsel did not ask AUSA MacKinlay to testify and did not ask him
questions about Handy's case.

County District Attorney's office would have had cause to be dis-
satisfied with the results of that prosecution.  AUSA MacKinlay's
association with the District Attorney's office does not support
the defendant's argument.[2]

That AUSA MacKinlay has no useful information for the defense
is evidenced by the fact that defense counsel has never requested
his appearance and indeed has never mentioned to the undersigned
his intent to call him as a witness.  A defense request for AUSA
testimony is a serious matter.  Technically, for example, the <u>Touhy</u>
regulations (28 C.F.R. §§16.21-16.29) apply.  Defense counsel has
done nothing to begin the process of securing the testimony of AUSA
MacKinlay (or any other AUSA) for today's hearing.[3]  His failure to
do so is not excused by the government's decision not to produce
testimonial evidence; a defendant's decision to call witnesses is

---

[2]As it turns out, other information from AUSA MacKinlay (that
is, in addition to the date that he began as an AUSA) undermines
completely the premise of the defendant's claim, *i.e.*, that the
case was referred to the USAO only after the state became dis-
satisfied with the results of its prosecution.  According to AUSA
MacKinlay, the District Attorney's office notified the USAO of the
<u>Handy</u> case for possible federal prosecution soon after Handy's
arrest.  (A fax transmittal report shows that then-ADA MacKinlay
caused the police report to be faxed to Marianne Hinkle on June 4,
2004.).  Shortly thereafter, AUSA MacKinlay began a multi-week
murder trial (that is, prior to joining the USAO on June 28, 2004)
and was uninvolved in the state's <u>Handy</u> case.  The state-court plea
happened in his absence and, given the pre-plea referral of the
case to the USAO for possible federal prosecution, apparently as
the result of mis-communication.

[3]Under the <u>Touhy</u> regulations, for example, the party
requesting testimony must provide a statement or affidavit setting
forth a summary of testimony sought.  *See* 28 CFR §16.23(c).

not contingent on the government's decision regarding the value of testimonial evidence.

The information provided in this memorandum is provided in part to counter the allegation that the government has said something "disingenuous." The defendant might argue that this information "appears to be exactly the kind of factual dispute that can and should be resolved by evidentiary hearing." [Defendant's Opposition, page 2, n.1]. We do not think so. The government's position is that Handy has not established a *prima facie* case and that even if he has, the posture of the case -- without the information provided in this memorandum -- compels rejection of his request for suppression or dismissal.

As stated in its motion for reconsideration, the government does not intend to introduce testimonial evidence at today's hearing and will ask the Court to rule based on the record presented to it.[4]

2.    The defendant complains that the government failed to provide the Court with information about other dual prosecutions. While we do not think such information is necessary to resolution of the legal issues before the Court, it may be useful for the

---

[4]We note that even if we were willing to allow AUSA MacKinlay to testify without a description of the testimony sought, *see* footnote 3, *above*, AUSA MacKinlay has not prepared to testify and is scheduled to appear before two different judges this afternoon, in United States v. Gallop, Criminal No. 06-CR-10131, and United States v. Andre Jones and Daryl Jefferson, Criminal No. 05-CR-10314.

Court to consider the case of <u>United States v. Stokes</u>.  Stokes was prosecuted here under 18 U.S.C. §922(g) after a state-court jury convicted him on gun and assault charges, because the jury acquitted him of a first-degree murder charge, making a substantially longer state-court sentence impossible.  <u>United States v. Stokes</u>, 124 F.3d 39, 45 (1st Cir. 1997)(noting that the defendant's claim of vindictiveness "arises from the government's admission that it would not have prosecuted Stokes had he been convicted of murder (and, therefore given a substantially longer sentence) in state court").  The First Circuit reversed the district court's dismissal of the indictment stating, *inter alia,* that the federal government had "a perfect right" to "determine whether society's interests call for the unusual step of instituting federal prosecution notwithstanding the prior commencement of a state prosecution for substantially the same conduct."  124 F.3d at 45.  That is true here as well.[5]

---

[5]Another fairly recent case in which the USAO has prosecuted a defendant under §922(g) after state prosecution is <u>United States v. Danielver Ingram</u>, Criminal No. 02-10360-RWZ.  <u>Ingram</u> and <u>Stokes</u> are just two examples of the government's use of its right to prosecute individuals previously prosecuted by the state.

3.    In its motion for reconsideration, the government said
that it had not yet made the decision whether to seek to introduce
the state-court guilty plea during trial.  It has now decided that
(even though legally permissible) it will not seek to use the
state-court plea in its case-in-chief.  It may seek to use the
state-court plea  during cross-examination or rebuttal, however.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN,
                              United States Attorney


                        By:   /s/Antoinette E.M. Leoney
                              ANTOINETTE E.M. LEONEY
                              Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

     I hereby certify that on October 4, 2006, this motion for
reconsideration filed through the ECF system will be sent
electronically to the registered participants as identified on the
Notice of Electronic Filing (NEF) and paper copies will be sent to
those indicated as non-registered participants.

                              /s/Antoinette E.M. Leoney
                              ANTOINETTE E.M. LEONEY,
                              Assistant U.S. Attorney