UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA       )
                               ) CRIMINAL NO. 04-10361-NG
           v.                  )
                               )
JOHN HANDY                     )
```

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

The United States of America, by Assistant United States Attorney Antoinette E.M. Leoney, hereby files, pursuant to Fed. R. Crim. P. 30, its request for jury instructions in the above-captioned case.  The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's jury instructions and/or the evidence presented to the jury.

```
                         Respectfully submitted,

                         MICHAEL J. SULLIVAN
                         United States Attorney
                    By:


                         /s/Antoinette E.M. Leoney
                         ANTOINETTE EM. LEONEY
Dated: May 3, 2007       Assistant U.S. Attorney
```

## CERTIFICATE OF SERVICE

Suffolk,  ss.                    Boston, Massachusetts
                                 May 3, 2007


    I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing, by electronic court filing, upon Timothy Watkins, Esq., Federal Defender's Office, 408 Atlantic Avenue, 3rd Floor, Boston, MA 02210.

```
                         /s/Antoinette E.M. Leoney
                         ANTOINETTE E.M. LEONEY
                         Assistant U.S. Attorney
```

## TABLE OF CONTENTS

**Instruction No.**                                              **Page**

1   Function of the Jury . . . . . . . . . . . . .   3-4

2   Consider Only The Defendant . . . . . . . . . . .   5

3   Presumption of Innocence; Proof Beyond a Reasonable
    Doubt . . . . . . . . . . . . . . . . . . . .   6-8

4   Punishment . . . . . . . . . . . . . . . . . .   9

5   Stipulations of Fact . . . . . . . . . . . . .   10

6   Direct and Circumstantial Evidence; Inferences  . 11-12

7   Credibility of Witnesses . . . . . . . . . . . .   13

8   Entire Evidence Should be Considered . . . . . . .   14

9   Impeachment by Prior Inconsistent Statement . . . .   15

10  Expert Witnesses . . . . . . . . . . . . . . .   16

11  "On or About" . . . . . . . . . . . . . . . . .   17

12  Indictment . . . . . . . . . . . . . . . . . .   18

13  Overview of the Indictment . . . . . . . . . . .   19

14  Count One -- Statute and Offense . . . . . . . .   20

15  Prior Felony Conviction . . . . . . . . . . . .   21

16  Possession -- Actual and Constructive Firearm . . 22-23

17  Firearm and Ammunition . . . . . . . . . . . .   24

18  Knowledge . . . . . . . . . . . . . . . . . .   25

19  Proof of Knowledge . . . . . . . . . . . . . .   26

20  Interstate Commerce . . . . . . . . . . . . . .   27-28

21  Use of Tapes and Transcripts . . . . . . . . . .   29

**GOVERNMENT'S REQUEST NO. 1**

**FUNCTION OF THE JURY**

The function of you as jurors is to determine the facts. You are the sole and exclusive judges of the facts. You alone decide the weight, the effect and the value of the evidence. You also decide the credibility -- that is, the believability -- of the witnesses. Once you determine the facts, it is your duty to apply those facts to the law as I explain it to you to decide whether the defendant is guilty or not guilty of the charges that the United States has brought against him.

You must determine the facts without prejudice, without fear, without favor, solely from a fair consideration of the evidence. Once you let fear or favor or prejudice or bias or sympathy enter into your deliberations, there is a great risk that you will not arrive at a true and just verdict. In the same vein, you may not consider any personal feelings you may have about the race, religion, national origin, sex or age of the defendant or any witness who testified during the trial.

You are not to decide the case based on what you have heard or read outside the courtroom or according to any guesswork or speculation. You cannot speculate or guess what might or might not have happened nor can you allow yourselves to be influenced by your view of the nature of the crimes with which the defendant has been charged or the consequences of your verdict. Instead,

you must confine your deliberations to the evidence and nothing
but the evidence.

See Edward J. Devitt, et al., <u>Federal Jury Practice and</u>
<u>Instructions</u>, §10.01 (4th ed. 1990); <u>see also</u> First Circuit
Pattern Jury Instructions (Criminal) §3.01 (1998).

**GOVERNMENT'S REQUEST NO. 2**

**CONSIDER ONLY THE DEFENDANT**

You are about to be asked to decide whether the defendant, JOHN HANDY, is guilty or not guilty.  You are not being asked whether any other person is guilty or not guilty.  Your verdict should be based solely upon the evidence or lack of evidence as to the defendant, in accordance with my instructions and without regard to the guilt or innocence of other people.

---

1 L. Sand et al., <u>Modern Federal Jury Instructions</u> (Criminal), ¶2.01, Instruction No. 2-18 (2000).

## GOVERNMENT'S REQUEST NO. 3

### PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his/her guilt is established beyond a reasonable doubt. The presumption is not a mere formality.  It is the matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendant before you, JOHN HANDY, has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to the defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  JOHN HANDY has the right to rely upon the failure or inability of the government to establish

beyond a reasonable doubt any essential element of a crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to the defendant's guilt of a particular crime, it is your duty to acquit him of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendant's guilt of a particular crime, you should vote to convict him.

Proof beyond a reasonable doubt is a phrase often used but difficult to define.  It is proof that leaves you firmly convinced that the defendant is guilty.  A reasonable doubt is not doubt in the mind of a juror who is looking for a doubt or who is looking for an excuse to acquit the defendant.  It is doubt in the mind of a reasonable juror who is earnestly seeking the truth.  As the words themselves imply, it is a doubt based on reason and common sense.

Proof beyond a reasonable doubt, beyond is not proof beyond all possibility of doubt, beyond every conceivable doubt, or beyond a shadow of a doubt.  The United States is not required to prove the charge to an absolute or mathematical certainty since there are few things in this world that we know with absolute certainty.  Thus, the law does not require that the United States prove its case to the same degree of certainty that you have that

when you add two plus two you get four.  As I stated earlier,

proof beyond a reasonable doubt is proof that leaves you, as

reasonable persons, firmly convinced of the defendant's guilt.

---

     See First Circuit Pattern Jury Instructions (Criminal),
§3.02 (1998); Federal Judicial Center, Pattern Criminal Jury
Instructions, 28 (1988); United States v. DeVincent, 632 F.2d
147, 152-153 & n.7 (1st Cir.), cert. denied, 449 U.S. 986 (1980);
United States v. Gibson, 726 F.2d 869, 873-874 (1st Cir.), cert.
denied, 466 U.S. 960 (1984); United States v. Munson, 819 F.2d
337, 345-346 (1st Cir. 1987); United States v. Olmstead, 832 F.2d
642, 644-646 (1st Cir. 1987), cert. denied, 486 U.S. 1009 (1988);
United States v. Jorge, 865 F.2d 6, 10-11 (1st Cir.), cert.
denied, 490 U.S. 1027 (1989); United States v. Campbell, 874 F.2d
838, 841-843 (1st Cir. 1989).

## GOVERNMENT'S REQUEST NO. 4

### PUNISHMENT

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively with me as the presiding judge in this case.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.

---

1 L. Sand, Modern Federal Jury Instructions (Criminal), ¶9.01, Instruction No. 9-1 (2000).

9

**GOVERNMENT'S REQUEST NO. 5**

**STIPULATIONS OF FACT**

The evidence in this case includes facts to which the defendant, JOHN HANDY and the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

First Circuit Pattern Jury Instructions (Criminal), §2.01 (1998).

<u>**GOVERNMENT'S REQUEST NO. 6**</u>

<u>**DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES**</u>

<u>**Direct and Circumstantial Evidence**</u>

There are two types of evidence which you may use to determine the facts of a case:  direct evidence and circumstantial evidence.  Direct evidence is evidence of what a witness sees, hears, touches, smells or otherwise perceives with one of his or her senses.  Direct evidence is testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

Circumstantial evidence exists where a witness does not testify directly about the fact that is to be proved.  Instead, you are presented with evidence of other facts and asked to draw reasonable inferences from them about the fact which is to be proved.  Circumstantial evidence is of no less value than direct evidence.

<u>**Inferences**</u>

Your power to draw inferences is an important power that you must use while considering and evaluating the evidence.  An inference is a permissible deduction that you may make from evidence that you have accepted as believable.  It is not a suspicion or guess.  It is a reasoned, logical decision that one fact exists on the basis of another fact which you know exists.  You draw an inference when you take some known information, apply your experience in life to it, and then draw a conclusion.

Some inferences may be consistent with guilt, and some may be consistent with innocence.  When an essential element of a crime has not been proven by direct evidence such as evidence of what somebody saw, or heard, or in some way perceived with one of the five senses, you must use your collective and general knowledge to determine whether that element has been established by inferences reasonably drawn from other evidence.

K. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, §§ 12.04, 12.05 (5th ed. 2000); 1 L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction Nos. 5-2 and 6-1 (2000).

## GOVERNMENT'S REQUEST NO. 7

### CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or the unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

First Circuit Pattern Jury Instructions (Criminal), §3.06 (1998).

## GOVERNMENT'S REQUEST NO. 8

### ENTIRE EVIDENCE SHOULD BE CONSIDERED

It is necessary that every essential element of the crimes charged in the indictment in this case be proved by evidence beyond a reasonable doubt.  It is not necessary that each supporting fact be proved beyond a reasonable doubt. Evidence should not be considered in fragmentary parts and as though each fact or circumstance stood apart from the others. The entire evidence should be considered and the weight of the evidence should be determined from the whole body of evidence.

See United States v. Bottone, 365 F.2d 389, 392 (2d Cir.), cert. denied, 385 U.S. 974 (1966).

14

**<u>GOVERNMENT'S REQUEST NO. 9</u>**

**<u>IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT</u>**

You have heard evidence that before testifying at this trial, certain witnesses made statements concerning the same subject matter as their testimony in this trial.  You may consider those earlier statements to help you decide how much of the witnesses' testimony to believe.  If you find that the prior statement was not consistent with a witness' testimony at this trial, then you should decide whether that affects the believability of that witness.

First Circuit Pattern Jury Instructions (Criminal), §2.02 (1998).

## GOVERNMENT'S REQUEST NO. 10

### EXPERT WITNESSES

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon credibility of a witness as well as the expert witness' education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness' testimony to believe, and how much weight it should be given.

First Circuit Pattern Jury Instructions (Criminal), §2.06 (1998).

16

### GOVERNMENT'S REQUEST NO. 11

### "ON OR ABOUT"

You will note that the indictment charges that the offenses were committed "on or about" certain dates rather than "on" a certain date.  The proof need not establish with certainty the exact dates of the alleged offenses.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged.

---

1 L. Sand, et al., Modern Federal Jury Instructions (Criminal), Instruction No. 3-12; K. O'Malley, et al., Federal Jury Practice and Instructions, §13.05 (5th ed. 2000); United States v. Morris, 700 F.2d 427 (1st Cir. 1983); United States v. Brody, 486 F.2d 291 (8th Cir. 1973), cert. denied, 417 U.S. 929 (1974).

17

### GOVERNMENT'S REQUEST NO. 12

### INDICTMENT

With these preliminary instructions in mind, let us turn to the charges against the defendant in the indictment.  An indictment is not evidence.  It merely describes the charges made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

The defendant has plead "not guilty" to the charge in the Indictment.  When a defendant pleads "not guilty," the government has to prove each of the things that is a part of the definition of an offense charged in the Indictment.  We commonly call the things the government has to prove as to a particular offense the "elements" of that offense.  The government has the burden of establishing each of these elements by proof beyond a reasonable doubt.

1 L. Sand, et al., Modern Federal Jury Instructions (Criminal), Instruction No. 3-1 (2000); K. O'Malley, et. al., Federal Jury Practice and Instructions, §13.04 (5th ed. 2000); United States v. Medina, 761 F.2d 12, 21 (1st Cir. 1985).

<u>**GOVERNMENT'S REQUEST NO. 13**</u>

<u>**OVERVIEW OF THE INDICTMENT**</u>

As I stated, the indictment in this case contains one (1) count or charge against the defendant, JOHN HANDY.

The indictment charges the defendant with knowingly possessing, in and affecting commerce, a firearm and ammunition after having previously been convicted of a crime punishable by imprisonment for a term in excess of one year.  This offense is referred to in short-hand form as "felon in possession of a firearm and ammunition."

**[READ INDICTMENT]**

Count One of the Indictment reads as follows:

On or about June 2, 2004, at Brockton, in the District of Massachusetts,

**JOHN HANDY,**

the defendant herein, having previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, to wit, a Smith and Wesson, .38 caliber, semi automatic pistol, bearing serial number K182972, and six rounds of ammunition, three rounds of Remington Peters, two rounds of Winchester and one round of Super Vel.

All in violation of 18 United States Code, Section 922(g)(1).

19

GOVERNMENT'S REQUEST NO. 14

COUNT ONE -- STATUTE AND OFFENSE

The federal statute that makes it a crime for a previously convicted felon to possess a firearm and/or ammunition is Section 922(g)(1) of Title 18 of the United States Code.  That criminal statute provides:

> It shall be unlawful for any person-- who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce, any firearm or ammunition..[.].

The elements of this offense are as follows:

FIRST:  That at the time the defendant possessed the firearm and ammunition, the defendant was a convicted felon, that is, that he had previously been convicted in any court of at least one crime punishable by imprisonment for a term exceeding one year;

SECOND:  That the defendant knowingly possessed a firearm and ammunition; and

THIRD:  That the firearm and ammunition was connected with interstate or foreign commerce; that is, that before the defendant possessed the firearm and ammunition, they had traveled at some time from one state to another or had traveled nationally or internationally.

18 U.S.C. § 922(g)(1); United States v. Ramos, 961 F.2d 1003 (1st Cir. 1992); United States v. Tracy, 36 F.3d 187, 191 (1st Cir. 1994), *cert. denied*, 514 U.S. 1074 (1995); United States v. Powell, 50 F.3d 94, 101 (1st Cir. 1995).

20

## GOVERNMENT'S REQUEST NO. 15

## PRIOR FELONY CONVICTION

The first element which the government must prove to you beyond a reasonable doubt under Count One is that the defendant was a convicted felon, that is, that he was convicted in any court of at least one crime punishable by imprisonment for a term exceeding one year, and that such conviction took place at a time before the time it is alleged that the defendant was in possession of the firearm and ammunition in question.  In this case, the government and the defendant have stipulated that prior to June 2, 2004, the defendant was convicted in a court of a crime punishable by a term of imprisonment exceeding one year. The defendant has thus agreed or stipulated to the first element of the offense charged in Count One of the Indictment.

<u>GOVERNMENT'S REQUEST NO. 16</u>

<u>POSSESSION -- ACTUAL AND CONSTRUCTIVE</u>

The second element the government must prove beyond a reasonable doubt under Count One is that the defendant knowingly possessed a firearm and ammunition.  What do we mean by the term possessed when used in a legal sense?  The law recognizes two kinds of possession:  actual possession and constructive possession.  A person who knowingly has direct physical control over an object, at a given time, is in actual possession of the object.  A person who physically holds an object or knowingly has it on his person is in actual possession of the object.

Even when a person does not actually possess an object, however, he may be in constructive possession of it. Constructive possession exists when a person knowingly has the power and the intention at a given time of exercising dominion and control over an object or over the area in which the object is located, either directly or through others.  For example, you may have left a coat or some other belonging, such as your lunch, in the jury room when you entered the courtroom today.  Though you are not in actual possession of such items at this moment, you are in constructive possession of them.  The law recognizes no distinction between actual and constructive possession; either form of possession is sufficient.

Possession of an object may be established by either direct

22

evidence or by circumstantial evidence.  Possession may be solely with one person or may be shared jointly by two or more persons. Possession may be actual or constructive.  It is not necessary to prove [ownership of the object] that the defendant owned the firearm and ammunition to prove possession.

The element of possession is proved if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others, of a firearm and ammunition.

United States v. Rogers, 41 F.3d 25,30 (1st Cir.), *cert. denied*, 515 U.S. 1126 (1995); United States v. Zavala Maldonado, 23 F.3d 4, 7(1st Cir. 1994); United States v. Wight, 968 F.2d 1393, 1397 (1st Cir. 1992); United States v. Lamara, 711 F.2d 3, 5 (1st Cir. 1983); United States v. Ladd, 877 F.2d 1083, 1087 (1st Cir. 1989); United States v. Flores, 679 F.2d 173, 177 (9th Cir. 1982); United States v. Alverson, 666 F.2d 341, 345 (9th Cir. 1985); United States v. Craven, 478 F.2d 1329, 1337 (6th Cir.), cert. denied, 414 U.S. 866(1973); K. O'Malley, et. al., Federal Jury Practice and Instructions, §§ 16.05, 36.12 (5th ed. 2000); 2 L. Sand et. al., Modern Federal Jury Instructions (Criminal), Instruction No. 35-60 (2000).

See also United States v. Wight, 968 F.2d 1393, 1398 (1st Cir. 1992) ("as long as . . . [a person] knowingly has the power and the intention at a given time of exercising dominion and control over a firearm or over the area in which the weapon is located, directly or through others, he is in possession of the firearm").

## GOVERNMENT'S REQUEST NO. 17

## FIREARM AND AMMUNITION

The possession to which I have referred must be of a "firearm" and "ammunition."

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  This definition of "firearm" includes handguns.

The term "ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

See 18 U.S.C. §921(a)(3); 18 U.S.C. §921(a)(17)(A).

## GOVERNMENT'S REQUEST NO. 18

### KNOWLEDGE

The government must also establish beyond a reasonable doubt that the defendant <u>knowingly</u> possessed a firearm and ammunition. This does not mean that the government must show that the defendant knew he was violating the law or intended to violate the law by possessing a firearm and ammunition.  To satisfy this requirement, the government only needs to prove that the defendant knew he was possessing a firearm and ammunition.

<u>United States v. Tracy</u>, 36 F.3d 187, 194-95 (1st Cir. 1994), *cert. denied*, 514 U.S. 1074 (1995); <u>United States v. Ramos</u>, 961 F.2d 1003, 1005 (1st Cir. 1992); <u>United States v. Smith</u>, 940 F.2d 710, 713 (1st Cir. 1991); <u>United States v. Freed</u>, 401 U.S. 601, 607-610 (1970) (construing similar provision contained in 26 U.S.C. §5861(d)); <u>United States v. Lamare</u>, 711 F.2d 3, 6 (1st Cir. 1983); <u>United States v. Powell</u>, 513 F.2d 1249, 1251 (9th Cir.)(per curiam), <u>cert. denied</u>, 423 U.S. 853 (1975); <u>United States v. Hardy</u>, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.).

## GOVERNMENT'S REQUEST NO. 19

### PROOF OF KNOWLEDGE

Since it is impossible to prove through direct evidence the inner workings of the human mind, it is frequently necessary to resort to circumstantial evidence.  Thus, in deciding whether something is done knowingly, you may consider the actions of the defendant, all of the facts and circumstances surrounding his conduct, and any reasonable inferences to be drawn from those facts and circumstances.

A firearm and ammunition are possessed knowingly if it is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

United States v. Hardy, No. 91-10180-K, Charge to the Jury at 25 (D. Mass. Nov. 13, 1991) (Keeton, J.); K. O'Malley, et. al., Federal Jury Practice and Instructions, § 17.07 (5th ed. 2000); 1 L. Sand, et al., Modern Federal Jury Instructions (Criminal), Instruction No. 6-17 (2000).

26

## GOVERNMENT'S REQUEST NO. 20

### INTERSTATE COMMERCE

The third element that the government must prove beyond a reasonable doubt under Count One is that the defendant's knowing possession of a firearm and ammunition was in or affecting commerce. The term "in or affecting commerce" simply means that the firearm and ammunition must have had some minimal link to interstate commerce. This element is satisfied if it is established beyond a reasonable doubt that at some time during the life of the firearm and ammunition they moved across a state line or national or international boundary. Thus, if it is established that the firearm and ammunition was previously in a state other than Massachusetts, or in a foreign country, and then was possessed by the defendant in Massachusetts, then this element has been satisfied.

It is not necessary for the government to prove that the defendant purchased the firearm and ammunition in some other state or country and carried them into Massachusetts. Nor must the government prove who did purchase the firearm and ammunition or how they arrived in Massachusetts. In addition, the government does not have to prove that the defendant knew that the firearm and ammunition had crossed state or national or international boundary lines. All that is required is proof that the firearm and ammunition had traveled in interstate commerce by

27

moving across a state or national or international boundary line at any time prior to the defendant's alleged possession of them.

United States v. Corey, 207 F.3d 84 (1st Cir. 2000); Scarborough v. United States, 431 U.S. 563, 566, 575-578 (1977); United States v. Gillies, 851 F.2d 492, 493-496 (1st Cir. 1988); United States v. Sulton, 521 F.2d 1385, 1391 (7th Cir. 1975); K. O'Malley, et. al., Federal Jury Practices and Instructions, §36.14 (5th ed. 2000); 2 L. Sand, et. al., Modern Federal Jury Instructions, Instruction No. 35-55 (2000).

## GOVERNMENT'S REQUEST NO. 21

## USE OF TAPES AND TRANSCRIPTS

At this time you are going to hear conversations that were recorded.  This is proper evidence for you to consider.  In order to help you, I am going to allow you to have a transcript to read along as the tape is played.  The transcript is merely to help you understand what is said on the tape.  If you believe at any point that the tape says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript.  At any time there is a variation between the tape and the transcript, you must be guided solely by what you hear on the tape and not by what you see in the transcript.

See United States v. Mazza, 792 F.2d 1210, 1227 (1st Cir. 1986), cert. denied, 479 U.S. 1086 (1987); United States v. Campbell, 874 F.2d 838, 849 (1st Cir. 1989).