UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10361-NG |
| | ) | |
| JOHN HANDY | ) | |

### MOTION IN LIMINE RE: PACKET OF HEROIN

Defendant moves that the government be precluded from introducing into evidence the packet of heroin found by police in the second floor hallway of 41 Weston Street.  Handy is not charged with possession of the heroin, nor is the minuscule amount of heroin found relevant to the crime he is charged with. The sole issue at trial will be whether Handy constructively possessed the firearm found beneath the floorboards of the bedroom in which he was present during the search - an area entirely different from that where the packet was found. Consequently, the existence and location of the heroin found is irrelevant to the charged conduct and must be excluded.  See Fed. R. Evid. 401, 402.

Moreover, the government has indicated to defense counsel that it does not intend to argue to the jury that the weapon was somehow related to the heroin found or any drug activity at all. Nor can it.  The proffered evidence and testimony clearly run afoul of Fed. R. Evid. 404(b)'s bad act evidence prohibition because (1) the government cannot articulate one of the

recognized exceptions to 404(b)'s prohibition of bad act evidence to justify its introduction, and (2) it is bad act evidence that completely lacks any relevance - let alone the special relevance required for admission under 404(b) - to the charged offense. United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000)(to be admissible, 404(b) evidence must have both "special relevance" and not include bad character or propensity as a necessary link in the inferential chain).  It must therefore be excluded.  Fed. R. Evid. 404(b).

Even if the proffered testimony regarding the heroin had some marginal probative value, it carries such a high likelihood of unfair prejudice, confusion and waste of time that it should be excluded pursuant to Fed. R. Evid. 403.  The government's injection of drug possession and addiction as an issue - a topic that has nothing to do with whether Handy constructively possessed the firearm - will only result in an appeal to emotion, rather than an objective consideration of the charge in the indictment.  See United States v. Fulmer, 108 F.3d 1486, 1497-98 (1st Cir. 1997) (reversing conviction where references to the Oklahoma City bombing, while of some probative value, tremendously outweighed by prejudicial impact); United States v. Rodriguez-Cortes, 949 F.2d 532, 541 (1st Cir. 1991)(reversing conviction where introduction of defendant's Colombian identification card, although relevant, presented impermissible danger of conviction on improper basis).

For the forgoing reasons, defendant submits that the government should be prohibited from referring to or offering the packet of heroin into evidence.

Should the Court consider allowing the government to introduce the packet of heroin, defendant respectfully renews his Motion for Discovery Re: Cooperating Informant (Docket #26).[1] Should the government introduce the heroin, defendant by necessity will have to explain its presence and rebut the inferences the government wishes the jury to draw from its existence.  As the Court heard during the suppression hearing, the confidential informant allegedly directly participated in drug purchases up to just moments before police entry into the home.  Indeed, he was apparently so crucial to luring defendant to the home that police delayed execution of the warrant for several days pending the witness's efforts to ensure that Handy was on the premises.  See Transcript, Motion to Suppress Day II, at 104.  In this light, the confidential informant's testimony is crucial to defendant in two ways: (1) to fully and fairly explain the circumstances leading up to the discovery of the heroin, and (2) to undercut the government's theory that Handy actually lived in the bedroom at issue.  Disclosure of the confidential informant's name and contact information, defendant submits, is required if the government is allowed to interject the issue of drug use into the trial.

---

[1] The Court has thus far reserved ruling on this motion.

JOHN HANDY
By His Attorney,


/s/ Timothy Watkins
Timothy G. Watkins
Federal Defender Office
408 Atlantic Ave. 3rd Floor
Boston, MA  02110
Tel: 617-223-8061


CERTIFICATE OF SERVICE

   I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 25, 2007.