UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10361-NG |
| | ) | |
| JOHN HANDY | ) | |

MOTION TO EXAMINE JURY QUESTIONNAIRES BEFORE VOIR DIRE

Defendant, John Handy, moves this Court to grant counsel for both parties access to questionnaires that have been filled out by prospective jurors and returned to the Clerk's Office for the U.S. District Court. Counsel wishes to review the veniremen's answers to questions on the questionnaire in advance of jury selection in this case, which will take place on October 9, 2007.

The juror questionnaires contain information that is clearly pertinent to the qualifications of the respondents to sit, and review of the information provided in advance of juror selection would aid all parties in the intelligent exercise of their peremptory challenges. For example, the questionnaires contain information about a given juror's level of education, his or her degree of fluency in English, whether he or she holds public office or serves in the military, or has ever been convicted of a crime. This information is not provided to the parties on the printed jury sheets given to counsel in the courtroom moments before the panels appear for voir dire, yet this information is on hand and available to the Clerk of the Courts because it has

been provided in the juror questionnaire returned well before impanelment. Early access to this information will complement and speed the thorough jury selection process ordinarily used by this Court. The information thus has the relevance and usefulness to the actual litigants, and by this motion undersigned counsel requests that defense and government opposing counsel be given access to this information.

Although the District of Massachusetts has no rule of court governing the handling of jury questionnaires, the U.S. District Court for the District of New Hampshire does have a pertinent local rule allowing the parties access to the jury questionnaires in advance of voir dire. The New Hampshire rule, Local Rule 47.1 of the Rules of the District Court provides as follows:

> The clerk's office shall maintain and <u>make available</u> a list of petit jurors currently serving, together with copies of completed questionnaire forms, <u>to attorneys and their agents and to pro se parties actually involved in cases scheduled for trial.</u> Those persons shall not disclose information the jurors provide nor shall the questionnaires be photocopied or removed from the clerk's office. The court may further limit the inspection of juror information for good cause. Violation of this rule may be treated a contempt of court. (Emphasis added).

Counsel requests that this Court to adopt New Hampshire practice and allow counsel to inspect the questionnaires submitted by the persons appearing on the panels to be assigned to this session for trial on October 9, 2007. Judge Zobel has previously allowed access to juror questionnaires in <u>United States v. Joseph Palermo</u>, No. 06-10171-RWZ and <u>United State v.</u>

Rey Velazquez, No 06-10060-RWZ. In addition, Judge Tauro allowed access to juror questionnaires pursuant to an identical motion in United States v. Trent Miller, No. 06-10291-JLT.

Counsel requests that the attorneys in this matter be allowed to inspect and examine the questionnaires on Friday October 5, 2007.

```
                              JOHN HANDY
                              By His Attorney,


                              /s/ Timothy Watkins
                              Timothy G. Watkins
                              Federal Defender Office
                              408 Atlantic Ave. 3rd Floor
                              Boston, MA  02110
                              Tel: 617-223-8061
```

                          CERTIFICATE OF SERVICE

I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 25, 2007.

```
                              /s/ Timothy G. Watkins
                              Timothy G. Watkins
```