UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CRIMINAL NO. 04-10361-NG |
| ) | |
| JOHN HANDY                ) | |

DEFENDANT'S OPPOSITION TO GOVERNMENT'S NOTICE OF INTENT TO
<u>INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(b)</u>

The government has provided written notice that it intends to introduce a laundry list of defendant's convictions

> if John Handy ("Handy") denies that he had any motive or intent to possess the firearm and ammunition with which he is charged, the government intends to offer testimony regarding his prior state court firearm and drug convictions pursuant to Fed. R. Evid. 404(b).
>
> Further, the government may offer evidence of the prior firearm convictions if the defendant denies knowledge of weapons and ammunition generally.

Government's Notice of Intent to Introduce Evidence Pursuant to Fed. R. Evid. 404(b) (Docket Entry #49). Defendant opposes introduction of any of the prior convictions.

As a preliminary matter, defendant is unaware of any relevant evidence that the government could possibly present during its case-in-chief that would establish a motive or intent to possess the firearm at issue. The government has quite properly indicated to defense counsel that it will not argue to the jury that the weapon was somehow related to any drug activity, the only remotely conceivable basis for a "motive" or

"intent" to possess the firearm.  Instead, this is a case where the government's case will rise or fall on whether the circumstances of the discovery and location of the gun establish constructive possession.  Read in this light, the government's notice of intent seems more properly directed to introduction as rebuttal evidence should defendant (or other defense witness) testify that Handy had no reason to possess a gun.

In any event, the convictions are inadmissible under Fed. R. Evid. 404(b).  To be admissible, 404(b) evidence must have both "special relevance" and not include bad character or propensity as a necessary link in the inferential chain.  United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000).  Further, even if specially relevant, the evidence should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  Id.

The government has not established the special relevance necessary for admission of any of the convictions.  To pass muster under 404(b), the characteristics of the prior act and the present statement must sufficiently idiosyncratic to overcome 404(b)'s preference for exclusion.  United States v. Gilbert, 229 F.3d 15, 21 (1st Cir. 2000), quoting United States v. Trenkler, 61 F.3d 45, 52 (1st Cir. 1995).  Here, the government cannot meet that burden; the majority of the convictions proffered are for drug possession offenses having nothing to do with weapons, let

alone firearms.  See Gilbert, 229 F.3d at 22 (shared characteristic of defendant giving injection insufficiently idiosyncratic where she was nurse in hospital setting).  The remaining convictions are not for firearms possession at all; where the proffered offenses include use of a dangerous weapons, the weapons were not firearms.  Far from proof of some exception to Rule 404(b), the evidence of defendant's prior convictions instead appears to be precisely the type of evidence prohibited by Fed. R. Evid. 404(a) and (b):  evidence aimed at portraying defendant's character in a negative light or to show a propensity for bad acts.  See Varoudakis, 233 F.3d at 124.

In any event the proffered evidence should be excluded because its prejudicial, "undeniably explosive" effect substantially outweighs its probative value.  See Gilbert, 229 F.3d at 26; Fed. R. Evid. 403.

For similar reasons, defendant opposes introduction of his convictions for impeachment should he testify.  Defendant suggests that the Court rule on the admissibility of prior convictions for impeachment purposes if and when defendant elects to testify.

For the forgoing reasons, defendant submits that the proffered convictions must be excluded.

JOHN HANDY
By His Attorney:


/s/ Timothy Watkins
Timothy Watkins
 B.B.O. #567992
Federal Defender Office
408 Atlantic Ave., 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

CERTIFICATE OF SERVICE

   I, Timothy G. Watkins, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 25, 2007.