```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
                                 )   CRIMINAL NO. 04-10361-NG
     v.                          )
                                 )
JOHN HANDY,                      )
                                 )
     Defendant.                  )
```

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S
### MOTION IN LIMINE RE: PACKET OF HEROIN

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Antoinette E.M. Leoney, hereby submits its opposition to Defendant's Motion in Limine Re: Packet of Heroin.

By his motion, Defendant John Handy maintains that the government should be precluded from introducing into evidence the packet of heroin because the defendant is not charged with possession of the heroin nor is it relevant with respect to the crime of possession of a firearm.  Handy also argues that introducing the heroin would violated Fed. R. Evid. 404(b)'s bad act evidence prohibition.  On the contrary, the government's proffered evidence and testimony would not be offered to prove Handy's criminal character or propensity to commit the type of crime with which he is charged.  Rather, the evidence would be offered to show that only Handy, a drug user, and no one else, had a reason to have the firearm in the home.

The single packet of heroin complained of was recovered during the execution of a state search warrant at 41 Weston

Street, Brockton, MA.  The home was owned by Shirelle Carrigan, the mother of Handy's children.  The officers knocked and announced their arrival, but no one answered the door.  The officers entered the home by making a forced entry.  Upon entry, one of the officers observed a person running up the stairs to the second floor.  Handy was found behind closed doors in a second floor bedroom.  A loaded firearm in a holster was found lodged in a utility access point deep beneath a floorboard in that same bedroom.  The firearm was not dirty or dusty when the officer found it.  Handy's personal mail and men's clothing were also found in that bedroom.  The heroin was also found on top of a table on the second floor, in a hallway just outside of the bedroom where Handy and the loaded firearm were found.  No one else was home at the time.  When the police arrested Handy they observed that he had numerous fresh track marks on his arms, which were evident of heavy drug use.  The heroin – a single bag – was a small amount, which was indicative of personal use.

Handy no doubt will attempt to argue at trial that the loaded firearm did not belong to him, and that he had no knowledge of the weapon's existence in the bedroom.  The government maintains that the evidence of Handy's drug use goes to motive, opportunity, intent, knowledge and control under Fed. R. Evid. 404(b) with respect to the firearm he is charged with illegally possessing.  Thus, such evidence is both relevant and

has a probative value not substantially outweighed by the danger of unfair prejudice.  See Fed. R. Evid. 401, 403.

## ARGUMENT

Handy has maintained that 41 Weston Street was not his residence and that he was unaware of the existence of the gun that was found beneath the floorboards there.  In order to prove possession of a firearm, the government must show actual possession or constructive possession.  Constructive possession is found when "a person knowingly has the power and intention at a given time to exercise dominion or control over the area where the contraband is found."  United States v. McLean, 409 F.3d 492, 501 (1st Cir. 2005).  Ownership of either the gun or the area in which it is located is not a requisite element of constructive possession.  It is enough to show that the defendant knowingly has the ability and intent to exercise control of the firearm or area where it is located.  United States v. Robinson, 473 F.3d 387, 399 (1st Cir. 2007).  Here, given Handy's drug use and drugs having been found on the premises, the packet of heroin is relevant to show that Handy exercised control over the bedroom where he was found as well as over the home in general.

Instead of answering the door when the police arrived, Handy ran upstairs into a specific bedroom and closed the door, which suggests that he had something to hide.  When the officers entered the bedroom Handy had no shirt on, and he was covered

with fresh track marks indicating recent drug use. Heroin was found on a table directly outside of the bedroom where the gun and Handy were found. Based on the fact that no one else was home at the time, and that Handy's personal mail and clothing were also found in the bedroom, it's quite obvious that Handy slept there and had access and control over the bedroom and the home in general. This evidence is both relevant and of significant probative value in countering Handy's assertion that he did not live at 41 Weston Street, and therefore, exercised no control over the premises, and that he was unaware that a firearm existed beneath the floor in the bedroom room in which he was found. Further, in light of the circumstances, the heroin more likely than not belonged to Handy, and no one else. As such, the drug evidence is relevant to the issue of Handy's possession of the firearm because it demonstrates that Handy had more reasons than anyone else in the home to possess a gun. If not to protect himself and his family ... to protect his drugs.

In addition to challenging the relevance of the packet of heroin, Handy also claims that the evidence at issue is inadmissible under Fed. R. Evid. 404(b). Rule 404(b) allows evidence of "other crimes, wrongs, or acts" to be introduced for certain permitted purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Determining admissibility under Rule

404(b) consists of a two-step analysis. *See United States v. Smith*, 292 F.3d 90, 98 (1st Cir. 2002). The first step is to assess whether the evidence is specially probative of an issue in the case and is not offered only to show the defendant's bad character or conformity therewith. *United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996). If the evidence demonstrates special relevance, the second step consists of the Fed. R. Evid. 403 balancing test. Under Rule 403, relevant evidence may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.

With respect to the special relevance step of the test, since Handy denies any control over the Weston Street home and the firearm at issue, evidence suggesting Handy's drug use in the home and around the firearm is relevant to the issues in the case because it demonstrates that Handy may have in fact also constructively possessed the firearm because he controlled the area in which it was found. Moreover, Handy's drug use provides a motive for possessing a firearm for purposes of protecting the drugs.

Since Handy is likely to claim as his defense that he neither lived in the Weston Street home nor was he aware of the existence of the gun at that location, as discussed, the packet of heroin is strong evidence of control over the home where the gun was found in addition to motive to possess a firearm which

makes the packet admissible under Rule 404(b). The gun was discovered in its holster beneath the floorboards, yet there was no dust or other residue covering it which suggests that it had been recently hidden. The condition of the firearm, in conjunction with the fact that Handy was discovered behind closed doors with track marks covering his arms at the time of his arrest makes it likely that he was using drugs at that time which demonstrates control over the home and a motive to possess the firearm. And, it also gives Handy more reason than anyone else in the home to have possessed that gun.

## CONCLUSION

The government recognizes Handy's concern that illicit drug use is an emotionally charged public issue, however, the packet of heroin here is probative on the issue of motive and control over the home, and it is also the strongest evidence of motive to possess the gun which links the drug evidence to the charge in the indictment. This inferential chain defeats Handy's challenge to the relevance of introducing the packet of heroin on the grounds that the drugs bear no relation to the firearm possession charge and makes the evidence admissible under Rule 404(b).

Having failed to establish the requisite legal grounds sufficient to sustain his motion, the government respectfully requests that the Court deny Handy's Motion in its entirety.

```
                                   Respectfully submitted,

                                   MICHAEL J. SULLIVAN
                                   United States Attorney


                              By:  /s/ Antoinette E.M. Leoney
                                   ANTOINETTE E.M. LEONEY
Date: December 4, 2007             Assistant U.S. Attorney
```

## CERTIFICATE OF SERVICE

Suffolk, ss.                          Boston, Massachusetts
                                      December 4, 2007

    I, Antoinette E.M. Leoney, Assistant U.S. Attorney, do hereby certify that I have this day served a copy of the foregoing, by hand and electronic court filing notice, upon Timothy Watkins, Esq., and Page Kelley, Esq., Federal Defender Office, Boston, MA 02210.

```
                                   /s/Antoinette E.M. Leoney
                                   ANTOINETTE E.M. LEONEY
                                   Assistant U.S. Attorney
```