UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA          )
                                  )
          v.                      )     CRIMINAL NO. 04-10361-NG
                                  )
JOHN HANDY                        )
```

<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Crim. P. 30, defendant, John Handy, requests the Court to include the following instructions in its charge to the jury.  Defendant reserves the right to supplement or amend these requests as the facts and law develop during the trial.

JOHN HANDY,
By His Attorneys:


/s/ Timothy Watkins
Timothy Watkins
Page Kelley
Federal Defender Office
408 Atlantic Ave. Third Floor
Boston, MA  02110
(617) 223-8061

# TABLE OF CONTENTS

DEFENDANT'S REQUEST NUMBER 1

    **PRESUMPTION OF INNOCENCE** . . . . . . . . . . . . . . -4-

DEFENDANT'S REQUEST NUMBER 2

    **BURDEN OF PROOF** . . . . . . . . . . . . . . . . . -5-

DEFENDANT'S REQUEST NUMBER 3

    **INDICTMENT IS NOT EVIDENCE** . . . . . . . . . . . . -6-

DEFENDANT'S REQUEST NUMBER 4

    **BURDEN OF PROOF** . . . . . . . . . . . . . . . . . -7-

DEFENDANT'S REQUEST NUMBER 5

    **REASONABLE DOUBT** . . . . . . . . . . . . . . . . . -8-

DEFENDANT'S REQUEST NUMBER 6

    **IMPROPER CONSIDERATIONS: NATURE OF CRIMES CHARGED** -10-

DEFENDANT'S REQUEST NUMBER 7

    **CREDIBILITY** . . . . . . . . . . . . . . . . . . . -11-

DEFENDANT'S REQUEST NUMBER 8

    **CREDIBILITY** . . . . . . . . . . . . . . . . . . . -13-

DEFENDANT'S REQUEST NUMBER 9

    **PRIOR INCONSISTENT STATEMENTS** . . . . . . . . . . -14-

DEFENDANT'S REQUEST NUMBER 10

    **LAW ENFORCEMENT WITNESSES** . . . . . . . . . . . . -15-

DEFENDANT'S REQUEST NUMBER 11

    **INFERENCES** . . . . . . . . . . . . . . . . . . . . -16-

DEFENDANT'S REQUEST NUMBER 12

    **OBJECTIONS** . . . . . . . . . . . . . . . . . <u>-18-</u>

DEFENDANT'S REQUEST NUMBER 13

    **DEFENDANT'S DECISION NOT TO TESTIFY** . . . . . . . <u>-19-</u>

DEFENDANT'S REQUEST NUMBER 14

    **THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED** . . <u>-20-</u>

DEFENDANT'S REQUEST NUMBER 15

    **IMPROPER CONSIDERATIONS: PRIOR CONVICTION OF DEFENDANT**

    . . . . . . . . . . . . . . . . . . . . . . . . <u>-21-</u>

DEFENDANT'S REQUEST NUMBER 16

    **POSSESSION** . . . . . . . . . . . . . . . . . . <u>-22-</u>

DEFENDANT'S REQUEST NUMBER 17

    **KNOWLEDGE** . . . . . . . . . . . . . . . . . . . <u>-23-</u>

DEFENDANT'S REQUEST NUMBER 18

    **KNOWING POSSESSION** . . . . . . . . . . . . . . <u>-24-</u>

DEFENDANT'S REQUEST NUMBER 19

    **MERE PRESENCE** . . . . . . . . . . . . . . . . . <u>-25-</u>

DEFENDANT'S REQUEST NUMBER 20

    **CONSIDER ONLY THE CRIME CHARGED** . . . . . . . . <u>-26-</u>

DEFENDANT'S REQUEST NUMBER 1

**PRESUMPTION OF INNOCENCE**

The law in the United States of America presumes every defendant to be innocent of crime.  This presumption of innocence can be overcome only if the government, by means of competent evidence, convinces the jury beyond a reasonable doubt Mr. Handy's guilt.  This presumption of innocence remains with the defendant throughout the course of this trial.

Authority

United States v. Campbell, 874 F.2d 838 (1st Cir. 1989);

United States v. Littlefield, 840 F.2d 143 (1st Cir.) (recommending trial courts to make "presumption of innocence concept ... as explicit as possible"), cert. denied, 488 U.S. 860 (1988).

DEFENDANT'S REQUEST NUMBER 2

## **BURDEN OF PROOF**

The government has the burden of proving every element of the charge against Mr. Handy beyond a reasonable doubt. If it fails to do so, you must return a verdict of not guilty. This burden remains with the government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

DEFENDANT'S REQUEST NUMBER 3

### **INDICTMENT IS NOT EVIDENCE**

An indictment itself is not evidence.  It merely describes the charge made against the defendant.  It is an accusation.  It may not be considered by you as any evidence of the guilt of the defendant.

In reaching your determination about whether the government has proved the defendant guilty beyond a reasonable doubt, you may consider only the evidence introduced or lack of evidence.

#### Authority

United States v. Garcia, 562 F.2d 411 (7th Cir. 1977)

Brandon v. United States, 431 F.2d 1931 (7th Cir.), cert. denied, 400 U.S. 1022 (1971).

United States v. Mackay, 491 F.2d 616 (10th Cir. 1973), cert. denied, 416 U.S. 972 (1974).

United States v. Strauss, 678 F.2d 886 (11th Cir. 1982).

DEFENDANT'S REQUEST NUMBER 4

## **BURDEN OF PROOF**

The burden of proving that the defendant is guilty is upon the government.  A defendant need not present any evidence for you to find him not guilty.  The presumption of innocence alone is sufficient for you to conclude after careful and impartial consideration of all the evidence that Mr. Handy is not guilty.

DEFENDANT'S REQUEST NUMBER 5

**REASONABLE DOUBT**

As I have said, the burden is upon the Government to prove
beyond a reasonable doubt that a defendant is guilty of the
charge made against the defendant.  It is a strict and heavy
burden, but it does not mean that a defendant's guilt must be
proved beyond all possible doubt.  It does require that the
evidence exclude any reasonable doubt concerning a defendant's
guilt.

A reasonable doubt may arise not only from the evidence
produced but also from a lack of evidence.  Reasonable doubt
exists when, after weighing and considering all the evidence,
using reason and common sense, jurors cannot say that they have a
settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion
or conjecture.  If, for example, you view the evidence in the
case as reasonably permitting either of two conclusions — one
that a defendant is guilty as charged, the other that the
defendant is not guilty — you will find the defendant not guilty.

It is not sufficient for the Government to establish a
probability, though a strong one, that a fact charged is more
likely to be true than not true.  That is not enough to meet the
burden of proof beyond reasonable doubt.  On the other hand,
there are very few things in this world that we know with

-8-

absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it.  If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge.  If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.


Instruction given by Judge Keeton, approved in <u>United States v. Cleveland</u>, 106 F.3d 1056, 1062-63 (1st Cir. 1997).  <u>See</u> First Circuit Pattern Jury Instructions 3.02, n. 5.

DEFENDANT'S REQUEST NUMBER 6

**IMPROPER CONSIDERATIONS: NATURE OF CRIMES CHARGED**

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant. All persons are entitled to the presumption of innocence and the government has the same burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

DEFENDANT'S REQUEST NUMBER 7

## **CREDIBILITY**

It will be your duty to decide any questions of fact.  You will have to determine the truthfulness and credibility of the witnesses, and the weight to be given their testimony.  You are the sole judges of the credibility of the witnesses, and if there is any conflict in the testimony, it is your function to resolve the conflict and determine the truth.  You may reject all the testimony of a witness, you may reject some parts and accept others, you may think a witness exaggerates, or understates, remembers, or forgets.

In determining the credibility of a witness and in determining the weight to be given his or her testimony, you should consider the conduct and demeanor of the witness while testifying, the frankness or lack of frankness while testifying, the reasonableness or unreasonableness of the testimony, the probability or improbability of the testimony, the opportunity or lack of opportunity of the witness to see and to know the facts concerning which he is testifying, the accuracy of the witness' recollection, whether or not the witness has made prior statements or given prior testimony inconsistent with his or her testimony at trial, and the degree of intelligence shown by the witness.  You should also take into consideration the character and appearance of the witness at the trial, and any bias he has

-11-

shown in his or her testimony in determining the credit to be
given to his or her testimony.

DEFENDANT'S REQUEST NUMBER 8

**<u>CREDIBILITY</u>**

You are not obliged to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief.

DEFENDANT'S REQUEST NUMBER 9

## **PRIOR INCONSISTENT STATEMENTS**

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are inconsistent with his or her present testimony.  If a witness is shown to have given false statements concerning any material matter, you have a right to distrust such witness's testimony in other particulars.  You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

DEFENDANT'S REQUEST NUMBER 10

## **LAW ENFORCEMENT WITNESSES**

You have heard the testimony of several law enforcement officials.  The fact that a witness may be employed by the federal or state government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is also appropriate to consider whether, in his investigation, the particular law enforcement witness acted in accordance with the standards of his department or agency.  If not, you must consider the failure(s) to comply with proper procedures both in evaluating the witness' credibility and in evaluating the propriety of his conduct.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16 at 7.01.

DEFENDANT'S REQUEST NUMBER 11

**INFERENCES**

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion which you, the jury, is permitted to draw -- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must not convict

thedefendant unless you are convinced of his guilt beyond a

reasonable doubt.

DEFENDANT'S REQUEST NUMBER 12

**<u>OBJECTIONS</u>**

At times during the trial, you heard lawyers make objections to questions asked by other lawyers, and to answers by witnesses. It is a proper function of lawyers to make objections. In objecting, a lawyer is requesting that I make a decision on a particular rule of law. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts.

DEFENDANT'S REQUEST NUMBER 13

## **DEFENDANT'S DECISION NOT TO TESTIFY**

Under our Constitution, the defendant has an absolute right not to testify.  In this case the defendant has exercised that lawful right.  The fact that he has elected not to take the stand is in no way to be regarded by you as involving the questions of his innocence or his guilt.  No negative inference may be drawn from this decision.  The defendant has entered a plea of not guilty.  I instruct you emphatically that, in the jury room, you may not speculate about why they did not take the stand.  You may not even discuss the fact that they did not testify.  I have told you why they did not testify.  They have exercised his lawful right.

DEFENDANT'S REQUEST NUMBER 14

## **THE ESSENTIAL ELEMENTS OF THE OFFENSE CHARGED**

In order to sustain its burden of proof for the crime charged in the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One:     As of June 2, 2004, Mr. Handy had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;

Two:     That the defendant knowingly possessed the firearm and ammunition described in the indictment on June 2, 2004 in Brockton, MA; and

Three:   Such possession was in or affecting interstate or foreign commerce.

## Authority

See United States v. Rumney, 867 F.2d 714, 721 (1st Cir. 1989).

DEFENDANT'S REQUEST NUMBER 15

**IMPROPER CONSIDERATIONS: PRIOR CONVICTION OF DEFENDANT**

The prior conviction that is an element of the charge here and is not disputed is only to be considered by you for the fact that it exists, and for nothing else.  You are not to consider it for any other purpose.  You are not to speculate as to what it was for.  You may not consider the prior conviction in deciding whether the defendant was in knowing possession of the gun and ammunition that is charged.

Adapted from L. Sand, <u>Modern Federal Jury Instructions</u>, Instruction 35-48.

DEFENDANT'S REQUEST NUMBER 16

## **POSSESSION**

Possession includes both actual and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion and control over a thing is then in constructive possession of it.

In order to prove constructive possession, the government must prove beyond a reasonable doubt that a defendant had

1)    knowledge of the location of the firearms,

2)    the ability to exercise dominion and control over the firearms and

3)    the intention to exercise dominion and control over the firearms.

If you are not satisfied beyond a reasonable doubt as to any one of these three elements, you must return a verdict of not guilty.

## Authority

United States v. Johnson, 857 F.2d 500, 501-502 n.2 (8th Cir. 1988); United States v. Booth, 111 F.3d 1 (1st Circ. 1997); First Circuit Pattern Jury Instructions, 4.06.

DEFENDANT'S REQUEST NUMBER 17

**KNOWLEDGE**

One cannot be found guilty of possessing an object unless he has knowledge of its presence.  Even knowledge of the gun, however, is alone not enough to prove possession.  As I will explain later, knowledge and mere presence in the vicinity of the firearm is insufficient to prove possession.


Authority

United States v. McLean, 409 F.3d 492, 501 n.12 (1st Cir. 2005). See also Commonwealth v. Deagle, 10 Mass. App. Ct. 563 (1980), quoting Commonwealth v. Boone,356 Mass. 85, 87 (1969)("[I]t is not enough to place the defendant and the [contraband] in the same [location].); Commonwealth v. Booker, 31 Mass. App. Ct. 435, 437 (1991).

DEFENDANT'S REQUEST NUMBER 18

## **KNOWING POSSESSION**

The possession prohibited under §922(g)(1) must be "knowing".  To sustain its burden, the government must show that the defendants willfully and consciously possessed items which they knew to be firearms.  A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.


### Authority

United States v. Parker, 566 F.2d 1304, 1306 (5th Cir. 1978).

United States v. Gammage, 790 F.2d 431 (5th Cir. 1986).

United States v. Lawson, 780 F.2d 535 (6th Cir. 1985).

United States v. Ramsey, 785 F.2d 184 (7th Cir.), cert. denied, 476 U.S. 1186 (1986).

United States v. Dougherty, 763 F.2d 970 (8th Cir. 1985); United States v. Holecek, 739 F.2d 331 (8th Cir. 1984), cert. denied, 469 U.S. 1218 (1985).

United States v. Jewell, 532 F.2d 697 (9th Cir.), cert. denied, 426 U.S. 951 (1976).

United States v. Arbizo, 833 F.2d 244 (10th Cir. 1987).

DEFENDANT'S REQUEST NUMBER 19

## **MERE PRESENCE**

Mere presence in the vicinity of a firearm or even knowledge of its physical location does not constitute possession. United States v. Duval, 496 F.3d 64, 78 (1st Cir. 2007); United States v. Wilson, 922 F.2d 1336, 1339 (7th Cir. 1991); United States v. Beverly, 750 F.2d 34, 37 (6th Cir. 1984); Arellanes v. United States, 302 F.2d 603, 606 (9th Cir.), cert. denied, 444 U.S. 930, 83 S.Ct. 294 (1962). See also Commonwealth v. Bongarzone, 390 Mass. 326 (1985). Instead, in order for you to convict Mr. Handy of possessing the gun and ammunition, you must find that in addition to his presence in the bedroom he took some action, uttered some word, or engaged in some conduct that linked him to the gun in such a way that it indicates that he had some stake in it or power over it. United States v. McLean, 409 F.3d 492, 501 (1st Cir. 2005).

DEFENDANT'S REQUEST NUMBER 20

**CONSIDER ONLY THE CRIME CHARGED**

You are only to consider the crime charged.  If you do not find beyond a reasonable doubt that Mr. Handy committed the crime charged -- possession of the firearm and ammunition on June 2, 2004 in Brockton -- you must find him not guilty.