UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA            )
                                    )
          v.                        )     CRIMINAL NO. 04-10361-NG
                                    )
JOHN HANDY                          )


DEFENDANT'S MOTION FOR
ATTORNEY-CONDUCTED VOIR DIRE OF PROSPECTIVE JURORS

Defendant, John Handy, respectfully moves, under Fed. R. Crim. P 24(a)(1), that this Court allow counsel to conduct the voir dire of prospective jurors prior to the impanelment of a jury in this case.

In support of this motion, counsel submits that attorney-conducted voir dire will enable counsel to more thoughtfully exercise peremptory challenges.[1]  This case, in which Mr. Handy is charged with possession of a firearm, carries a great potential for jurors' experiences and beliefs to influence their assessment of the evidence.  Therefore, careful voir dire is especially important to obtaining a fair and impartial jury.

Defendant anticipates that the Court will ask questions concerning ability to serve and abide by general principles of law.  Defendant would propose that he would question jurors in

---

[1]The parties submitted a proposed joint questionnaire for use in acquiring information from prospective jurors.  That questionnaire had not been approved by the Court as of the close of business on December 14, 2007 and thus no questionnaire has been printed.  Thus, all information outside of that provided on the standard jury card will have to be elicited orally.

the following areas:

1.   Would you have any difficulty acquitting a defendant who did not testify or did not present evidence?

2.   The defendant is charged with possession of a gun.  You have heard no evidence in this case yet.  Has anything you have heard, read, or seen regarding gun possession that affected you in any way that would prevent you from deciding this case solely upon the evidence produced at trial?

3.   In this case, Mr. Handy is charged with being a felon in possession of a firearm.  Being a felon simply means that he was previously convicted of a crime that carries a potential penalty of more than one year.  You will hear that there is not dispute that Mr. Handy been previously convicted of a crime.  It is, however, irrelevant to your decision what crime he was previously convicted of.  Does the fact that he has previously been convicted of a crime lead you to believe he is likely to have possessed a firearm in this case?

4.   In this case the defendant is African-American.  Do you have any attitudes toward African-Americans or people of color generally that could influence you in deciding this case?

If appropriate, defendant would ask a series of follow-up
    questions:

        A.   Do you believe that African-Americans are more (or
             less) likely to commit crimes than persons of

other races?

    B.   Do you believe that African-Americans are more or
less likely to possess firearms than persons of
other races?

5.  Would you treat the testimony of a law enforcement
officer differently from that of any other witness?

6.  If you have you had prior jury trial service, was it a
criminal or civil case?

7.  Is there any reason, apart from those set forth above,
that causes you to doubt your ability to be a fair and impartial
juror in this case?


                JOHN HANDY,
                By His Attorneys:


                /s/ Timothy Watkins
                Timothy Watkins
                Page Kelley
                Federal Defender Office
                408 Atlantic Ave. Third Floor
                Boston, MA  02110
                (617) 223-8061

<u>CERTIFICATE OF SERVICE</u>

    I, Timothy G. Watkins, hereby certify that this document
filed through the ECF system will be sent electronically to the
registered participants as identified on the Notice of Electronic
Filing (NEF) on December 16, 2007.


                /s/ Timothy G. Watkins
                Timothy G. Watkins